MEMO ENDORSED

Pg 5

# The Law Firm

# Fleming . Ruvoldt PLLC

**Cathy Fleming**
(201) 518-7907 (direct)
cfleming@flemingruvoldt.com

250 Moonachie Road
Suite 501
Moonachie, NJ 07074
(201) 518-7878

1700 Broadway, 28th floor
New York, NY 10019
(212) 706-1850

October 20, 2017

**BY ECF**
Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 17B
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/21/17

Re: *United States v. Reza Zarrab, et al,* S4 15 Cr. 867 (RMB)

Dear Judge Berman:

We write on behalf of our client, Mehmet Hakan Atilla, to request that the Court vacate, or at least modify, the protective order entered June 19, 2017 (Doc. 268) (copy attached, Exhibit A) ("Protective Order") that currently governs our ability to use the discovery materials provided by the government in the preparation of Mr. Atilla's defense ("Discovery Materials"). The defense team agreed to the entry of the Protective Order, only after considerable negotiation, so that it could, in the first instance, share Discovery Materials with Mr. Atilla to begin case preparation. Prior to signing the Protective Order, the Government agreed to provide the Discovery Materials only on the condition that we not share the materials with Mr. Atilla or anyone outside the defense team. The Government claimed at that time that, as stated in the Protective Order, "certain materials ... if disseminated to third parties, could, among other things, implicate the safety of others and impede ongoing investigations." (Protective Order at 1).

The Protective Order is impeding our ability to interview prospective witnesses. As the Court is aware, many of the potential fact witnesses are located in Turkey, and lawyers for the defense team have travelled there twice so far to interview them. We anticipate a third trip soon.

1

Since June 19, 2017, the Government has filed Superseding Indictment S4 (Doc. 293) adding defendants and detailing transactions and events, obviously the result of the Government's investigation. In addition, the defense has now had an opportunity to learn what the Discovery Materials contain. We contend that there is no longer any need for the Protective Order, and certainly there is no need for an order in its current form. The Government's investigation is well-known publicly and the Discovery Materials do not identify any confidential informants or witnesses, so no one's safety would be at risk.

However, in complying with the Protective Order, we have run into obstacles which are impeding our ability to prepare for trial and Mr. Atilla's right to a fair trial:

1)   Some potential witnesses so far have declined to sign the Protective Order form and provide the required information, telling us that it is not because they do not agree to abide by its terms, but out of concern regarding the submission of their personal information to a United States court. The result is that we were not able to show such potential witnesses even those limited materials permitted by the Protective Order without obtaining the Court's prior approval;

2)   We have been limited in our ability to play recordings for potential witnesses. On the first trip, believing that it was permitted by the Protective Order, we played a recording for a potential witness who identified the voice as his; he signed and we submitted his protective order form under seal. On a subsequent trip, and following another reading of the Protective Order, out of concern that it did not permit playing recordings, we did not play any recordings for prospective witnesses, even when we believed it was a recording in which the prospective witness participated (and despite our knowledge that at least portions of the transcripts, if not the recordings, have been published);

3)   There are documents that may involve, refer or relate to a potential witness, but which are not in one of the "excepted" categories identified on page 2 of the Protective Order, and therefore cannot be shown to the potential witness. For example, "WhatsApp" messages,

2

which are similar to emails, cannot be shown to a prospective witness even if the prospective witness sent or received the message. Similarly, no financial or transaction documents can be shown to a prospective witness unless the document directly involves Halkbank. (Given the allegations of involvement of U.S. banks and other financial institutions, it is essential to show these documents to putative bank witnesses.) No emails can be shown, unless they are Halkbank emails, even if they involve or relate to a putative witness.

4)   Other issues may arise as we are interviewing witnesses, but because Turkey is seven hours ahead of New York, the issues often arise outside of U.S. business hours. Our access to people in Turkey is limited and it is impossible to reconvene interviews or schedule a second interview in the short time allotted to us.

The Protective Order is onerous and there is simply no continuing reason to have it remain in place, at least in its current form. Among other reasons:

1)   The Government returned a superseding indictment naming additional defendants and providing significant details of the investigation. Trial is currently scheduled to begin on November 27, 2017. Thus, there is no longer a reason to keep Discovery Materials secret and not usable by the defense to prepare for trial so as not to "impede ongoing investigations" (Doc. 268, Protective Order at 1). We do not seek to publish these materials, and have no intention of doing so; we merely want to use them during our interviews with potential witnesses. We similarly have no intention of leaving the documents with witnesses.

2)   Much of the material provided in discovery has been available through other means. The Turkish Report, excerpts of recordings and other materials have been made available from time to time by various third parties online and through social media posts. In addition, the Government has used some of the materials in its responses to motions. *See e.g.*, Doc. 18, Ex. 7. The press, both in Turkey and in the United States, has also written extensively about the materials. *See e.g., New York Times*, Sunday, October 15, 2017 (Exhibit B hereto).

3

3)      There are no "safety considerations" (Doc. 268, Protective Order at 1) implicated by use of the Discovery Materials with potential witnesses. Nothing that was provided in discovery identifies informants or cooperating witnesses. It is therefore difficult to understand how the material could implicate "safety considerations."

We are officers of the Court, several of us are former supervisory Assistant United States Attorneys, and we are sensitive to issues of witness safety. In seeking the government's consent to vacate this order, we advised the Government that we would certainly discuss with them any Discovery Materials of particular concern. The burden is on the Government to show a particularized need for a protective order. It has not done so here.

The Protective Order limits which Discovery Materials can be shown to prospective witnesses without obtaining the Court's permission. We submit that there should be no such limitations on our use of the Discovery Materials in our preparation for trial. (As noted, if there are any particularly sensitive Discovery Materials – and we are not aware of any – we remain willing to discuss those with the Government.) If and when the Government provides us with *Jencks*, *Giglio* and *Agurs* materials, we will of course treat those materials confidentially as we would any witness statements and not show 302s, witness statements or the like to putative witnesses.

While we believe that there is no need for the Protective Order and that it unfairly impedes our ability to prepare for trial, we are prepared, in the interest of expedition, to accept a practical solution short of vacating the order. For example, we could accept, as an alternative, a modification of the existing Protective Order such that we would be permitted to play any recording or show any document included within the Discovery Materials to a potential witness without needing to first obtain the Court's approval, so long as we (a) do not allow any potential witness to keep a copy of any of the Discovery Materials; (b) provide a copy of the Protective Order to each potential witness; and (c) provide to the Court, under seal, the names (but not addresses) of all potential witnesses to whom we show any of the Discovery Materials.

4

We asked the Government whether it would consent to the Court vacating the Protective Order; the Government has responded that it will not consent to vacating the Order. We have suggested modifications along the line of the attached proposed order (Exhibit C), but we have not had a response from the Government.

Conclusion

The inability to use Discovery Materials in interviewing prospective witnesses is seriously interfering with defense counsels' ability to prepare effectively for trial and Mr. Atilla's right to a fair trial. The reasons for the entry of the Protective Order, if they ever existed, no longer exist. Accordingly, we respectfully request that the Court vacate or modify the Protective Order relating to Discovery Materials filed June 19, 2017 (Doc. 268), or at least modify the Protective Order as set forth above.

We have included a proposed order.

Respectfully submitted,

HERRICK FEINSTEIN LLP                    FLEMING RUVOLDT PLLC

By: /s/ Victor J. Rocco                  By: /s/ Cathy Fleming
    Victor J. Rocco                          Cathy Fleming
    Two Park Avenue                          1700 Broadway, 28th floor
    New York, New York 10016                 New York, New York 10019
    (212) 592-1400                           (212) 706-1850
    (212) 592-1500 (fax)                     (212) 706-1855 (fax)

Attachments
cc:   All Counsel

Parties to meet and confer forthwith and endeavor in good faith to resolve these matters. Thereafter, the Government to advise the Court in writing by October 26, 2017 (noon).

SO ORDERED:
Date: 10/21/17
Richard M. Berman, U.S.D.J.