

**HERRICK**  **MEMO ENDORSED**  **p5**

Victor J. Rocco
Partner
Phone: 212.592.1422
Fax: 212.545.2333
vrocco@herrick.com

November 5, 2017

**SUBMITTED BY ECF**

Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 17B
New York, NY 10007-1312

**Re:   United States v. Mehmet Hakan Atilla, S4 15 Cr. 867 (RMB)**

Dear Judge Berman:

As ordered by the Court, counsel for the defense and counsel for the government conferred both by email and conference call on Saturday, November 4th, to address the issues in our November 3, 2017 letter (among others). Unfortunately, we had limited success.

Counsel was able to agree, or at least make progress, on the following issues:

1.   Both sides agree that witness disclosures should remain confidential until the Court has ruled on both our Rule 15 request and application to keep the identity of the proposed witnesses confidential until trial, permitting use by counsel, but preventing public spectacle or witness harassment and intimidation.

2.   The Government has told us that it will provide its trial exhibit list on Monday, November 6, 2017.

3.   Defense counsel gave the government the names of anticipated Rule 15 defense witnesses and has provided summaries of their anticipated testimony. We request that the Court order that witness information remain confidential between the parties at this point, and if permitted to do so, we will file under seal our Rule 15 application on Monday.

We were not able to agree beyond those issues.

**A.   Defendant seeks an adjournment of the trial; the Government opposes it.**

During the conference, we discussed the reasons we ask for an adjournment. Pretrial investigation and preparation has been very difficult. We have worked diligently since the start of this case to identify prospective witnesses, interview them and secure their attendance at trial.

# HERRICK

Honorable Richard M. Berman
November 5, 2017
Page 2

Mr. Atilla's alleged conduct took place almost exclusively in Turkey and that is where our prospective witnesses reside and documents are located.

We have come to learn that, unfortunately, things move slowly in Turkey. We have been hampered in our efforts to complete our work, not only by the great distances between us and the witnesses, but by significant language and cultural differences, as well as a Protective Order that has proved unworkable in certain respects. It has taken us an enormous amount of time to sort through the mountains of documents and miles of recorded conversations provided in discovery, most of which are in Turkish or Farsi, and require translation, to say nothing of the time it has taken us simply to understand the complex transactions and complicated regulatory scheme that are at the heart of this case. This has been an ongoing process, but much of this work was required to be done before we could identify witnesses and locate relevant information so we could conduct meaningful interviews of witnesses abroad.

We have also been slowed by difficulties in developing information here in the U.S. as a result of problems accessing our client and the government's delay in producing basic Rule 16 materials, as evidenced by its recent CIPA filing last Thursday afternoon and our serial requests for all of our client's written or recorded statements, including statements made subsequent to his arrest. We have been receiving basic discovery materials all along which inexplicably has continued, even at this late date.

This is an extremely complex case and Mr. Atilla's insight and understanding regarding the issues, including basic banking procedures is important to the proper preparation of his defense. Our inability to access him when we need him, because of his detention, has been an added burden to effective and efficient pretrial preparation. Beyond the problems inhibiting physical access to Mr. Atilla while he is detained, we have also encountered significant language and cultural differences that have made communication with him difficult and time consuming.

Of course, none of these considerations even begins to address the layers of complexity and difficulty that have resulted from the latest superseding indictment, returned on September 6th, a bit more than six weeks prior to the then October 30th trial date. This latest indictment, returned at least three years into the government's investigation and nearly two years after the initial indictment, has added considerably to the burden of investigating and defending against the charges in this case by not only adding four new charges against Mr. Atilla, but also by including pages of new details that it had not provided previously in any of its prior pleadings or included in any particularization of the prior charges against him. It is the government that has been dilatory and delayed the trial, not Mr. Atilla who seeks only sufficient time to defend himself.

# HERRICK

Honorable Richard M. Berman
November 5, 2017
Page 3

We have not yet received marked exhibits or a witness list. We do not know how the government intends to have admitted into evidence at trial important pieces of its proof of the offenses charged. Despite repeated requests for basic information on how the government intends to authenticate the questionable audio recordings, the government has offered no more than an opaque "live witnesses."

In order to identify our proposed Rule 15 witnesses, attorneys from the defense group have already made two trips to Istanbul. We have identified four witnesses to date and are hopeful of an additional two. Of course, we will have to schedule with the proposed Turkish deponents mutually acceptable dates, times and places for their proposed depositions. Upon receiving Your Honor's authorization for Rule 15 depositions, we will promptly undertake to finalize dates. We have begun that process and expect that, if the Court permits the depositions to proceed, we will conclude the examinations by mid-December. The depositions would take place in Istanbul and, once started, we would schedule them on a back- to-back basis until they are concluded in time for the Court to review the videos and rule on each party's objections. Only one trip to Turkey will be necessary.

As counsel for the defendant, we have an obligation to see to it that he has a proper defense. It is our professional judgment that we cannot assure that proper defense without more time to prepare, as well as cooperation from the government in providing materials. We make the request humbly and reluctantly, since our client is in jail, but we cannot proceed unprepared. The defense has worked diligently and tirelessly since the start of this case; our lead counsel unfortunately was unavailable while he recovered for more than six weeks from serious surgery which was unanticipated; we do not seek delay due to dilatory tactics. Indeed it would be senseless to do so: the only party prejudiced by delay is Mr. Atilla who continues in pretrial detention, where he certainly poses no threat to the community. On the other hand, the government can show no prejudice if this trial were to be delayed for the roughly sixty days we will respectfully request of the Court.

### B.   Recordings.

We were unable to resolve this issue. The Government's position is that we are not entitled to know at this time how it intends to prove up the recordings. We believe it is in the best interest of all to deal with the recordings before trial. In fact, we asked for an evidentiary hearing on the recordings in Cathy Fleming's Declaration in Support of Mr. Atilla's Motion *in Limine* to Preclude Recordings. (Doc. 320, at ¶¶ 6, 33.) These are unusual and significant evidentiary issues. If the recordings are precluded, this is a very different case. It should be decided without a waiting jury.

**HERRICK**

Honorable Richard M. Berman
November 5, 2017
Page 4

### C. Rule 15 depositions of foreign witnesses.

We are today proffering to the Government in more detail the summaries of the anticipated testimony of the Turkish witnesses. We have provided the names and asked whether the Government would provide safe passage. There are issues with visas since neither country is issuing visas. Many of the witnesses have advised us that they are unwilling to come to the US under any circumstances. To date, despite our best efforts, only two Turkish witnesses have agreed to come to the United States for testimony in the defense case.

We also need the *Jencks* and witness lists before taking the Rule 15 depositions. The government's position is that we are not entitled to those items. Our position is that the Rule 15 depositions will require us to preview the defense before the trial, and out of fundamental fairness and due process, the exhibits, Jencks and witness lists—the basics of what the Government intends to prove at trial—should be disclosed. If the Court disagrees with us on the *Jencks* and witness list disclosures, we still intend to proceed with the depositions if permitted by the Court.

### D. Late CIPA disclosures.

The government has declined to provide more information, except to advise us that the information does relate to our client but is not Rule 16 material. We cannot address this in a vacuum. We do not understand how we can be denied the opportunity to review these materials. We do not understand, moreover, why they were just disclosed two weeks before jury selection.

### Conclusion

Other than witness confidentiality and the timing of exhibit disclosure, we unfortunately need the court's intervention and ruling.

Respectfully submitted,

**HERRICK**

Honorable Richard M. Berman
November 5, 2017
Page 5

| HERRICK, FEINSTEIN LLP | FLEMING RUVOLDT PLLC |
|---|---|
| By: s/Victor J. Rocco | By: s/Cathy Fleming |
| Victor J. Rocco | Cathy Fleming |
| Thomas E. Thornhill | Robert Fettweis, *pro hac vice* |
| David M. Rosenfield | Jonathan Stern |
| Two Park Avenue | 1700 Broadway, 28th Floor |
| New York, New York 10016 | New York, New York 10019 |
| (212) 592-1400 | (212) 706-1850 |
| (212) 592-1500 (fax) | (212) 706-1855 (fax) |

*Attorneys for Defendant Mehmet Hakan Atilla*

---

Today's conference is adjourned from 9:00 A.M. to 11:00 A.M. The parties are advised that there are to be NO further filings in this case with the Court, without the Court's order or its (written) prior approval.

SO ORDERED:
Date: 11/6/17

Richard M. Berman
Richard M. Berman, U.S.D.J.