UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | S4 15-cr-00867 (RMB) |
| v. | |
| REZA ZARRAB, et al. | |
| Defendants. | |

**REDACTED VERSION**

**(UNREDACTED VERSION TO BE FILED UNDER SEAL)**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MEHMET HAKAN ATILLA'S MOTION FOR LEAVE TO TAKE RULE 15 FOREIGN DEPOSITIONS, OR IN THE ALTERNATIVE, LIVE VIDEO TESTIMONY DURING TRIAL FROM DEFENSE WITNESSES IN TURKEY**

HERRICK, FEINSTEIN LLP
Victor J. Rocco
Thomas E. Thornhill
Two Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)

FLEMING RUVOLDT PLLC
Cathy A. Fleming
Robert J. Fettweis, *pro hac vice*
1700 Broadway, 28TH Floor
New York, New York 10019
(212) 706-1850
(212) 706-1855 (fax)

Defendant Mehmet Hakan Atilla ("Mr. Atilla") respectfully submits this memorandum of law in support of his motion for an order authorizing the voluntary videotaped depositions of

█████████████████████████████████████████████████████████████████████

(collectively, "the Deponents"), all of whom reside in the Republic of Turkey. The Deponents will provide important and material testimony on behalf of Mr. Atilla, yet, they are unwilling to travel to the United States to testify in person at trial. Thus, the circumstances presented here are exceptional and it is in the interest of justice to have an order issued permitting Mr. Atilla's counsel to obtain testimony in Turkey, pursuant to Rule 15 of the Federal Rules of Criminal Procedure ("Rule 15"). Mr. Atilla respectfully submits that preservation of the Deponents' testimony pursuant to Rule 15 is essential in order to prevent a failure of justice in this case.

## PROCEDURAL AND FACTUAL BACKGROUND

The facts in support of this motion are set forth in the accompanying Declaration of Cathy A. Fleming, Esq. dated November 7, 2017 (the "Fleming Decl."). In brief, Mr. Atilla's counsel has identified the Deponents as witnesses who can provide important, material testimony on behalf of Mr. Atilla in contravention of the charges against him. Those charges are contained in a superseding indictment in this matter returned on September 6, 2017 ("Indictment S4").

Mr. Atilla's counsel has interviewed the proposed Deponents at length. (Fleming Decl. ¶¶13-21). These Deponents are prepared to provide important, material testimony on Mr. Atilla's behalf. (*Id.*). The Deponents will not be available to testify at trial in this case, however, because they have stated their refusal to come to the United States to testify, even if their travel expenses are paid and even if the United States guarantees their safe passage. (*Id.*). Mr. Atilla therefore proposes to take their depositions via videoconferencing, with each witness in attendance at a video center (or a place with adequate video capabilities) in Turkey and the respective attorneys conducting the questioning at another video center in New York.

**ARGUMENT**

I. **EXAMINING THE DEPONENTS PURSUANT TO RULE 15 IS WARRANTED BY EXCEPTIONAL CIRCUMSTANCES, AND IS NECESSARY IN THE INTERESTS OF JUSTICE IN THIS CASE**

      A.    <u>Applicable Standard</u>

Rule 15(a)(l) of the Federal Rules of Criminal Procedure provides, in relevant part, that, "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial.  The court may grant the motion because of exceptional circumstances and in the interest of justice." The decision as to whether to grant a Rule 15 motion is within the discretion of the trial court.  *United States v. Johnpoll*, 739 F.2d 702, 708 (2d Cir. 1984), *cert. denied*, 469 U.S. 1075 (1984) (superseded on unrelated grounds); *United States v. Khan*, 2008 WL 2323375 at *1 (E.D.N.Y. June 2, 2008).

The standard for "exceptional circumstances" is satisfied where: (1) it appears that a prospective witness may be unable to attend or is prevented from attending a trial or hearing; (2) the testimony of such witness is material; and (3) it is necessary to take the witness's deposition in order to prevent a failure of justice. *United States v. Singleton,* 460 F.2d 1148, 1154 (2d Cir. 1972), *cert. denied*, 410 U.S. 984 (1973); see also *Johnpoll*, 739 F.2d at 709 ("It is well-settled that the 'exceptional circumstances' required to justify the deposition of a prospective witness are present if that witness' testimony is material to the case and if the witness is unavailable to appear at trial" (citations omitted).).

      B.    <u>Unavailability</u>

In this case, each of the Deponents is unavailable to testify at a trial in the United States.  A witness's unavailability "is to be determined according to the practical standard of whether under the circumstances the [movant] has made a good-faith effort to produce the

2

person to testify at trial." *United States v. Grossman,* S2 03 Cr. 1156 (SHS), 2005 WL 486735 at *2 (S.D.N.Y. Mar. 2, 2005) (quoting *Johnpoll,* 739 F.2d at 709). Further, "the lengths to which the [movant] must go to produce a witness ... is a question of reasonableness." *Id*. The moving party is not required to produce an affidavit from the proposed deponent to demonstrate that the witness is unavailable. *United States v. Vilar,* 568 F.Supp.2d 429, 438 (S.D.N.Y. 2008) (vacated on unrelated grounds). Further, the court "may accept the assertions of counsel on the facts relating to unavailability as long as those assertions are neither conclusory nor speculative." *Grossman,* 2005 WL 486735 at *3 (internal citations omitted).

In *Vilar*, the unavailability requirement was satisfied where the moving party offered to cover the travel costs of prospective foreign deponents located outside the subpoena power of the United States, but the deponents expressed an unwillingness to travel to New York and testify. 568 F.Supp.2d at 439-40. Similarly, the prospective foreign deponent in *Grossman* satisfied the unavailability standard where, among other things, he "flatly and repeatedly refused to come to the United States to testify ... despite defense counsel's offer to pay the cost of his flight, hotel and incidentals." 2005 WL 486735 at *3; see also *United States v. Khan, supra* at *1.

Here, the Deponents satisfy the unavailability requirement because they are all foreign nationals outside the subpoena power of a United States District Court, and each has expressed an unwillingness to travel to New York to offer testimony despite an offer by Mr. Atilla's counsel to pay for all of their travel expenses. (Fleming Decl. ¶10). Accordingly, the Deponents are unavailable to testify.

C.    Materiality

The Deponents' testimony is undoubtedly material to the allegations made against

Mr. Atilla in Indictment S4.  A witness's testimony is material if it is "highly relevant to a central

issue in the case ..." *Grossman, supra,* 2005 WL 486735 at *3 (quoting *United States v. Drogoul,*

1 F.3d 1546, 1556 (11th Cir. 1993)).  However, "it is not necessary that [the] defendant show the

testimony will surely acquit him." *Id*. (quoting *United States v. Bronston,* 321 F.Supp. 1269,

1272 (S.D.N.Y. 1971)).

As with demonstrating unavailability, representations by a moving party are sufficient to

demonstrate the testimony's materiality. *Vilar,* 568 F.Supp.2d at 440.  The admissibility of the

proposed testimony need not be considered when determining materiality. *Id*. at 440 n.10

(citation omitted); see also *United States v. Salim*, 855 F.2d 944, 950-951 (2d Cir. 1988).  With

respect to materiality, as with unavailability, the moving party is not required to present

affidavits from the proposed deponents, or any other materials concerning prior statements of the

deponents. *Vilar,* 568 F.Supp.2d at 440.

In *Grossman,* for example, the deponent's testimony was being offered to show that the

alleged activities charged in the indictment were, in fact, legitimate in nature. 2005 WL 486735

at *4.  The court deemed the prospective deponent's testimony material because (i) it would

challenge central aspects of the government's allegations; and (ii) it was not cumulative. *Id*.

Here, the Deponents' testimony is material because, as noted at ¶¶13-21 of the Fleming

Declaration, each of the Deponents will offer testimony that will challenge central aspects of the

Government's case against Mr. Atilla.

D.    Interest of Justice

Lastly, an inability to obtain the testimony of the Deponents would result in a failure of

justice.  The principal consideration in determining whether the absence of a particular witness's

testimony would produce injustice is the materiality of that testimony to the case. *Drogoul,* 1 F.3d at 1552. As the Eleventh Circuit also held in *Drogoul,* "[w]hen a prospective witness is unlikely to appear at trial and his or her testimony is critical to the case, simple fairness requires permitting the moving party to preserve that testimony – by deposing the witness – absent significant countervailing factors which would render the taking of the deposition unjust." *Id.* This Court should grant Mr. Atilla's request because the Deponents' testimony is certainly material, as discussed above, and there are no significant countervailing factors. Additionally, as noted in *United States v. Khan, supra* at *4, "[t]he final factor – the necessity of the testimony to prevent a failure of justice – is likely satisfied when the first two factors [unavailability and materiality] are met."

Clearly, the Deponents' testimony is necessary to prevent a failure of justice. Given the fact that Mr. Atilla's freedom is at stake, any material testimony must be permitted to assist in his defense. If Mr. Atilla is not permitted to preserve the Deponents' testimony, he will be severely disadvantaged in the defense of the charges against him, which would result in a failure of justice.

## II.     THE PROCEDURES FOR RULE 15 DEPOSITIONS IN TURKEY

Rule 15(e) of the Federal Rules of Criminal Procedure states that, absent a court order or rule providing otherwise, "a deposition must be taken and filed in the same manner as a deposition in a civil action," with certain exceptions. Rule 28(b) of the Federal Rules of Civil Procedure applies here because the moving party, Mr. Atilla, is seeking testimony from deponents located in a foreign country. Rule 15(c), Federal Rules of Criminal Procedure, requires the presence of the defendant at the deposition, unless the Court makes certain findings or the defendant waives in writing the right to be present.

Here, Mr. Atilla has waived in writing the right to be physically present (*see* Declaration of Mr. Atilla signed October 27, 2017), saving the Court from engaging in the case-specific findings analysis required by Rule 15(c). However, Mr. Atilla has requested that he be permitted to listen live to the depositions by telephone or by video conference, and be permitted to communicate by telephone with his attorneys, as necessary, during the depositions. (*Id.*)

Pursuant to Fed. R. Civ. Pro. 28 (b)(1)(c), a deposition may be taken in a foreign country "on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination . . ." If the proposed witnesses may be of the Muslim faith, they may choose to affirm rather than swear an oath. Consistent with Fed. R. Civ. Pro. 28, that affirmation can be taken by anyone authorized by law to do so in the United States. Indeed, in *United States v. Casamento*, 887 F.2d 1141, 1175 (2d Cir. 1989), the Court upheld the admission into evidence of the deposition testimony of unsworn witnesses in Switzerland based upon "the respectful attitude of the witnesses and their attorneys toward the Swiss judge" and the observed fact "that they were deeply impressed by the solemnity of the proceedings and the necessity to testify truthfully."

As noted above, Mr. Atilla proposes that each witness be in attendance at a video center in Turkey, while the respective attorneys are simultaneously at another video center in New York. Counsel for the defendant will first conduct a direct examination during the videoconference, and counsel for the government will thereafter conduct the cross-examination from the same site. The court reporter will attend at the United States site. A neutral third-party, provisionally chosen by the government and thereafter commissioned by the Court on reasonable terms, will be present at the site in Turkey to present deposition exhibits to each witness and

preserve those exhibits for presentation to the Court at the conclusion of the proceeding.

Defendant Atilla will pay all resultant costs.

The Government argued that the anticipated difficulty in extraditing untruthful witnesses

from Turkey to face perjury charges in the United States would make any deposition testimony

inadmissible. But two cases in this District have rejected this argument.

In *United States v. Ghayth*, 2014 WL 144653 at*4 (S.D.N.Y. January 15, 2014), the

Court granted the defendant's motion for a Rule 15 closed-circuit television deposition of a

witness residing in Yemen. As may be the case here, the government in *Ghayth* argued that the

practical unavailability of a perjury remedy for false testimony should bar the deposition. The

court rejected that argument, declaring:

> Finally, the government argues that Hamdan's testimony should
> not be permitted because he would testify from Yemen and the
> government thus has no mechanisms available to it to ensure that
> he will testify truthfully. The defense has provided no basis to
> believe that the United States would be able to extradite Hamdan
> to stand trial for perjury in the United States. This situation,
> however, is no different from one in which a witness travels to the
> United States from a foreign country with no extradition treaty,
> testifies in court (truthfully or otherwise), and immediately boards
> a plane to return to his or her home country. The government is
> entitled to use the lack of a viable enforcement mechanism against
> Hamdan to impeach his credibility, but this is not a basis for
> denying defendant's motion.

In *United States v. Grossman*, *supra*, the government made a similar argument to this

Court in opposing a defense Rule 15 motion. There, too, the Court rejected the argument,

stating:

> Finally, the government asserts that foreign depositions are
> untrustworthy because they lack a realistic perjury sanction.
> However, courts routinely order the taking of foreign depositions
> when the witness is unavailable and his testimony is material, as is
> the case here. *See Drogoul*, 1 F.3d 1546; *Johnpoll,* 739 F.2d 702;
> *Sindona,* 636 F.2d 792; *Korolkov,* 870 F.Supp 60; *United States v.
> Marcos*, 1990 WL 58825 (S.D.N.Y. 1990); *United States v. Ang,*

1986 WL 8710 (W.D.N.Y. 1986); *Sun Myung Moon*, 93 F.R.D. 558.

*United States v. Grossman, supra,* 2005 WL 486735 at * 4.

The purported absence of a perjury remedy, therefore, is no bar to the admissibility of the proposed testimony.

### III.   IN THE ALTERNATIVE, DEFENDANT ATILLA SEEKS LEAVE TO PRESENT LIVE DEFENSE TESTIMONY AT TRIAL VIA CLOSED-CIRCUIT TELEVISION

In *United States v. Gigante,* 166 F.3d 75, 81 (2d Cir. 1999), the Second Circuit upheld the taking of live testimony during trial from a prosecution witness who appeared via two-way closed-circuit television.  The Court noted that the witness was sworn, subject to full cross-examination, and appeared in full view of the jury and court.  In the event this Court denies Mr. Atilla's application for Rule 15 depositions, he respectfully requests, in the alternative, that the procedure described in *Gigante* be utilized for the in-trial live testimony of defense witnesses in Turkey during the defense case at trial.

### CONCLUSION

For the foregoing reasons, Mr. Atilla respectfully requests that this Court grant his motion for an order authorizing his counsel the right to obtain the testimony of the Deponents residing in Turkey pursuant to Rule 15, or in the alternative, to allow him to introduce via video at trial the live testimony of defenses witnesses in Turkey.

Dated: New York, New York
      November 7,  2017

                                      Respectfully submitted,

                                        HERRICK, FEINSTEIN LLP

                                        By:    /s Victor J. Rocco
                                                Victor J. Rocco

Thomas E. Thornhill
Two Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)

FLEMING  RUVOLDT PLLC

By:       s/Cathy Fleming
        Cathy Fleming
        Robert J. Fettweis, *pro hac vice*
        1700 Broadway, 28th Floor
        New York, New York 10019
        (212) 706-1850
        (212) 706-1855 (fax)


*Attorneys for Defendant Mehmet Hakan Atilla*