# The Law Firm
# Fleming . Ruvoldt PLLC

250 Moonachie Road
Suite 501
Moonachie, NJ 07074
(201) 518-7878

Cathy Fleming
(201) 518-7907 (direct)
fleming@flemingruvoldt.com

1700 Broadway, 28th floor
New York, NY 10019
(212) 706-1850

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/27/17

Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 17B
New York, NY 10007-1312

*Clerk to docket. Government to respond ASAP via ECF — and by PDF or fax.*

SO ORDERED:
Date: 11/27/17

Richard M. Berman, U.S.D.J.

Re: *United States v. Reza Zarrab, et al*, S4 15 Cr. 867 (RMB)

Dear Judge Berman:

As co-counsel for the defendant, we respectfully but urgently request a two-week adjournment in the commencement of the trial in the above matter. We make this request for multiple reasons.

First, on November 26, 2017 (literally the eve of trial), defense learned for the first time, through our own investigation and not as a result of anything that the Government has delivered to us, of a material violation of the Government's obligations both under *Brady* and under the Jencks Act. It has come to our attention that, in May 2013, an Undersecretary of the United States Department of Treasury ("Treasury") – an identified Government witness in this case – gave public testimony before Congress that is directly exculpatory of the defendant. The Undersecretary testified first that, upon its own investigation, Treasury had determined that Turkey had in fact not used gold to finance the purchase of gas from Iran. He further testified that, in large part, any gold sales from Turkey to Iran (which would include sales through Halkbank (the defendant's employer)) involved sales to private citizens -- permissible under then-existing American sanctions against Iran – and not transactions with the Iranian government. In so testifying, the Undersecretary clearly implied that at least a portion of his responses were premised upon classified information that he could and would present only in closed session.

Inexplicably, the Government has neither provided a transcript of this testimony nor even notified the defense of its existence among the staggering amount of documents with which it has chosen to inundate the defense starting less than two weeks ago. For this and other

1

compelling reasons, which we describe below, an adjournment of the trial is necessary to enable the defense to further investigate the ramifications both of the Undersecretary's testimony and the Government's remarkable failure to provide it or even alert us to it.

We submit this request additionally because we have been inundated by the Government's eleventh and twelfth hour productions of an enormous amount of trial exhibits and 3500 material. Those productions – massive when they commenced with the first round of exhibits on November 6, 2017 – have been continuing on a nightly basis since November 18, 2017, with significant additional electronic deliveries late each night or in the early morning hours. (See attached cover emails for these late-delivered materials. The emails generally refer to "draft" exhibits, whatever that might mean.) Despite an intensive seven-day-per week effort both before and after these productions began, the defense has been unable to process, absorb and analyze the recently-delivered materials in a manner that can ensure the defendant will receive a fair trial.

Moreover, the Government's last minute bombardment of evidence is not the only indicium of a deliberate strategy to obstruct the defendant's readiness for trial. Also omitted entirely from its production of 3500 material was a post-arrest FBI video for one of the Government's most important witnesses ("the Witness"), whose identity is currently concealed by the Protective Order herein. On the Saturday after Thanksgiving, November 25, the defense had to specifically request the Government to provide this video. Only in response to this request did the Government produce the video, emailing it at 6:14 PM on that Saturday. Upon defense counsels' review of the video, it is clear that the Government's failure to produce this video at all was in direct violation of its constitutionally-imposed *Brady* obligation.

A. The Undersecretary's Public Testimony and the Government's Brady/Jencks Act Violations.

The indictment in this case charges that, in 2012 and thereafter, the defendant and others "devised a scheme to use exports of Turkish gold to allow Iran access to the proceeds of Iranian oil sales to Turkey, to evade these restrictions, and to deceive foreign banks and U.S. regulators." (¶ 33). Additionally, paragraph 34 of the indictment charges the defendant with falsely representing to Treasury that the gold purchases in question were by private companies, not the government of Iran. The Government has asserted these charges against the defendant in the face of testimony from the previously-mentioned Treasury Undersecretary that the evidence, some of which was apparently classified, was directly to the contrary. Despite the patently exculpatory nature of this testimony, the Government has never mentioned it to the defense, much less provided a transcript for it. As discussed herein, the Government has seen fit to swamp the defense with last-minute mounds of heretofore-unproduced materials. Somehow, though, in the midst of these document dumps, the Government has failed to include a critical item: the prior statement of an important Government witness that, on its face, runs directly contrary to the theory of the indictment.

"Due process requires the disclosure of exculpatory and impeachment evidence material to guilt or innocence be made in sufficient time to permit the defendant to make effective use of that information at trial." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1997). *See also, United*

2

*States v. Coppa*, 267 F.3d 132, 142 (2d Cir. 2001). Failure to make such disclosure "violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

Here, amazingly, the Government has made no disclosure at all. Instead, one day before the scheduled start of trial, the defense on its own unearthed the exculpatory information. That information cries out for further defense investigation. Information obtained on the eve of a trial that already involves a massive last-minute government document production is simply too late. *See e.g., United States v. Deutsch*, 373 F.Supp. 289, 290 (S.D.N.Y. 1974). ("It should be obvious to anyone involved with criminal trials that exculpatory information may come too late if it is only given at trial. . ."). *In United States v. Snell*, 899 F.Supp. 17, 20 (D. Mass. 1995), the Court aptly summarized the connection between timely production of *Brady* material and the Due Process clause:

> Exculpatory information affects the defense investigation, how it will allocate its resources, the voir dire questions the defense will seek, the framing of opening statements, the nature of the pre-trial research on evidentiary issues and jury instructions, in short, all of the strategic decisions which must be made long in advance of trial. If this society wants effective defense advocacy, which is, after all, the premise of the Fifth and Sixth Amendments and of the Due Process clause, then, within the limits of the adversary system, information which is exculpatory must be made available to counsel before the trial begins.

This just-discovered *Brady* violation goes directly to the defendant's due process rights under the Constitution. At the very least, the situation compels a continuance of the trial to allow additional defense investigation of this entire situation.

As set forth herein, the defense further requests that the Government present to the court immediately for its review, pursuant to 18 U.S.C. §3500(c), the full text of any redactions that the Government has made to the so-called 3500 materials delivered thus far, and that the statutory procedure mandating preservation of the deleted items be enforced by the Court.

B.      The Massive Last-Minute Document Productions Require a Trial Continuance.

Federal criminal discovery should not be an exercise in either gamesmanship or brinksmanship; the defendant's right to a fair trial hangs squarely in the balance. Yet, the following chart aptly demonstrates what has been happening routinely in the continuing saga of the Government's last-minute productions:

| Production of Government Exhibits | | |
|---|---|---|
| Date of Production | Documents | Pages |
| Nov. 6, 2017 | 2,881 | 15,434 |
| Nov. 16, 2017 | 39 | 152 |
| Nov. 18, 2017 | 65 | 206 |

3

| Nov. 18, 2017 | 148 | N/A (audio) |
|---|---|---|
| Nov. 19, 2017 | 26 | 210 |
| Nov. 20, 2017 | 170 | 186 |
| Nov. 21, 2017 | 114 | 346 |
| Nov. 22, 2017 | 39 | 50 |
| Nov. 22, 2017 | 35 | 121 |
| Nov. 23, 2017 (Thanksgiving) | 33 | 134 |
| Nov. 24, 2017 | 27 | 357 |

| Production of 3500 Material | | |
|---|---|---|
| Date of Production | Documents | Pages |
| Nov. 16, 2017 | 566 | 7,692 |
| Nov. 19, 2017 | 45 | 377 |
| Nov. 23, 2017 | 14 | 53 |
| Nov. 26, 2017 | 4 | 42 |

It is well recognized, of course, that consideration of the defendant's request for a continuance lies within the sound discretion of the trial judge. *United States v. Scopo*, 861 F.2d 339, 344 (2d Cir. 1988). A defendant must show "both arbitrariness and prejudice in order to obtain reversal of the denial of a continuance." *United States v. Miller*, 626 F.3d 682, 690 (2d Cir. 2010). "Prejudice in this context means that the defendant must demonstrate that the denial 'substantially impaired the defense.'" *United States v. Al Fawwaz*, 116 F.Supp.3d 194, 208 (S.D.N.Y. 2015), *quoting United States v. Beverly*, 5 F.3d 633, 641 (2d Cir. 1993).

Nevertheless, the United States Supreme Court has cautioned that "a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). There is no mechanical test with respect to requests for a continuance. *United States v. Ellenbogen*, 365 F.2d 982, 986 (2d Cir. 1966). "The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Ungar v. Sarafite, supra.*

In *United States v. White*, 324 F.2d 814 (2d Cir. 1963), the Second Circuit reversed the district court's denial of a continuance where the defendant sought the testimony of a Government informant as a defense witness, but a doctor testified that, because of illness, the informant would be unable to appear for "a couple of weeks." 324 F.2d at 815. Citing *White*, the court in *United States v. Al Fawwaz*, 116 F.3d at 211, found the following circumstances to be illustrative of situations "in which continuances are appropriate or perhaps even required.":

> They include instances in which (i) the requested delay is of a short (or at least fixed) duration, (ii) the sought-after evidence is specified with particularity, (iii) the proposed evidence is critical to the defense, and (iv) the defendant has not been dilatory.

All of those circumstances either exist in this case or are analogous to those here.

4

C. Belated Production of Trial Exhibits.

Defendant Atilla has for months repeatedly and vigorously sought pretrial discovery, including the identification of trial exhibits. On November 6, 2017, the Government furnished a 63-page list of supposed trial exhibits – a list so large that it almost certainly exceeds the actual exhibits that the Government will eventually introduce at trial. Since then, the exhibit list has burgeoned to 76 pages, with the Government continuing its refusal to delineate which of the listed items it will actually seek to introduce during its case-in-chief, thereby requiring careful defense review of all proffered "exhibits" in the 76 pages. Only during the evening of Friday, November 24, did the Government identify its initial witnesses and exhibits for the first days of trial, after the Court had instructed it on November 20 to provide this information.

The total production of trial exhibits exceeds 16,000 pages. That page count, however, does not include a large Excel spreadsheet (Exhibit 8101), produced in the early morning of November 18, 2017, containing over 600,000 rows of data that would take thousands of pages to print. The most recent production occurred late in the evening on November 24, 2017. It consisted of 27 additional documents and 357 additional pages.

Despite its best efforts, the defense has simply been unable to effectively and thoroughly review these materials in time for a November 27 trial, to say nothing of the impact this unfamiliarity will have on our ability to make informed and appropriate objections when and if certain exhibits are offered in evidence at trial.

D. 3500 Material.

Similarly, the Government waited until November 16, 2017 to deliver 7,692 pages of so-called 3500 material. This production, which constituted the first notice to the defense of the identity of some of the Government witnesses, included over 3,000 pages of Turkish language documents – without translations – not previously delivered during discovery. Since then, the Government has added an additional 430 pages of materials. Included in this group were materials that the defense had long ago specifically sought during pre-trial discovery. The most recent delivery occurred on Sunday, November 26, 2017.

Portions of the 3500 production relate directly to the credibility of Government witnesses and thereby constitute *Brady* material. Under the Due Process Clause, as noted above, exculpatory material must be provided to the defense "in time for its effective use at trial." *United States v. Coppa*, 267 F.3d 13 at 142. Given the enormous number of documents with which it is dealing, the defense cannot make "effective use" of these materials at trial without the requested continuance. Neither can it effectively utilize these materials, or any of the other belatedly produced documents, to investigate and develop the defense here.

Included in the November 16 production is a substantial quantity of materials relating to the Witness. This delivery constituted the first notice that the Witness would appear at trial. By providing the Witness-related materials a mere eleven days in advance of the scheduled trial, the

5

Government has precluded not only a thorough review of the documents themselves (especially in light of the concurrent production of so many other pages of material), but has also left the defense with insufficient time to conduct its own investigation of what appears to be the Witness's multi-faceted unsavory and criminal activity over the years. Unless there is a trial adjournment, the defense cross-examination of the Witness will be materially undercut, thereby significantly impeding the defendant's constitutional right to a fair trial.

E.  Facially Unwarranted Redaction of 3500 Material.

Still another problem with the 3500 material has hampered effective trial preparation. Pursuant to the Protective Order governing these documents, the Government has produced two versions: (1) Attorney's Eyes Only and (2) a heavily redacted set designed for presentation to and review by the defendant, but only in the presence of counsel or counsel's paralegals or investigators. Yet, even the attorneys-only materials contain redactions that significantly impede defense investigation, especially at this late hour.

To cite an example, on November 23, 2017 the Government delivered 3500 materials that included a cable from the American Embassy in Turkey in 2013 describing a roundtable meeting concerning American sanctions against Iran. In attendance at the meeting were the previously-mentioned Treasury Under Secretary and members of the Turkish Bankers Association, including but not limited to officials from the defendant's employer, Halkbank. What transpired at the meeting is potentially important to the defense of this case. Yet, inexplicably, the Government has deleted the names of the attending banks other than Halkbank even from the attorneys-only versions. These deletions make it impossible for the defense to consult with any non-Halkbank attendee – all of whom are potential disinterested third-party witnesses – regarding what actually transpired during the meeting.

For another example, paragraph 55 of the indictment alleges that the defendant lied to representatives of Treasury at an October 10, 2014 meeting by denying Halkbank's participation in any transactions intended to evade American sanctions against Iran and claiming to have conducted due diligence in relevant areas. The 3500 material includes a Treasury memo of that very meeting which contains no reference to the defendant's alleged statements. But there are several blacked-out redactions in the memo so there is no way for counsel to determine whether the memo is inconsistent with the allegations in paragraph 55 for impeachment purposes. Thus, in light of the unexplained redactions, the Government has provided only an incomplete record of the single document that memorializes this meeting.

Furthermore, and just as inexplicably, in making these deletions the Government has ignored its obligation, imposed by 18 U.S.C. §3500(c), to first deliver the proposed deletions to the Court for in camera inspection and thereafter, upon defense objections, to have the Court preserve the entire text of the redacted statement for possible appellate review. In the absence of demonstrable good cause, the defense objects to each and every deletion contained in the attorneys-only materials and requests that the Court require immediate presentation to it of the full text of each in accordance with 18 U.S.C. §3500(c), with preservation thereafter for possible appellate review.

F.   Logistical Delays Arising From the Protective Order and the Defendant's Incarceration.

As Your Honor knows, defendant Atilla is in pretrial detention. Under the Protective Order governing the 3500 material, the defendant can be given these materials only while counsel or an employee thereof is with him. Despite the intense pace of the current defense effort, the Government's belated and ongoing production of a document tsunami has made it impossible for the defense to thoroughly go through the material, review it with the defendant and consult with him as to the formulation of a defense response at trial. Furthermore, the Government's overly-restrictive utilization of the "attorney's eyes only" designation has significantly hindered attorney/client interaction regarding these materials. We need more time to ensure that the defendant and his lawyers can absorb this massive amount of information and confer meaningfully about these materials before the start of trial.

For all the foregoing reasons, the defense respectfully requests that commencement of trial in this matter be postponed for two weeks, until December 11, 2017.

Respectfully submitted,

HERRICK FEINSTEIN LLP

By: /s/ Victor J. Rocco
    Victor J. Rocco
    Two Park Avenue
    New York, New York 10016
    (212) 592-1400

FLEMING RUVOLDT PLLC

By: /s/ Cathy Fleming
    Cathy Fleming
    1700 Broadway, 28th floor
    New York, New York 10019
    (212) 706-1850

McDERMOTT WILL & EMERY LLP

By: /s/ Todd Harrison
    Todd Harrison
    340 Madison Avenue
    New York, New York 10173
    212-547-5727

LAW OFFICES OF JOSHUA L. DRATEL

By: /s/ Joshua L. Dratel
    Joshua L. Dratel
    29 Broadway, Suite 1412
    New York, New York 10006
    212-571-3792

Attachments
cc:   All Counsel

# Robert Fettweis

| | |
|---|---|
| **From:** | Chang-Frieden, Michael (USANYS) (Contractor) <Michael.Chang-Frieden@usdoj.gov> |
| **Sent:** | Thursday, November 16, 2017 8:16 PM |
| **To:** | Thornhill, Thomas; Cathy Fleming; Rocco, Victor; Jonathan Stern; Rosenfield, David; Robert Fettweis |
| **Cc:** | Lockard, Michael (USANYS); Kamaraju, Sidhardha (USANYS); Denton, David (USANYS); Sovolos, Dean (USANYS) |
| **Subject:** | U.S. v. Mehmet Hakan Atilla - 3500 Materials |

Counsel—

Please find on USAfx a folder titled, "2017.11.16 3500 Materials for Defense." Within that folder are two versions—for attorneys' eyes only, and for the defendant—of a 3500 materials index. All of these materials are subject to the protective order entered on November 15, 2017 (Dkt. 346). We will produce additional 3500 materials as they become available.

Best,
Michael

**Michael Chang-Frieden**
Paralegal Specialist
United States Attorney's Office
Southern District of New York, Criminal Division
One St. Andrew's Plaza
New York, NY 10007
Tel.: 212.637.2544
michael.chang-frieden@usdoj.gov

**Robert Fettweis**

| | |
|---|---|
| **From:** | Chang-Frieden, Michael (USANYS) (Contractor) <Michael.Chang-Frieden@usdoj.gov> |
| **Sent:** | Saturday, November 18, 2017 3:17 AM |
| **To:** | Thornhill, Thomas; Cathy Fleming; Rocco, Victor; Jonathan Stern; Rosenfield, David; Robert Fettweis |
| **Cc:** | Lockard, Michael (USANYS); Kamaraju, Sidhardha (USANYS); Denton, David (USANYS); Sovolos, Dean (USANYS) |
| **Subject:** | U.S. v. Mehmet Hakan Atilla - Additional & Revised Draft Government Exhibits |

Counsel –

Please find on USAfx a folder titled, "2017.11.17 Additional & Revised Draft GX for Defense," the contents of which are being produced under seal. Included within that folder is an updated government exhibit list. Exhibits noted therein as "GX forthcoming" will be produced as they become available.

Best,
Michael


Michael Chang-Frieden
Paralegal Specialist
United States Attorney's Office
Southern District of New York, Criminal Division
One St. Andrew's Plaza
New York, NY 10007
Tel.: 212.637.2544
michael.chang-frieden@usdoj.gov

Robert Fettweis

| | |
|---|---|
| From: | Chang-Frieden, Michael (USANYS) (Contractor) <Michael.Chang-Frieden@usdoj.gov> |
| Sent: | Sunday, November 19, 2017 1:01 AM |
| To: | Thornhill, Thomas; Cathy Fleming; Rocco, Victor; Jonathan Stern; Rosenfield, David; Robert Fettweis |
| Cc: | Lockard, Michael (USANYS); Kamaraju, Sidhardha (USANYS); Denton, David (USANYS); Sovolos, Dean (USANYS) |
| Subject: | U.S. v. Mehmet Hakan Atilla - Additional 3500 Materials & Draft GX |

Counsel –

Please find on USAfx two folders, both dated November 18, 2017, containing additional 3500 materials and draft government exhibits, as well as revised indices. The draft exhibits are being produced to you under seal. The 3500 materials are being produced to you subject to the 11/15/2017 protective order, and contain, separately, attorneys' eyes only and defendant versions.

Best,
Michael


**Michael Chang-Frieden**
Paralegal Specialist
United States Attorney's Office
Southern District of New York, Criminal Division
One St. Andrew's Plaza
New York, NY 10007
Tel.: 212.637.2544
michael.chang-frieden@usdoj.gov

1

**Robert Fettweis**

| | |
|---|---|
| **From:** | Chang-Frieden, Michael (USANYS) (Contractor) <Michael.Chang-Frieden@usdoj.gov> |
| **Sent:** | Monday, November 20, 2017 12:50 AM |
| **To:** | Thornhill, Thomas; Cathy Fleming; Rocco, Victor; Jonathan Stern; Rosenfield, David; Robert Fettweis |
| **Cc:** | Lockard, Michael (USANYS); Kamaraju, Sidhardha (USANYS); Denton, David (USANYS); Sovolos, Dean (USANYS) |
| **Subject:** | U.S. v. Mehmet Hakan Atilla - Discovery and Additional Draft GX |
| **Attachments:** | 2017.11.19.Atilla Discovery letter.pdf |

Counsel –

Please find on USAfx a folder titled, "2017.11.19 Additional Draft GX for Defense." The draft exhibits and revised exhibit list therein are being produced under seal.

Please also see the attached letter regarding discovery, dated November 19, 2017. The discovery has been uploaded to the folder titled, "2017.11.19 Discovery," on USAfx, and is subject to the protective order initially entered on June 19, 2017 and modified on November 6, 2017.

Best,

Michael Chang-Frieden
Paralegal Specialist
United States Attorney's Office
Southern District of New York, Criminal Division
One St. Andrew's Plaza
New York, NY 10007
Tel.: 212.637.2544
michael.chang-frieden@usdoj.gov

1

**Robert Fettweis**

| | |
|---|---|
| **From:** | Chang-Frieden, Michael (USANYS) (Contractor) <Michael.Chang-Frieden@usdoj.gov> |
| **Sent:** | Tuesday, November 21, 2017 12:02 AM |
| **To:** | Thornhill, Thomas; Cathy Fleming; Rocco, Victor; Jonathan Stern; Rosenfield, David; Robert Fettweis |
| **Cc:** | Lockard, Michael (USANYS); Kamaraju, Sidhardha (USANYS); Denton, David (USANYS); Sovolos, Dean (USANYS) |
| **Subject:** | U.S. v. Mehmet Hakan Atilla - Additional & Revised Draft GX |

Counsel –

Please find on USAfx a folder titled, "2017.11.20 Additional & Revised Draft GX." The draft exhibits and revised exhibit list therein are being produced under seal.

Best,


**Michael Chang-Frieden**
Paralegal Specialist
United States Attorney's Office
Southern District of New York, Criminal Division
One St. Andrew's Plaza
New York, NY 10007
Tel.: 212.637.2544
michael.chang-frieden@usdoj.gov

## Robert Fettweis

| | |
|---|---|
| From: | Chang-Frieden, Michael (USANYS) (Contractor) <Michael.Chang-Frieden@usdoj.gov> |
| Sent: | Wednesday, November 22, 2017 2:40 AM |
| To: | Thornhill, Thomas; Cathy Fleming; Rocco, Victor; Jonathan Stern; Rosenfield, David; Robert Fettweis; Harrison, Todd; Evans, Joseph |
| Cc: | Lockard, Michael (USANYS); Kamaraju, Sidhardha (USANYS); Denton, David (USANYS); Sovolos, Dean (USANYS) |
| Subject: | U.S. v. Mehmet Hakan Atilla - Additional Draft GX |

Counsel –

Please find on USAfx a folder titled, "2017.11.21 Additional Draft GX for Defense." The draft exhibits and revised exhibit list therein are being produced under seal.

Best,

**Michael Chang-Frieden**
Paralegal Specialist
United States Attorney's Office
Southern District of New York, Criminal Division
One St. Andrew's Plaza
New York, NY 10007
Tel.: 212.637.2544
michael.chang-frieden@usdoj.gov

# Robert Fettweis

| | |
|---|---|
| **From:** | Chang-Frieden, Michael (USANYS) (Contractor) <Michael.Chang-Frieden@usdoj.gov> |
| **Sent:** | Wednesday, November 22, 2017 9:53 PM |
| **To:** | Thornhill, Thomas; Cathy Fleming; Rocco, Victor; Jonathan Stern; Rosenfield, David; Robert Fettweis; Harrison, Todd; Evans, Joseph |
| **Cc:** | Lockard, Michael (USANYS); Kamaraju, Sidhardha (USANYS); Denton, David (USANYS); Sovolos, Dean (USANYS) |
| **Subject:** | U.S. v. Mehmet Hakan Atilla - Additional Draft GX |

Counsel —

Please find on USAfx a folder titled, "2017.11.22 Additional Draft GX." The draft exhibits and revised exhibit list therein are being produced under seal.

Best,

**Michael Chang-Frieden**
Paralegal Specialist
United States Attorney's Office
Southern District of New York, Criminal Division
One St. Andrew's Plaza
New York, NY 10007
Tel.: 212.637.2544
michael.chang-frieden@usdoj.gov

# Robert Fettweis

| | |
|---|---|
| From: | Chang-Frieden, Michael (USANYS) (Contractor) <Michael.Chang-Frieden@usdoj.gov> |
| Sent: | Thursday, November 23, 2017 6:32 PM |
| To: | Thornhill, Thomas; Cathy Fleming; Rocco, Victor; Jonathan Stern; Rosenfield, David; Robert Fettweis; Harrison, Todd; Evans, Joseph |
| Cc: | Lockard, Michael (USANYS); Kamaraju, Sidhardha (USANYS); Denton, David (USANYS); Sovolos, Dean (USANYS) |
| Subject: | U.S. v. Mehmet Hakan Atilla - Additional 3500 Materials & Draft GX |

Counsel –

Please find on USAfx two folders, both dated November 23, 2017, containing additional 3500 materials and draft government exhibits, as well as revised indices. The draft exhibits are being produced to you under seal. The 3500 materials are being produced to you subject to the 11/15/2017 protective order, and contain separate attorneys' eyes only and defendant versions of the 3500 index.

Best,


Michael Chang-Frieden
Paralegal Specialist
United States Attorney's Office
Southern District of New York, Criminal Division
One St. Andrew's Plaza
New York, NY 10007
Tel.: 212.637.2544
michael.chang-frieden@usdoj.gov

# Robert Fettweis

| | |
|---|---|
| From: | Chang-Frieden, Michael (USANYS) (Contractor) <Michael.Chang-Frieden@usdoj.gov> |
| Sent: | Friday, November 24, 2017 10:53 PM |
| To: | Thornhill, Thomas; Cathy Fleming; Rocco, Victor; Jonathan Stern; Rosenfield, David; Robert Fettweis; Harrison, Todd; Evans, Joseph |
| Cc: | Lockard, Michael (USANYS); Kamaraju, Sidhardha (USANYS); Denton, David (USANYS); Sovolos, Dean (USANYS) |
| Subject: | U.S. v. Mehmet Hakan Atilla - Additional & Revised Draft GX |

Counsel –

Please find on USAfx a folder titled, "2017.11.24 Additional & Revised Draft GX." The draft exhibits and revised draft exhibit list therein are being produced under seal.

Best,


Michael Chang-Frieden
Paralegal Specialist
United States Attorney's Office
Southern District of New York, Criminal Division
One St. Andrew's Plaza
New York, NY 10007
Tel.: 212.637.2544
michael.chang-frieden@usdoj.gov

1