

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 10, 2017

**BY EMAIL AND BY ECF**

Hon. Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1670
New York, New York 10007

Re: United States v. Mehmet Hakan Atilla,
S4 15 Cr. 867 (RMB)

Dear Judge Berman,

The Government submits this letter to respectfully request that further cross-examination of current and former officials of the United States Department of the Treasury ("USDT"), who are testifying as fact witnesses concerning their direct communications and interactions with the defendant and other officials at Turkiye Halk Bankasi A.S. ("Halk Bank") be confined to (a) the scope of direct examination and (b) the Court's order permitted "limited questioning regarding historical OFAC [Office of Foreign Assets Control] enforcement practices and guidance." (Trial Transcript ("Tr.") at 970). The Government respectfully makes this request to avoid jury confusion as a result of lengthy legal opinion testimony that defense counsel has so far elicited and to avoid lengthening the trial with additional irrelevant and confusing testimony.

In more than two hours so far of cross examining fact witness David Cohen, former Undersecretary for the Office of Terrorism and Financial Intelligence, defense counsel has strayed far beyond the scope of direct examination and the Court's grant of limited additional questioning. Mr. Cohen testified on direct examination for approximately two-and-a-half hours concerning his background and his direct communications and meetings with the defendant and others at Halk Bank. (Tr. 1073-91, 1099-1153). Defense counsel then cross examined Mr. Cohen for longer than two hours until the end of the trial day (Tr. 1154-1235), and have predicted an additional hour of cross-examination when Mr. Cohen's testimony resumes. (Tr. 1235). Questions concerning Mr. Cohen's meetings with the defendant has occupied less than half of that time.[1] While there has also been questioning concerning the witness's prior statements arguably relevant to "OFAC enforcement practices and guidance," these questions have quickly transitioned from Mr. Cohen's

---

[1] *See* Tr. 1156-62, 1182-84, 1188-93, 1199-1200, 1203-04, 1207-09, 1210-11, 1212-23, 1234-35. There have been a handful of additional questions concerning communications between others besides Mr. Cohen at USDT and Halk Bank personnel. *See* Tr. 1200-01, 1207, 1209-10.

prior statements to extended legal discussions concerning OFAC regulatory and enforcement jurisdiction, the statutory bases for different sanctions regimes, the "unlawfulness" of conduct, and criminal prosecution history under the IEEPA. (Tr. 1165-70, 1174-76, 1180-82, 1187-88). This elicitation of legal opinion testimony has resulted in confusion over, among other things, whether secondary sanctions are promulgated pursuant to the IEEPA (Tr. 1168-98, 1187-88) – which they are, *see* Executive Order 13622, 77 Fed. Reg. 77 FR 45897 (July 30, 2012) (reciting the IEEPA as a statutory authority) and Executive Order 13645, 78 Fed. Reg. 33945 (June 3, 2013) (same); testimony concerning the Comprehensive Iran Sanctions and Accountability Act, a statute not at issue in this prosecution; and OFAC's administrative subpoena authority. This extensive elicitation of legal opinion testimony from a fact witness is all the more surprising because an OFAC expert witness has, in fact, already testified (Tr. 92-149), with cross and re-cross examination occupying less than ten transcript pages. (Tr.138-47, 149).

Nor do such matters bear on any element of the offense. The cross examination appears designed to create the impression to the jury that foreign defendants cannot be prosecuted or that the defendant cannot be prosecuted for willfully avoiding the imposition of secondary sanctions, issues on which the Court has already ruled. *See* Dkt. 90 ("[The criminal penalty contained in] 50 U.S.C. § 1 705(c) is not limited to individuals (such as U.S. citizens) who are subject to the jurisdiction of the United States, indicating that Congress intended the statute to be applied extraterritorially."); Tr. 969-70; *see also* Nov. 16, 2017 Tr. at 12-22.

Equally irrelevant is defense counsel's suggestion that the defendant was unaware specifically that he could be prosecuted—as opposed to sanctioned—for his violations of the licenses, orders, and regulations promulgated under IEEPA. The requirement of IEEPA that a defendant have acted "willfully" in order to be subject to criminal prosecution in no way requires knowledge of the specific penalties for a willful violation of the law. Rather, "knowledge that the conduct is unlawful is all that is required." *Bryan* v. *United States*, 524 U.S. 184, 196 (1998). "It is also unnecessary that defendant had any expectation that he would be prosecuted in the United States." *United States v. Mostafa*, 965 F. Supp. 2d 451, 459 (S.D.N.Y. 2013). The element of willfulness cannot be negated by a claim that a defendant believed that his purposeful violation of a known regulation would result only in regulatory action rather than criminal prosecution. Nor would such a holding be consistent with governing law: the provisions that authorize criminal prosecution—as opposed to those that regulate conduct—are properly characterized as jurisdictional, and have never been held to be a component of the *mens rea* required for a criminal offense. What "confers federal jurisdiction need not be one in the mind of the actor at the time he perpetrates the act made criminal by the federal statute." *United States v. Feola*, 420 U.S. 671, 676–677, n. 9 (1975). It is therefore immaterial to any element of the offense whether or not the defendant knew of criminal penalties for violations. Whether the law authorizes criminal prosecution is entirely a question of law for the Court, and one that the Court has already resolved.

In addition to irrelevant and confusing legal opinion testimony, the cross examination of Mr. Cohen has also focused on other irrelevant matters such as IEEPA criminal enforcement history (Tr. 1184-86), the witness's familiarity with the allegations in the Indictment (Tr. 1185), the Turkish government's opinion about U.S. and international sanctions (Tr. 1204-06), Turkey's cultural and religious similarities with Iran (Tr. 1212), OFAC's investigative capabilities (Tr. 1176-80), possible USDT investigations of Reza Zarrab or the Al Nafees Exchange (Tr. 1230-33),

the sizes of U.S. banks' legal departments (Tr. 1162-63), and the witness's current private legal practice (Tr. 1154-56). Nearly ten pages of the transcript is consumed with an irrelevant discussion of Mr. Cohen's statements to Congress in May 2013 about USDT's then-current beliefs concerning Turkey's gold trade with Iran (Tr. 1222-30) – beliefs completely irrelevant to the admissible testimony and evidence in *this* trial concerning the defendant's participation in a conspiracy to violate sanctions in connection with gold transactions and fraudulent food transactions.[2]

This questioning risks both jury confusion and unnecessarily lengthening the trial. The extended cross of Mr. Cohen, already comparable to the length of the direct testimony and predicted to last another hour, follows a nearly three days of cross-examination of Reza Zarrab, which also was of comparable length to the direct testimony. If the cross examination of Mr. Cohen and the other two former OFAC witnesses continues to exceed the scope of the direct and the Court's grant of limited questioning concerning OFAC historical enforcement practice and guidance, further jury confusion will result and the government will not rest its case-in-chief until sometime during the week of December 18.

Accordingly, the Government respectfully requests that further cross-examination of Mr. Cohen and the other current and former Treasury officials be limited to the scope of examination previously ordered by the Court. The Government expects to respond to the matters already raised in Mr. Cohen's cross-examination during re-direct examination, but we expect to be able to do so efficiently.

The Government also respectfully requests that the Court give the jury a limiting instruction to remind the jurors that the Court's instructions on the law, and not lawyers' questions or witnesses' fact testimony, will govern their deliberations. The Second Circuit has cautioned that "it would be very confusing to a jury to have opposing opinions of law admitted into evidence as involving a factual question for them to decide." *United States* v. *Ingredient Tech. Corp.*, 698 F.2d 88, 97 (2d Cir. 1983). And as the Court observed during a sidebar discussion of this issue, defense counsel's questions may result in the presentation of an inaccurate view of the law to the jury (Tr. 1196). Accordingly, the Government respectfully requests that the Court give the following limiting instruction at the beginning of the trial day on Monday:

> During testimony on Friday, the witness, Mr. Cohen, was asked a number of questions regarding the interpretation of certain laws and regulations. I want to remind you that, as I told you at the beginning of this case during jury selection, at the end of the trial I will instruct you with respect to the law that applies through what are called jury charges or jury instructions, and you are required to accept the law as I present it to you and to apply it as I explain it to you, regardless of any impression you may have received from the questions of the lawyers or the testimony of any witness. I will give you more complete instructions at that time, but to avoid any confusion, I instruct you that the Court has already ruled that the IEEPA statute allows the defendant to be charged with a crime for the conduct that

---

[2] USDT's incorrect beliefs in 2013 concerning Turkey's gold trade with Iran, if anything, reflect only that the defendant's and his co-conspirators' scheme to deceive U.S. authorities was successful.

the Government alleges was committed. Your task as jurors when you begin your deliberations will be to determine whether the evidence proves the defendant guilty of that crime beyond a reasonable doubt. I remind you that even though I have determined that the law allows the defendant to be charged with a crime, he is presumed to be innocent of that crime until such time as you decide that the Government has proven he is guilty.

    Respectfully submitted,

    JOON H. KIM
    Acting United States Attorney

by: _____/s/_____
    Michael D. Lockard
    Sidhardha Kamaraju
    David W. Denton, Jr.
      Assistant United States Attorneys
    Dean C. Sovolos
      Special Assistant United States Attorney
    (212) 637-2193/6523/2744/2213

cc: Defense counsel of record (by ECF)