

**Victor J. Rocco**
**Partner**
Phone: 212.592.1422
Fax: 212.545.2333
vrocco@herrick.com

December 10, 2017

**BY EMAIL AND BY ECF**

Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 17B
New York, NY 10007-1312

**Re:** United States v. Mehmet Hakan Atilla, S4 15 Cr. 867 (RMB)

Dear Judge Berman:

We write to briefly respond to the government's letter concerning our cross examination of David Cohen.

The government claims that our cross examination has been designed to muddy the water about the law on which this jury will be instructed. Our goal and our record shows it is anything but that.

The government concedes that we are entitled to go into Mr. Cohen's discussions "with the defendant [Mr. Atilla] and others at Halkbank." It also implicitly concedes that we are entitled to question "the witness's prior statements arguably relevant to 'OFAC enforcement practices and guidance….'"

What the government then claims is that we went into discussions about Mr. Cohen's view of the law. And it is that which purportedly causes the government concern.

The government misses the point. Mr. Cohen's view of the law was central to the government's direct examination of him. It was the government, not we, who first raised how Mr. Cohen communicated his views to the international banking community, including Halkbank. *See, e.g.,* Tr. 1080 ("[W]e would meet with Halkbank executives or other financial institutions [we would] explain what the law was. To the extent we knew where the law was heading, we would forecast things to come."); Tr. 1210 ("Q. When you met with the bank and there would be these … higher-level discussions, meaning more policies? Is that what you were saying, your discussions were more policy-oriented? A: Principle oriented. The legal principles involved"). So we have no interest in what Mr. Cohen thinks of the law in a vacuum. Instead, we have a strong interest in what he thinks of the law *as it pertains to what he claims he said to Halkbank and the foreign bank community, of which Halkbank is a part.*

This is critical for two reasons.



*First,* as the Second Circuit made clear in *United States v. Litvak*, 808 F.3d 160, 188-190 (2d Cir. 2015), evidence of what superiors said to co-workers of a defendant is relevant. That is because the government must prove willfulness, here, knowledge that the subject conduct is unlawful, and disproving good faith is part of the government's burden of proof. The government's letter completely ignores that this is part of its burden.

Here, by analogy, what Mr. Cohen and his colleagues said to the foreign bank community is highly relevant to Mr. Atilla's state of mind.

*Second,* while the government claims it need not prove that Mr. Atilla knew that he was violating a particular law, it must prove that he was doing something he believed to be unlawful. That is crucial: it is not simply wrongful conduct that the charges require proof of.

To be clear (because the government's letter is not): we are not arguing that ignorance of the law is an excuse. We are arguing that Mr. Atilla could have believed in good faith that his conduct did not violate any law. This is because the U.S. never purported to make *unlawful* the kinds of transactions outside the U.S. in gold and proceeds of oil sales at issue in the case. Rather, the U.S., knowing full well (as Mr. Cohen stated repeatedly over the years) that it lacked authority to make those transactions unlawful, instead made them grounds for keeping the foreign banks involved out of the U.S. financial system.

In this regard (and for purposes of this argument only), if – for example – Mr. Atilla engineered or participated in a scheme to facilitate Iran obtaining Euros for its sale of oil in a manner that would have earned Halkbank a sanction, *Mr. Atilla had no reason to believe that that conduct would have violated any criminal law*. This is especially important where the government seeks to hold a foreign individual responsible for allegedly violating U.S. law.

So what Mr. Cohen and OFAC said to Halkbank and other banks informs the atmosphere within which Mr. Atilla operated.

In this context, we ordinarily would not care what Mr. Cohen personally thinks. But that became relevant when he said (we note, without any basis whatsoever) that it was part of his standard "roadshow" with foreign banks to tell them that sanctionable conduct (conduct incompatible with the secondary sanctions) could be penalized civilly and criminally in the U.S. We know of no instance where that was said to any foreign bank (much less to Halkbank or to Mr. Atilla) and showing (as we are trying) that Mr. Cohen did not say that (because he would not have said something inconsistent with his own understanding of the law) is critical impeachment.

We note in addition that much of this could have been avoided had the government complied with our request, most recently by way of a *Touhy* letter directed to the Department of



the Treasury ("DOT"), specifically requesting any document relating to any communication between DOT and Halkbank. That if complied with by the government, or more recently DOT, would have produced any roadshow template or outline or memo, obviating the need to ask Mr. Cohen certain questions now deemed by the government to be outside the scope of his direct. We would ask the Court to order the government or the DOT to produce those documents on Monday and continue Mr. Cohen's appearance until they are produced. The government has conceded that Mr. Cohen's communications with Halkbank and, indeed, DOT's other public statements are relevant.

Further, the government persists in its unprecedented and wrong view of the law. The government implies that the "Court has already ruled" that the defendant can be "prosecuted for willfully avoiding the imposition of secondary sanctions" and goes on to cite a Sanctions law. The Court has ruled that a non-U.S. person can be prosecuted under the Sanctions law, but has not ruled under what circumstances this can occur. In other words, the Court has not ruled that sanctionable conduct or evasion of secondary sanctions violates any Sanctions law – indeed, the Court could not do so because that would be inconsistent with the plain language of the Sanctions laws that limit prosecution for evasion to evasion of *prohibitions*, not sanctions.

Finally, it is particularly ironic that the government should complain about the amount of time the defense must spend cross examining Mr. Cohen when central to the Indictment is the claim that Mr. Atilla defrauded the U.S. government in his communications with Mr. Cohen. In this regard, the government's suggestion of a limiting instruction at this point would be unduly prejudicial and, if appropriate, should have been given after Lisa Palluconi testified. To give the instruction now would be to telegraph to the jury that our cross examination was improper, putting the Court's thumb on the scales of justice. The government knew where we were going with our cross examination and lost its attempt to preclude it prior to our cross. It should not benefit from the fact that we have gone forward as allowed by the Court in its ruling.

                                                      Respectfully submitted,

| HERRICK, FEINSTEIN LLP | FLEMING RUVOLDT PLLC |
|---|---|
| By: /s/Victor J. Rocco | By: /s/Cathy Fleming |
| Victor J. Rocco<br>Two Park Avenue<br>New York, New York 10016<br>(212) 592-1400 | Cathy Fleming<br>1700 Broadway, 28th Floor<br>New York, New York 10019<br>(212) 706-1850 |



Honorable Richard M. Berman
December 10, 2017
Page 4

| McDERMOTT WILL & EMERY LLP | LAW OFFICES OF JOSHUA L. DRATEL |
|---|---|
| By:  /s/ Todd Harrison | By:  /s/ Joshua L. Dratel |
| Todd Harrison<br>340 Madison Avenue<br>New York, New York 10173<br>(212) 547-5727 | Joshua Dratel<br>29 Broadway, Suite 1412<br>New York, New York 10006<br>(212) 571-3792 |

*Attorneys for Defendant Mehmet Hakan Atilla*