

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 18, 2017

**BY EMAIL AND ECF**

Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
Southern District of New York
500 Pearl Street, Room
New York, New York 10007

    Re:    **United States v. Mehmet Hakan Atilla**,
            S4 15 Cr. 867 (RMB)

Dear Judge Berman,

    The Government respectfully submits this letter in opposition to the motion by the defendant, Mehmet Hakan Atilla ("Def. Mot."), to enter into evidence a September 15, 2016 audio recording (the "Call") and transcript of a recorded telephone conversation (the "Transcript") between Reza Zarrab and one of his relatives while Zarrab was being held at the Metropolitan Correctional Center ("MCC"). Because – as defense counsel has now repeatedly acknowledged – the Call is being offered to impeach Zarrab's credibility its introduction into evidence is barred by the plain language of Federal Rule of Evidence 608.

    According to the Transcript (which is replete with errors), during the Call, Zarrab told a relative of his that "you have to admit to something you haven't done." (*See* Transcript at 3). During cross-examination of Zarrab, the following exchange occurred:

> Q: You told your uncle that, in this country, you have to admit to something you haven't done in order to become free; once you admit your guilt, you become free; isn't that correct?
>
> A: That is absolutely not correct, ma'am
>
> (Side bar)
>
> Q: You spoke with your uncle about how you get out of jail in the United States, correct?
>
> A. That is not correct, ma'am.

> Q. You didn't tell him that you have to admit to something you haven't done in order to get free?
>
> A. That is not correct, ma'am.

(Tr. 1010-1013).

During the testimony, at sidebar during the cross-examination, and again in their letter motion, defense counsel has argued that the basis for admitting the Call and Transcript is for "impeachment purposes." (*See id*.; *see* Def. Mot. at 2). Federal Rule of Evidence 608, however, squarely bars precisely that: "Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." This is precisely what the defense is attempting to do: use extrinsic evidence, *i.e.* the Call and the Transcript, of a specific instance of conduct, i.e. the particular telephone conversation recorded in the Call, to argue that Zarrab has a motive for lying, i.e. attacking his character for truthfulness. Black letter law precludes admissions of the Call and the Transcript. *See*, *e.g.*, *United States* v. *Weiss*, 930 F.2d 185, 199 (2d Cir. 1991) ("Had an appeal been preserved, however, Fed. R. Evid. 608(b) expressly precludes the use of extrinsic evidence to prove specific instances of misconduct such as that at issue in the life insurance application.").

Likely recognizing Rule 608(b)'s bar to this evidence, the defense now seeks to introduce this evidence as a prior inconsistent statement, pursuant to Federal Rule of Evidence 613(b). This fails for two reasons. First, an alleged prior inconsistent statement is not admissible where it is being offered to impeach on a collateral matter. *See United States* v. *Ghailani*, 761 F. Supp.2d 114, 118 (S.D.N.Y. 2011) ("[I]mpeachment by prior inconsistent statement must relate to a material rather than a collateral matter."). Zarrab's alleged statements to his relative have nothing to do with whether there was a wide-scale plot to launder Iranian oil proceeds through Halk Bank or whether Atilla joined that plot, and thus, are not admissible as prior inconsistent statements. *See United States* v. *Blackwood*, 456 F.2d 526, 531 (2d Cir. 1972) ("A witness may be impeached by extrinsic proof of a prior inconsistent statement only as to matters which are not collateral, *i.e.*, as to those matters which are relevant to the issues in the case and could be independently proven."). Here, the defense argues that "Zarrab's state of mind regarding the need -- or absence of need -- for veracity in what turned out to be his upcoming proffer sessions with the Government. His belief that a prospective cooperating defendant had to lie in order to obtain an acceptable deal from the Government constitutes a remarkable commentary on the motive underlying his trial testimony in this case." But a cooperating witness's "state of mind" upon deciding to cooperate is precisely the type of collateral matter that goes only to general credibility. *See United States* v. *Coven*, 662 F.2d 162, 171 (2d Cir. 1981) ("In this case, however, Wilt's state of mind when signing the cooperation agreement was a collateral matter going only to Wilt's general credibility.").

Second, this statement is not admissible because there is nothing inconsistent between what Zarrab testified to and what is even in the defense's Transcript. Nowhere in the Transcript does Zarrab say anything similar to "you have to admit to something you haven't done in order to become free." At most, Zarrab says separately, according to the Transcript, that "here you have to admit to something you haven't done" and "[b]ut once you admit your guilt, you are set

free." (*See* Tr. 3-4). The defense's own Transcript makes clear that those are two completely distinct thoughts without a direct linkage, contrary to what defense counsel's questions suggested. Defense counsel's failure to cross-examine Zarrab about the statements actually reflected in the defense's Transcript is fatal to their application—the foundational requirements of Rule 613 simply have not been met. *See United States* v. *Strother,* 49 F.3d 869, 874 (2d Cir. 1995). Thus, there is no inconsistency, and no basis to admit the statement.

      For the foregoing reasons, the Government respectfully submits that the defendant's motion to admit the Call and the Transcript should be denied.

                                        Respectfully submitted,

                                        JOON H. KIM
                                        Acting United States Attorney

                    by:       */s/*
                          Michael D. Lockard,
                          Sidhardha Kamaraju,
                          David W. Denton, Jr.
                            Assistant United States Attorneys
                          Dean C. Sovolos,
                            Special Assistant United States Attorney
                          (212) 637-2193/6523/2744/2213

cc:     Counsel of record (by email)