

**Victor J. Rocco**
Partner
Phone: 212.592.1422
Fax: 212.545.2333
vrocco@herrick.com

December 18, 2017

**BY ECF**

Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 17B
New York, NY 10007-1312

Re:   United States v. Mehmet Hakan Atilla, S4 15 Cr. 867 (RMB)

Dear Judge Berman:

On behalf of Mehmet Hakan Atilla, we oppose a conscious avoidance charge in this case. Briefly, this charge is not a matter of right for the government – it does not serve as an automatic, alternative means of proving knowledge in every case. Instead, it is only appropriate where the factual record supports the notion that the defendant consciously avoided knowing something the government must prove beyond a reasonable doubt.

As a preliminary point, we want to re-emphasize that whatever the Court chooses to do on conscious avoidance, it is not a substitute for the element of intent – only for knowledge of the object of a conspiracy. *See, e.g., United States v. Reyes,* 302 F.3d 48, 54 (2d Cir. 2002); *United States v. Ferrarini,* 219 F.3d 145, 156 (2d Cir. 2000). So it cannot be substituted for proof of willfulness nor can it be substituted for proof of a knowing agreement with others. And in the circumstances of this case, it cannot be offered at all for any purpose because of the way the government has chosen to try this case and the evidence it has elicited in support of its theory.

   **1. The legal standard**

A conscious avoidance charge is not a matter of right for the government. Instead, the alleged facts established by the government at trial must provide a basis for a rational juror to reach the conclusion beyond a reasonable doubt that (i) the defendant was aware of a high probability of the fact in dispute, and (ii) deliberately avoided confirming the fact. *United States v. Kozeny*, 667 F.3d 122, 132 (2d Cir. 2011)*; United States v. Svoboda,* 347 F.3d 471, 480 (2d Cir. 2003).

A court commits error if it gives the charge when the government has established facts arguably showing that the defendant was told the information in question. *United States v. Ferrarini*, 219 F.3d 145, 157 (2d Cir. 2003) (evidence did not establish the requisite factual



predicate for conscious avoidance charge because evidence showed that defendant actually knew of the frauds). In that situation, the government's theory of guilt is based on the defendant knowing, not shielding himself from knowledge. Similarly, where there are insufficient facts from which a reasonable juror could conclude that a defendant shielded himself from knowledge, there, too, the charge is error. *United States v. Adeniji*. 31 F.3d 58, 63 (2d Cir. 1994) (court erred in giving conscious avoidance charge because evidence "did not support any inference" that defendant was avoiding knowledge).

**2. The alleged facts established by the government in this case**

In the case against Hakan Atilla, the government has proceeded from the start on the theory that Atilla was told by Zarrab that the monies generated by Zarrab from his alleged scheme would be turned into U.S. dollars. For example, the prosecution, in its opening, stated that "the point of Atilla's lies, the object at the end of it all, was to be able to lie to American banks, including banks right here in Manhattan, to trick them into thinking that hundreds of millions of dollars that he was laundering had nothing to do with the government of Iran." (Tr. at 19). It cannot be "the point" of a lie if Atilla deliberately blinded himself to learning that point. Similarly, the prosecution in its opening stated that "Atilla was working with Zarrab and the other co-conspirators to launder billions of dollars in Iranian oil money through Halkbank, using phony documents, and that the money was going to payments through American banks with the government of Iran pulling the strings behind the scenes." (Tr. at 35-36).

At no time has the government proceeded on the theory that Mr. Atilla should have known or deliberately avoided learning that the Zarrab proceeds from his Halkbank transactions would be dollarized. That is not accidental: the government could not do so even if they wanted to. Turning proceeds from Iranian related transactions into Euros would have been valuable to Zarrab and Iran. As Mr. Cohen confirmed, that is why the Treasury Department so desperately needed the cooperation of the European community in its Iranian sanctions program. Without Europe's buy-in, Iran would have been free to deal in Euros, seriously diminishing the consequence of any foreign institution being banned from the US financial system. So, to paraphrase the language of the conscious avoidance charge, this is not a situation where there is proof that Mr. Atilla "deliberately closed his eyes to what would otherwise have been obvious to him."

Finally, the government has not offered any proof that Mr. Atilla took any "deliberate actions to avoid learning" the fact in question. In Zarrab's numerous diagrams of the transactions he allegedly discussed with Mr. Atilla and others, Zarrab never once suggested that Mr. Atilla did something to avoid learning what Zarrab was doing. That too is fatal. *See Global-Tech Appliances v. SEB S.A.,* 131 S. Ct. 2060, 2070 (2011).



**Conclusion**

  For the reasons stated above, a conscious avoidance charge should not be given to the jury in this case.

                Respectfully submitted,

| HERRICK, FEINSTEIN LLP | FLEMING RUVOLDT PLLC |
|---|---|
| By:  /s/Victor J. Rocco | By:  /s/Cathy Fleming |
| Victor J. Rocco<br>Two Park Avenue<br>New York, New York  10016<br>(212) 592-1400 | Cathy Fleming<br>1700 Broadway, 28th Floor<br>New York, New York  10019<br>(212) 706-1850 |
| McDERMOTT WILL & EMERY LLP | LAW OFFICES OF JOSHUA L. DRATEL |
| By:  /s/ Todd Harrison | By:  /s/ Joshua L. Dratel |
| Todd Harrison<br>340 Madison Avenue<br>New York, New York  10173<br>(212) 547-5727 | Joshua Dratel<br>29 Broadway, Suite 1412<br>New York, New York  10006<br>(212) 571-3792 |

          *Attorneys for Defendant Mehmet Hakan Atilla*