

Boston  Brussels  Chicago  Dallas  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Todd Harrison
Attorney at Law
tdharrison@mwe.com
+1 212 547 5727

December 22, 2017

**VIA ECF**

Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1650
New York, New York 10007

    Re:    **United States v. Mehmet Hakan Atilla**, S4 15 Cr. 867 (RMB)

Dear Judge Berman:

    We represent defendant Mehmet Hakan Atilla ("Atilla") in the above referenced matter. We write to respond to Your Honor's request for proposals for how to respond to the jury's note asking the following question: "Regarding the conspiracy to violate IEEPA, can we have clarification on the 3rd element? '. . . that the [government] must prove to establish an IEEPA violation is that at the time of the transactions at issue, the Defendant had not obtained a license to conduct such transactions from the Department of the Treasury's Office of Foreign Assets Control or OFAC.'" The jury's question requests clarity as to the elements of proving Count 2 of the Indictment, Conspiracy to Violate the International Emergency Economic Powers Act ("IEEPA"). As discussed in Section A, the jury's note should be answered consistently with the Superseding Indictment, the parties' proposed jury charges and the Court's written jury charge which the jurors have with them in the jury room.[1] The Court should further reject the government's attempt to rewrite the Superseding Indictment, take back its proposed jury charge and amend the Court's jury charge which has already been submitted to the jury. In addition, for the reasons set forth in Section B, we respectfully request that this Court dismiss Counts 2-6 pursuant to Rule 29 and supplement Defendant's motion for acquittal with this letter.

---

[1] The transcript reflects that the Court said "IEEPA conspiracy" instead of "IEEPA violation" on page 2411. We believe it is of no moment for two reasons: (1) neither side objected when the charge was read or when asked at the end of the charge if the Court had read it properly; and (2) each juror has a copy of the written instructions which contains the proper wording.

### A. Response to the Jury's Note

To answer the jury's question, we propose that the Court respond as follows:

In response to your note, I wanted to clarify that there are only two elements to prove a conspiracy. The government must prove beyond a reasonable doubt (1) "an agreement or understanding among at least two people to violate the IEEPA;" and (2) "the defendant knowingly and willfully became a member of that conspiracy, with knowledge of its unlawful objective." (*See* Joint Requests to Charge [Dkt. #324] at 64.) Given the quotation in your note, I understand that you may be asking a question about the third element of a *substantive* violation of IEEPA. I wanted to further remind you that in order to convict Mr. Atilla under a conspiracy theory, the Government must prove that the intended future conduct the conspirators agreed upon includes all elements of the substantive crime. With regard to the third element of the *substantive* violation of IEEPA, the government must prove that at the time of the transactions at issue, the defendant had not obtained a license to conduct such transactions from the Department of Treasury's Office of Foreign Assets Control, or OFAC.

The jury should be informed that the government must prove beyond a reasonable doubt that: (1) "there was an agreement or understanding among at least two people to violate the IEEPA" and (2) "the defendant knowingly and willfully became a member of that conspiracy, with knowledge of its unlawful objective." (*See* Joint Requests to Charge [Dkt. #324] at 64.) This is the second question from the jury regarding the interplay between conspiracy and substantive crimes. (*See* 12/20/17 Jury Note requesting definition of "substantive"). As such, we have included the additional clarification that the "government must prove that the intended future conduct the conspirators agreed upon includes all elements of the substantive crime." *See United States v. Pinckney*, 85 F.3d 4, 8 (2d Cir. 1996) (reversing conviction because of the Government's failure to adduce proof sufficient to sustain a conspiracy conviction and remanding to the district court with instructions to dismiss the indictment) (citing *United States v. Rose*, 590 F.2d 232, 235 (7th Cir. 1978), *cert. denied*, 442 U.S. 929 (1979)); *United States v. Coplan*, 703 F.3d 46, at 66 (2d Cir. 2012)(quoting *Pinckney* for the proposition that the government must prove that the intended future conduct "includes all the elements of the substantive crime" and reversing conspiracy convictions).

This alone, however, does not answer the jury's question.

The jury is clearly confused as to what the government must prove with regard to the second element of the IEPPA conspiracy charge, i.e., the *object* of the conspiracy. Here, the object of the alleged conspiracy is the violation of IEEPA. The jury must also be instructed concerning *what* must be proven by the government. Count 2 of the Superseding Indictment, dated September 6, 2017 (the "Indictment") states that the object of the conspiracy is as follows:

> It was a part and object of the conspiracy that [**Zarrab**, **Atilla**, **Caglayan**, **Aslan**, …, the defendants, and others known and unknown, would and did provide and cause others to provide financial services to Iran and to the Government of Iran prohibited by U.S. law, **without first obtaining the required approval of OFAC**, and to evade and avoid the requirements of U.S. law, with respect to the provision of financial services to Iran and to the Government of Iran, in violation of Executive Orders 12959, 13059, 13224, 13599, 13622, and 13645 and 31 C.F.R. ss 560.203, 560.204, 560.205, 561.203, 561.204, and 561.205.

(Indictment ¶ 90 (emphasis supplied); *see also* ¶ 9 ("The ITSR, Title 31, Code of Federal Regulations, Section 560.204, prohibits, among other things, the exportation, reexportation, sale, or supply, directly or indirectly, from the United States, or by a United States Person, of goods, technology, or services to Iran or the Government of Iran (with certain limited exceptions) . . . **without a license from [OFAC]**" (emphasis supplied).) As charged, the object of the conspiracy requires that each defendant engage in certain transactions "without first obtaining the required approval of OFAC" or a "without a license from OFAC." (*Id.*) In other words, each defendant allegedly lacked a license to conduct certain transactions.

The government's proposed request to charge the jury reflected this view of the Indictment. On October 30, 2017, the government requested that the jury be instructed that "[t]he third element that the government must prove to show a substantive violation of the IEEPA is that at the time of the transactions at issue, **the defendant had not obtained a license** to conduct such transactions from the Department of the Treasury's Office of Foreign Assets Control, otherwise known as OFAC." (Joint Proposed Request to Charge [Dkt. # 324] at 86.) On December 17, 2017, the government proposed the exact same language. (Government's Proposed IEEPA Charge, dated Dec. 17, 2017, at 6). Prior to the jury charge, the government stated "we believe . . . that the Court's instructions on IEEPA is an accurate statement of the law." (Tr. at 2356).

The Court adopted the government's proposed instruction and read it to the jury as follows: "[t]he third element that the government must prove to establish an IEEPA violation is that at the time of the transactions at issue, **the Defendant had not obtained a license** to conduct such transactions from the Department of the Treasury's Office of Foreign Assets Control or OFAC." (Court's Jury Charge, Tr. 2411; Jury Charge, dated Dec. 20, 2017 at 51.).

<u>First</u>, that charge is correct and the government has requested similar charges in other IEEPA cases in this district. *See United States v. Saghafi*, No. 13-cr-343, ECF No. 38 (S.D.N.Y. Oct. 15, 2013) (government's request to charge)(the government must prove "that the defendant did not have a license to export goods from the Treasury Department's Office of Foreign Assets Control"); *United States v. Banki*, No. 10-cr-00008, ECF No. 63 (S.D.N.Y. May 5, 2010)(government's request to charge) ("the United States must prove that the defendant did not have a license to transfer funds to Iran issued by the Treasury Department's Office of Foreign Assets Control").

Second, the government's belated request to alter the charge comes too late and it should be rejected. According to Rule 30(d) of the Federal Rules of Criminal Procedures "a party who objects to any portion of the instructions or to a failure to give a requested instructions must inform the court of the specific objection and the grounds for the objection *before the jury retires to deliberate*." FED. R. CRIM. P. 30(d) (emphasis added). Courts have consistently held that jury instruction "requests submitted after the trial judge has concluded his instructions come way too late." *See United States v. Strassman*, 241 F.2d 784, 786 (2d Cir. 1957); *United States v. Salas*, 387 F.2d 121, 122 (2d Cir. 1967)(when complaint about jury instruction was lodged after the jury had been charged the district court rejected request for amendment and "there was no abuse of discretion in denying his belated request"); *United States v. Skelly*, 442 F.3d 94, 99 (2d Cir. 2006) ("the defendants therefore failed to raise a specific objection [to the jury charge] and thereby forfeited it"); *United States v. Baldeo*, No. 13-cr-125, 2014 U.S. Dist. LEXIS 167529, at *8 (S.D.N.Y. Dec. 3, 2014)("since Defendant did not object to the venue instruction before the jury retired, his argument is forfeited.").

Third, it appears that the jury is seeking guidance on the interplay between conspiracy and substantive counts and the proposed response would clarify that issue and would reiterate the Court's prior correct instruction. This is consistent with prevailing law because "conspiracy is a specific intent crime . . . [p]roof that the defendant knew that some crime would be committed is not enough." *United States v. Hassan*, 578 F.3d 108, 123 (2d Cir. 2008)(emphasis in original). "The Government must also prove, beyond a reasonable doubt, that the defendant possessed the specific intent to commit the offense that was the object of the conspiracy." *United States v. Valle*, 807 F.3d 508, 516 (2d Cir. 2015)(reversing conviction); *Hassan*, 578 F.3d at 123; *see also United States v. Torres*, 604 F.3d 58 (2d Cir. 2010) ("circumstantial evidence of knowledge and specific intent sufficient to sustain a conviction must include some indicia of the specific elements of the underlying crime"). Therefore, the jury should be informed that in order to convict Mr. Atilla, the government must prove beyond a reasonable doubt that Mr. Atilla entered into a criminal conspiracy in which the "intended future conduct the conspirators agreed upon includes all elements of the substantive crime" (*see Pinckney*, 85 F.3d at 8; *Coplan*, 703 F.3d at 66), which would include "that at the time of the transactions at issue, the defendant [would not] obtain[] a license to conduct such transactions from the Department of Treasury's Office of Foreign Assets Control, or OFAC." This is consistent with how the Government charged Mr. Atilla in the Indictment and with its prior proposed jury charges. It is also clearly consistent with the manner in which the Government believed they needed to prove their case at trial, given that they introduced into evidence GX 8041, which purported to be a list of the individuals involved in the matter checked against [the list of licensed individuals at OFAC]. It is also consistent with the defense's understanding of the government's theory and burden of proof at trial.

Fourth, the Court must reject the government's request to "restate the third element" with "a more precise description of the third element . . . that the transactions were not licensed" "[a]s opposed to that the defendant did not have a license." (Tr. 2478:12-17.) If the Court adopted the government's approach, that would constitute an impermissible constructive amendment of the Indictment and, thus, violate the defendants' Fifth Amendment rights relating to the Grand Jury.

*See United States v. Mollica*, 849 F.2d 723, 729 (2d Cir. 1988)("it is critical that courts 'vigilantly enforce the Fifth Amendment requirement that a person be tried only on the charges contained in the indictment returned by the grand jury.'"). "Constructive amendment is a *per se* violation of the Fifth Amendment." *United States v. Milstein*, 401 F.2d 53 (2d Cir. 2005) (vacating conviction because the Indictment was constructively amended). The Second Circuit has instructed that "we must be especially alert to subtle attempts to broaden the already pervasive and wide sweeping nets of conspiracy prosecutions." *Mollica*, 849 F.2d at 729 (reversing conviction because the jury charge constructively amended the indictment)(internal citations omitted); *see also United States v. Guevara*, 277 F.3d 111 (2d Cir. 2001)(finding a constructive amendment to the indictment where the District Court charged instructed the "jury that drug quantity was not an element of the offense and need not be proven"). The Supreme Court has cautioned against altering Indictments and there is no good reason to do so here:

> If it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a prisoner's trial for a crime, and without which the Constitution says 'no person shall be held to answer,' may be frittered away until its value is almost destroyed.

*Stirone v. United States*, 361 U.S. 212, 216 (1960)(internal citations omitted).

Moreover, the jury has already been deliberating for two days and has had possession of the Indictment which requires the Government to prove that *Mr. Atilla* had not obtained a license and each jury member has a physical copy of the Court's Jury Charge which contains the same requirement. *See* Indictment, at ¶ 90 ("It was a part and object of the conspiracy that . . . *Atilla* . . . would and did provide and cause others to provide financial services to Iran and to the Government of Iran prohibited by U.S. law, without first obtaining the required approval of OFAC)(emphasis added); Court's Jury Charge, Tr. 2411 ("to establish an IEEPA violation is that at the time of the transactions at issue, *the Defendant* had not obtained a license to conduct such transactions from the Department of the Treasury's Office of Foreign Assets Control or OFAC.")(emphasis added).

For those reasons, we respectfully submit that the Court should respond to the jury's note as set forth above.

**B.  Rule 29**

Based upon the failure of proof set forth herein, the defendant hereby supplements his motion filed pursuant to Federal Rule of Criminal Procedure 29(a) as an additional basis for entry of judgment of acquittal on the so-called IEEPA count of the indictment. With regard to the IEEPA conspiracy, the government has failed to introduce any evidence on an element that

the Court in its charge to the jury correctly identified as essential to the Government's burden of proof.

The Court in its jury charge identified the Defendant's obtaining a license from OFAC as one of the three necessary IEEPA conspiracy objects that the government must prove to establish the existence of an IEEPA conspiracy. It stated:

> And the third element that the government must prove to establish the IEEPA conspiracy is that at the time of the transactions at issue, the defendant had not obtained a license to conduct such transactions from the Department of Treasury's Office of Foreign Assets Control or OFAC.

(Court's Jury Charge, Tr. 2411). At the on the record hearing, before the issuance of the jury charge, the government specifically endorsed this jury charge as well as the other IEEPA charges. As the government stated, "we believe . . . that the Court's instructions on IEEPA is an accurate statement of the law." (Tr. at 2356).

As discussed more fully above, the government has consistently asserted and acknowledged that it must prove that the defendant did not have a license from OFAC as a necessary element of the charged conspiracy. (Joint Proposed Request to Charge [Dkt. # 324] at 65, n. 28; Tr. 2356; Government's Proposed IEEPA Charge, dated Dec. 17, 2017, at 6). Indeed, from the very beginning of this case, the government has asserted that the obtaining of a license is, except in very limited instances, a necessary requirement for trade with Iran. (Superseding Indictment, at ¶ 9).

The government's proof at trial failed entirely to establish that the Defendant had obtained the requisite license. GX 8041 is an April 26, 2016 "License History Check" issued by OFAC. It sets forth a list of 351 names (Attachment A) as to which OFAC searched to determine the existence of a license or lack thereof. Defendant Atilla's name is not among the 351 people or entities for whom OFAC conducted this search. The only witness to testify on the subject was Ms. Palluconi who was asked whether a few entities and individuals had licenses – none of them were Atilla. (Tr. at 136-137). Thus, the government simply introduced no evidence against him on this critical point.

Count 2 of the Indictment for Conspiracy to Violate IEEPA must be dismissed because the government lacks proof of the object of the conspiracy, *i.e.*, an underlying violation of IEEPA. Counts 5 and 6 must be dismissed because the "specified unlawful activity" charged to support the money laundering charge and the conspiracy to commit money laundering *is a violation of IEEPA*. Without proof of the underlying specific unlawful activity, the money laundering charges must also be dismissed.

For the reasons set forth on page 2 of the Defendant's earlier Rule 29 submission, if the IEEPA conspiracy count is dismissed, the bank fraud and money laundering conspiracy and

substantive counts must fall as well. Mr. Atilla respectfully requests that Counts 2-6 be dismissed pursuant to Rule 29.

Respectfully submitted.

| | |
|---|---|
| HERRICK, FEINSTEIN LLP | FLEMING RUVOLDT PLLC |
| By: /s/Victor J. Rocco<br>    Victor J. Rocco<br>    Two Park Avenue<br>    New York, New York 10016<br>    (212) 592-1400 | By: /s/Cathy Fleming<br>    Cathy Fleming<br>    1700 Broadway, 28th Floor<br>    New York, New York 10019<br>    (212) 706-1850 |
| McDERMOTT WILL & EMERY LLP | LAW OFFICES OF JOSHUA L. DRATEL |
| By: /s/ Todd Harrison<br>    Todd Harrison<br>    340 Madison Avenue<br>    New York, New York 10173<br>    (212) 547-5727 | By: /s/ Joshua L. Dratel<br>    Joshua Dratel<br>    29 Broadway, Suite 1412<br>    New York, New York 10006<br>    (212) 571-3792 |

*Attorneys for Defendant Mehmet Hakan Atilla*

cc: All Counsel (via ECF)