**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 22, 2017

**BY EMAIL AND ECF**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 17B
New York, New York 10007

      Re:    **United States v. Mehmet Hakan Atilla,**
             **S4 15 Cr. 867 (RMB)**

Dear Judge Berman,

      The Government respectfully submits this letter in connection with the jury's note concerning the elements of conspiracy to commit IEEPA and the discussion held on the record concerning this note yesterday afternoon. The note asked for clarification concerning the IEEPA conspiracy charge:

> Regarding the conspiracy to violate IEEPA, can we have clarification on the third element. And then it looks like this is a quote, the government must prove to establish an IEEPA violation that at the time of the transaction at issue, the defendant had not obtained a license to conduct such transaction from the Department of Treasury's Office of Foreign Assets Control or it looks like OFAC.

(Tr. 2460).

      As the Court noted, the transcript of the jury charge indicated that the third element of an IEEPA violation was described as a third element of an IEEPA conspiracy. (Tr. 2411). As the Court observed, this characterization was a mistake, as an IEEPA conspiracy has only two elements. (Tr. 2469; *see also id.* at 2471).

Defense counsel argued that: "The government never proved this element of the conspiracy. They never proved that Mr. Atilla was not licensed.[1] And quite frankly, I think that would support a motion to dismiss the indictment on those grounds." (Tr. 2469). Defense counsel argued that the jury must be instructed that the defendant specifically lacked a license. (Tr. 2472, 2477). Responding to this argument, the Court observed, "So I need, if you can, an instruction that embraces and deals with the jury's concerns along the lines of what I suggested. If you want to go a different route and say that that is a requirement of the conspiracy, you can do that. But I'm going to disagree with you."). (Tr. 2470). The Government argued that, because Count Two charges an IEEPA conspiracy rather than a substantive IEEPA offense, the defendant need merely to have agreed with others to engage in transactions in violation of the IEEPA rather than personally engaging in transactions in violation of the IEEPA. (Tr. 2475-77; 2478).

The Court gave the parties the guidance that "I think that rather than going beyond to the cases, I think you may find answers in the instructions." (Tr. 2479; *see also* Tr. 2477 "I think you have to look more carefully throughout the instructions to see if there is any help for either position. Not just that instruction. Because there are, I don't remember them offhand, but there are in talking about co-conspirators who does what kind of thing. I don't know if that applies here. But that's what you have to look at.").

As an initial matter, defense counsel's suggestion that the Court may not clarify the jury instructions in response to a jury note in order to provide the jury with a correct statement of the law (Tr. 2478-79) violates fundamental principles of the rule of law and the fair administration of justice. The Court certainly is entitled – indeed, obligated – to provide the jury with a correct explanation of the law. *See, e.g.*, *Bollenbach* v. *United States*, 326 U.S. 607, 612 (1946) (describing "the judge's responsibility to give the jury the required guidance by a lucid statement of the relevant legal criteria"); *United States* v. *Civelli*, 883 F.2d 191, 195 (2d Cir. 1989) ("If a supplemental charge is legally correct, the district court enjoys broad discretion in determining how, and under what circumstances, that charge will be given."); *United States* v. *James*, 998 F.2d 74, 78 (2d Cir. 1993) ("[W]e conclude that Judge Sprizzo did not commit plain error in giving a modified supplemental instruction to rectify the legally incorrect supplemental charge he had previously given. . . . [T]he judge properly gave a modified supplemental instruction correcting his prior erroneous statement."); *see also United States* v. *Castelin*, 597 F. App'x 22, 23 (2d Cir. 2015); ("The district court delivered this second supplemental instruction to correct a previous instruction that the court had delivered after the jury asked whether Castelin had to explicitly know that the substance at issue was oxycodone.").

Moreover, the Government agrees with the Court's suggestion that the jury instructions as a whole answer the jury's question and clarify the interaction between the elements of conspiracy charge and the elements of the object of the conspiracy. The instructions that the Government believes are relevant to the question asked by the jury are set forth in an appendix to this letter. Where an instruction relevant to the charged IEEPA conspiracy were first given with respect to another Count, language relating the charge to the IEEPA conspiracy count is inserted in brackets.

---

[1] This argument is frivolous. The Government will respond to the defendant's arguments concerning the sufficiency of the evidence at such time as it is properly raised.

These instructions make clear that, while it is appropriate in a substantive IEEPA charge to instruct that the particular defendant lack a license, in a conspiracy charge it is appropriate to instruct that the transaction was unlicensed. This is because, in a conspiracy charge, it is not necessary that the particular defendant be a direct party to the transaction or transactions that violate the IEEPA. It is enough that the defendant knowingly and willfully joined a conspiracy, the object of which was that a transaction or transactions in violation of the IEEPA would occur, regardless of who was party to that transaction or those transactions. The Court has already recognized that this is the correct statement of the law. (*See* Tr. 2470 If you want to . . . say that that is a requirement of the conspiracy, you can do that. But I'm going to disagree with you."). Accordingly, the Government requests that these charges be given to the jury, along with the clarification that, in the context of a charged conspiracy to violate the IEEPA, the third element of a substantive IEEPA offense is correctly stated as: "that the [parties to the transaction] had not obtained a license to conduct such transactions," which would clarify any potential confusion resulting from the reference to a generic defendant in the charge as delivered.

Very truly yours,

JOON H. KIM
Acting United States Attorney

by:           */s/*         
Michael D. Lockard / Sidhardha Kamaraju / David W. Denton, Jr.
   Assistant United States Attorneys
Dean C. Sovolos
   Special Assistant United States Attorney
(212) 637-2193 / 6523 / 2744 / 2213

Cc: Counsel of record (via ECF)

# APPENDIX

> A conspiracy to commit a crime is an entirely separate and different offense from the substantive crime or crimes that may be the objective of the conspiracy. The essence of the crime of conspiracy is an agreement or understanding to violate the law, and thus, a conspiracy may exist even if it should fail in its purposes.
>
> Consequently, in a conspiracy, there is no need to prove that the crime or crimes that were the objective of the conspiracy were actually committed. The point is that the crime or crimes that were the objectives of the conspiracy need not have been actually committed for a conspiracy to exist.
>
> So, for example, even if you do not find that the defendant committed the substantive count of [violating the IEEPA], you may still find him guilty of committing the alleged conspiracy to commit [violating the IEEPA].

(Jury charge p. 31; Tr. 2391).

> To sustain its burden of proof with respect to the crime of conspiracy to [violate the IEEPA], the government must separately prove beyond a reasonable doubt that follow the following elements:
>
> First, the existence of the conspiracy charged, that is, with respect to Count [Two] of the indictment, the existence of an agreement or understanding to [violate the IEEPA]; and
>
> Two, that the defendant knowingly and willfully became a member of that conspiracy.

(Jury charge p. 32; Tr. 2392).

> What is a conspiracy? A conspiracy is a combination, agreement, or an understanding of two or more persons to accomplish by concerted action a criminal or unlawful purpose.

(Jury charge p. 33; Tr. 2393).

> The gist or essence of the crime of conspiracy is the unlawful combination or agreement to violate the law. The conspiracies alleged here are the agreements to commit certain crimes, and as I said before, they are entirely distinct and separate offenses from the actual commission of any of the alleged crimes. In order to show that a conspiracy existed, the evidence must show that two or more persons in some way or manner, through any contrivance, explicitly

or implicitly, came to an understanding to violate the law and to accomplish an unlawful plan.

\* \* \*

It is sufficient if two or more persons in some way or manner, formally or informally, impliedly or tacitly came to a common understanding, a common plan that will violate the law.

(Jury charge pp. 33-34; Tr. 2394).

The objects of a conspiracy are the illegal goals the co-conspirators agree or hope to achieve.

(Jury charge p. 35; Tr. 2395)

To satisfy its burden, the government must prove beyond a reasonable doubt that the defendant knowingly, willfully and unlawfully entered into the conspiracy, into the agreement, and that he did so with a criminal intent, that is, with a purpose to violate the law, and that he agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives.

(Jury charge p. 37; Tr. 2397).

The duration and extent of a defendant's participation in a conspiracy has no bearing on the issue of defendant's guilt. A defendant need not have joined the conspiracy at the outset. A defendant may have joined it for any purpose at any time in its progress, and that defendant will still be held responsible for all that was done before that defendant joined, and all that was done during the conspiracy's existence while the defendant was a member.

Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw defendant within the ambit of the conspiracy.

(Jury charge pp. 40-41; Tr. 2400-01).

Count Two of the indictment charges the defendant with participating in a conspiracy from at least in or about 2010 up to and including in or about 2015 to violate a license, order, regulation, or prohibition issued pursuant to the International Emergency Economic Powers Act, otherwise known as IEEPA.

> Under the authority of IEEPA, among other things, the United States has adopted certain restrictions called economic sanctions on transactions with or involving the Islamic Republic of Iran. Among other things, these sanctions prohibit causing the export of a service directly or indirectly to Iran or the government of Iran from the United States or by a United States person. In addition, during the relevant time period, the sanctions allowed penalties against foreign financial institutions with bank accounts in the United States if those foreign financial institutions violated certain rules on assisting transactions with or for the benefit of Iran.
>
> I've already instructed you as to what a conspiracy is and how you should go about determining whether one existed and whether the defendant knowingly joined and participated in it, and those same principles apply to Count Two as they did to Count One. However, no overt act is required for this second conspiracy count. One was required for the first conspiracy. It is not required not second conspiracy.
>
> As I've stated, the object of the conspiracy charged in Count Two is the violation of IEEPA. A violation of IEEPA has itself the following elements:
>
> First, the violation of any license, order, regulation, or prohibition issued pursuant to IEEPA; and
>
> Second, the violation was committed willfully; and
>
> Third, that the Office of Foreign Assets Control, OFAC, had not issued a license to engage in the charged transactions.
>
> As I've mentioned, you need not find that a substantive violation of the IEEPA actually occurred, only that the defendant knowingly and willfully participated in a conspiracy to engage in conduct that would have violated IEEPA.

(Jury charge pp. 45-46; Tr. 2405-06).

> In order to prove that the defendant conspired to commit an IEEPA offense, the government must prove that defendant agreed with others to violate a license, order, regulation or prohibition issued pursuant to IEEPA.

(Jury charge p. 46; Tr. 2407).

> And the third element that the government must prove to establish the IEEPA conspiracy is that at the time of the transactions at issue,

>the [parties to the transaction] had not obtained a license to conduct such transactions from the Department of Treasury's Office of Foreign Assets Control, or OFAC.
>
>With regard to this, I've said it before, but with regard to this second conspiracy, no overt act is required. So unlike the case of the Count One conspiracy, where, as I said, an overt act must be proven, it is not necessary for the government to prove the commission of any overt act in furtherance of the conspiracy to violate IEEPA set forth in Count Two, as long as the government proves that the conspiracy charged in Count Two existed, and that the defendant was a knowing and intentional member of that conspiracy.

(Jury charge p. 51; Tr. 2411).