

Boston  Brussels  Chicago  Dallas  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Todd Harrison
Attorney at Law
tdharrison@mwe.com
+1 212 547 5727

December 29, 2017

<u>**VIA ECF**</u>

Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1650
New York, New York 10007

Re:   **<u>United States v. Mehmet Hakan Atilla</u>, S4 15 Cr. 867 (RMB)**

Dear Judge Berman:

  We represent defendant Mehmet Hakan Atilla in the above referenced matter.  We write to the Court in response to its request for clarification regarding the Rule 29(a) motion filed on December 15, 2017 (ECF No. 382) and the letter filed on December 22, 2017 (ECF No. 394).  The defense previously requested that the Court "supplement Defendant's motion for acquittal with" the December 22, 2017 letter.  (ECF No. 294, at 1).  By means of this letter we hereby withdraw the supplemental letter dated December 22, 2017 as it relates to the Rule 29(a) motion made on December 15, 2017.  We are not withdrawing our December 15, 2017 Rule 29(a) motion which was filed at the close of the government's case.  (ECF No. 382).

  Given that the Court reserved ruling on the December 15, 2017 Rule 29(a) motion, (12/15/17 Tr. at 1972), that motion should be considered in its originally filed form and should be considered based only on the government's case-in-chief.  *See* FED. R. CRIM. P. 29(b) ("Reserving Decision.  The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict.  If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved."); *United States v. Autori*, 212 F.3d 105, 108 (2d Cir. 2000) ("Because [defendant] first moved for judgment of acquittal at the close of the prosecution's case-in-chief, the district court evaluated sufficiency on the basis only of the evidence presented by the government."); *United States v. Reyes*, 302 F.3d 48, 50 (2d Cir. 2002)("While a district court may reserve decision on a motion for judgment of acquittal, its later ruling on the motion must be based only on the evidence before the court at the time of the reservation.").

U.S. practice conducted through McDermott Will & Emery LLP.

**340 Madison Avenue New York New York 10173-1922  Telephone: +1 212 547 5400  Facsimile: +1 212 547 5444   www.mwe.com**

At Honorable Richard M. Berman
December 29, 2017
Page 2

    We intend to make a Rule 29(c) motion based on the entirety of the evidence, post-verdict, if necessary, on the grounds set forth in the December 22, 2017 letter and any other applicable grounds. *See* FED. R. CRIM. P. 29(c)(1) ("A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.").

    Respectfully submitted,

| HERRICK, FEINSTEIN LLP | FLEMING RUVOLDT PLLC |
|---|---|
| By: /s/Victor J. Rocco<br>Victor J. Rocco<br>Two Park Avenue<br>New York, New York 10016<br>(212) 592-1400 | By: /s/Cathy Fleming<br>Cathy Fleming<br>1700 Broadway, 28th Floor<br>New York, New York 10019<br>(212) 706-1850 |
| McDERMOTT WILL & EMERY LLP | LAW OFFICES OF JOSHUA L. DRATEL |
| By: /s/ Todd Harrison<br>Todd Harrison<br>340 Madison Avenue<br>New York, New York 10173<br>(212) 547-5727 | By: /s/ Joshua L. Dratel<br>Joshua Dratel<br>29 Broadway, Suite 1412<br>New York, New York 10006<br>(212) 571-3792 |

*Attorneys for Defendant Mehmet Hakan Atilla*

cc:    All Counsel (via ECF)