*Court Exhibit*
*G*

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    12/15/17
- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA              :

          -v.-                        :

Mehmet Hakan Atilla,                  :

                                      :
          Defendant.
                                      :
- - - - - - - - - - - - - - - - - - -X
```

Jury Instructions

## Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room. You will receive a copy of these instructions (along with a Verdict Sheet to be filled out) to take with you into the jury room. Your decision (verdict) must be unanimous.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be -- or ought to be -- it would violate your sworn duty to base a verdict upon any other view of the law than the one I give you.

2

### Role of the Jury

Your role, as I have earlier said, is to consider and decide the fact issues in this case.  You, the members of the jury, are the sole and exclusive determiners of the facts.  You pass upon the evidence; you determine the credibility or believability of the witnesses; you resolve whatever conflicts may exist in the testimony; you draw whatever reasonable inferences and conclusions you decide to draw from the facts as you have determined them; and you determine the weight of the evidence.

In determining the facts, you must rely upon your own independent recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  Nor is anything I may have said during the trial or may say during these instructions about a fact issue to be taken instead of your own independent recollection.  What I say is not evidence.  In this connection, remember that a question put to a witness is never evidence.  Only the answer is evidence.  But you may not consider any answer as to which I sustained an objection or that I directed you to disregard or that I directed be struck from the record.

If there is any difference or contradiction between what any lawyer has said in their arguments to you and what you decide the

3

evidence showed, or between anything I may have said and what you decide the evidence showed, it is your view of the evidence -- not the lawyers' and not mine --that controls.

I also ask you to draw no inference from the fact that upon occasion I may have asked questions of certain witnesses.  These questions were intended only for clarification or to move things along, and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other of the witnesses.  It is important that you understand that I wish to convey no opinion as to the verdict you should render in this case, and that if you nevertheless believe I did convey an opinion, you would not be obliged in any way to follow it.

In determining the facts, you must weigh and consider the evidence without regard to sympathy, prejudice or passion for or against any party and without regard to what the reaction of the parties or the public to your verdict may be.  I will later discuss with you how to pass upon the credibility of the witnesses.

### Indictment is Not Evidence

I remind you that the Indictment in this case is not evidence.  It merely describes the charges made against the Defendant.  It is a set of accusations.  It may not be considered

4

by you as evidence of the guilt of the Defendant. Only the evidence or lack of evidence decides that issue.

A copy of the Indictment will be furnished to you when you begin your deliberations. In summary the counts allege as follows:

Count One charges that from at least in or about 2010, up to and including in or about 2015, the Defendant participated in a conspiracy to defraud the United States. It is alleged that the Defendant agreed with others to impair, impede, and obstruct the lawful and legitimate governmental functions and operations of the United States Department of the Treasury, in violation of Title 18, United States Code, Section 371.

Count Two charges that, from at least in or about 2010, up to and including in or about 2015, the Defendant participated in a conspiracy to violate a license, order, regulation or prohibition issued pursuant to the International Emergency Economic Powers Act ("IEEPA").

Count Three charges that, from at least in or about 2010, up to and including in or about 2015, the Defendant engaged in the substantive offense of bank fraud.

Count Four charges that, from at least in or about 2010, up to and including in or about 2015, the Defendant participated in a conspiracy to commit bank fraud.

5

Count Five charges that, from at least in or about 2010, up to and including in or about 2015, the Defendant engaged in the substantive count of [international] money laundering.

Count Six charges that, from at least in or about 2010, up to and including 2015, the Defendant participated in a conspiracy to commit [international] money laundering.

### Evidence

The evidence from which you are to decide what the facts are consists of:

1)   the sworn testimony of witnesses, on both direct and cross-examination; and

2)   the documents and exhibits that were received in evidence; and

3)   any stipulations of fact.

Nothing else is evidence.

### Rulings on Evidence and Objections

You should draw no inference or conclusion for or against any party by reason of lawyers making objections or my rulings on such objections. Counsel have not only the right but the duty to make legal objections when they think that such objections are appropriate. You should not be swayed for or against either side simply because counsel for any party has chosen to make an

6

objection.  Nor should you be swayed by any ruling I made on an
objection.  Whether or not I may have sustained more objections
for one side or the other has no bearing on your function to
consider all of the evidence that was admitted.

Further, do not concern yourself with what was said at side
bar conferences or during my discussions with counsel.  Nor does
it make any difference whether any lawyer or I asked for a
sidebar conference.  Those discussions related to rulings of law
and not to matters of fact.

At times I may have admonished a lawyer or witness, or
directed a witness to be responsive to questions or to keep his
or her voice up.  At times I may have questioned a witness myself
or made comments to a lawyer.  Any questions that I asked, or
instructions or comments that I gave, were intended only to move
things along or to clarify the presentation of evidence and to
bring out something which I thought was unclear.  You should draw
no inference or conclusion of any kind, favorable or unfavorable,
with respect to any witness or any party in the case, by reason
of any comment, question or instruction of mine.  Nor should you
infer that I have any views as to the credibility of any witness,
as to the weight of the evidence, or as to how you should decide
any issue that is before you.  This is entirely your role.

**Presumption of Innocence**

7

The Defendant has pleaded not guilty to the charges in the Indictment.  As a result of his plea of not guilty, the burden is on the prosecution (i.e., the Government) to prove the Defendant's guilt beyond a reasonable doubt.  This burden never shifts to the Defendant for the simple reason that the law never imposes upon a Defendant in a criminal case the burden or duty of testifying himself or calling any witness or of locating or producing any evidence.

The law presumes the Defendant to be innocent of the charges against him.  I, therefore, instruct you that the Defendant is to be presumed by you to be innocent when the trial began and throughout your deliberations and until such time, if it comes, that you as a jury are unanimously satisfied that the Government has proved him guilty beyond a reasonable doubt.

The presumption of innocence alone is sufficient to acquit the Defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence in this case.  If the Government fails to sustain its burden as to the Defendant, you must find him not guilty.

## **Reasonable Doubt**

I have said that the Government must prove the Defendant guilty beyond a reasonable doubt.  The question naturally is what

8

is reasonable doubt?  The words almost define themselves.  It is

a doubt based upon reason and common sense.  It is a doubt that a

reasonable person has after carefully weighing all of the

evidence.  It is a doubt which would cause a reasonable person to

hesitate to act in a matter of importance in his or her personal

life.  Proof beyond a reasonable doubt must, therefore, be proof

of such a convincing character that a reasonable person would not

hesitate to rely and act upon it in the most important of his own

affairs.  A reasonable doubt is not a caprice or whim; it is not

a speculation or suspicion.  It is not an excuse to avoid the

performance of an unpleasant duty.  And it is not sympathy.

    In a criminal case, the burden is at all times upon the

Government to prove guilt beyond a reasonable doubt.  The law

does not require the Government to prove guilt beyond all

possible doubt; proof beyond a reasonable doubt is sufficient to

convict.  The burden never shifts to the Defendant, which means

that it is always the Government's burden to prove each of the

elements of the crime(s)charged beyond a reasonable doubt.

    If, after fair and impartial consideration of all of the

evidence you have a reasonable doubt, it is your duty to acquit

the Defendant.  On the other hand, if after fair and impartial

consideration of all the evidence you are satisfied of the

Defendant's guilt beyond a reasonable doubt, you should vote to

9

convict.

### Credibility of Witnesses

You have had the opportunity to observe all the witnesses, including the expert witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole determiners of the credibility of each witness and of the importance of witness testimony.

How do you determine where the truth lies?  You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility that a witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.

You should consider the opportunity the witness had to see, hear, and know the things about which they testified, the accuracy of their memory, their candor or lack of candor, their intelligence, the reasonableness and probability of their testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other believable testimony.  You watched the witnesses testify.  Everything a witness said or did on the witness stand counts in your

10

determination.  How did the witness appear?  What was the witness' demeanor while testifying?  Often it is not what people say but how they say it that moves us.

In deciding whether to believe a witness, keep in mind that people sometimes forget things.  You need to consider, therefore, whether in such a situation the witness' testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.  It is not the number of witnesses called in a case but rather their credibility when called to the witness stand that is directly at issue.

In addition, the fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

If you find that any witness has wilfully testified falsely as to any material fact (that is, as to an important matter) the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything.  You are not required, however, to consider such a witness as totally unworthy of belief.  You may accept so much of the witness' testimony as you deem true and disregard what you

11

feel is false.  As the sole judges of the facts, you must decide
which of the witnesses you will believe, what portion of their
testimony you accept, and what weight you will give to it.

### Expert Testimony

You have heard testimony from what we call expert witnesses,
Lisa Palluconi (Iran sanctions program expert), Mark Dubowitz
(Iran and Iranian sanctions expert), Anush Djahanbani (foreign
language expert - Farsi).  An expert is allowed to express his or
her opinion on matters about which he or she has specialized
knowledge and training.  Expert testimony is presented to you on
the theory that someone who is experienced in the field can
assist you in understanding the evidence or in reaching an
independent decision on the facts.

In weighing the expert's testimony, you may consider the
expert's qualifications, his or her opinions, his or her reasons
for testifying, as well as all of the other considerations that
ordinarily apply when you are deciding whether to believe a
witness' testimony.  You may give expert testimony whatever
weight, if any, you find it deserves in light of all the evidence
in this case.  You should not, however, accept this witness'
testimony merely because he or she is an expert.  Nor should you
substitute it for your own reason, judgment, and common sense.
The determination of the facts in this case rests solely with

12

you.

## Direct and Circumstantial Evidence

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally experienced through his or her own senses -- i.e., something seen, felt, touched, heard or tasted. Direct evidence may also be in the form of an exhibit where the fact to be proven is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence as follows:

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer

13

on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact. The matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proved.

Circumstantial evidence is of no less value than direct evidence; the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on all the evidence presented.

## Foreign Evidence Admitted

You have heard testimony about evidence that was recovered as a result of a foreign investigation. This evidence was properly admitted in this case and may be properly considered by you. Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the use of this evidence is entirely lawful.

However, it is up to you to decide the weight to be provided by any challenged piece of foreign evidence.

## Conspiracy

A conspiracy to commit a crime is an entirely separate and different offense from the substantive crime or crimes that may be the objective of the conspiracy. The essence of the crime of

14

conspiracy is an agreement or understanding to violate the law. Thus, a conspiracy may exist, even if it should fail in its purposes.

Consequently, in a conspiracy, there is no need to prove that the crime or crimes that were the objectives of the conspiracy were actually committed.  The point is that the crime or crimes that were the objectives of the conspiracy need not have been actually committed for a conspiracy to exist.

As noted, four counts against the Defendant are conspiracy counts. The Defendant is charged with participating in conspiracies to violate federal statutes that make it in Count One unlawful to defraud the United States; in Count Two unlawful to violate the International Emergency Economic Powers Act; in Count Four unlawful to commit bank fraud; and in Count Six unlawful to commit money laundering. Each of the conspiracy counts will be discussed in detail.

### Substantive Counts

As will be further explained later, Defendant is also charged in two substantive counts as follows: Count Three charges the Defendant with the substantive offense of bank fraud and Count Five charges the Defendant with the substantive offense of [international] money laundering.

### Count One: Conspiracy to Defraud the United States

15

The first conspiracy count charges that from at least in or
about 2010, up to and including in or about 2015, the defendant
agreed with others to impair, impede, and obstruct the lawful and
legitimate governmental functions and operations of the U.S.
Department of the Treasury.

With regard to Count One, Title 18, United States Code,
Section 371 provides as follows:

> If two or more persons conspire ...to commit
> any offense against the United States ... and
> one or more of such persons do any act to
> effect the object of the conspiracy, each [is
> guilty of an offense against the United
> States].

### Conspiracy: Elements of Conspiracy

To sustain its burden of proof with respect to the crime of
conspiracy to defraud the United States, the Government must
separately prove beyond a reasonable doubt the following two
elements as to each conspiracy:

First, the existence of the conspiracy charged -- that is,
with respect to Count One of the Indictment, the existence of an
agreement or understanding to impair, impede, obstruct, or defeat
the lawful and legitimate governmental functions and operations
of the United States Department of the Treasury.

Second, that the Defendant knowingly and willfully became a
member of that conspiracy; and

16

With respect to the conspiracy charged in Count One, the conspiracy to defraud the United States, the Government must also prove beyond a reasonable doubt a third element as follows,

Third, that some member of the conspiracy -- not necessarily the Defendant -- knowingly committed at least one overt act in furtherance of the conspiracy during the life of the conspiracy.

Incidentally, the same first two elements must be shown with respect to each of the conspiracies charged. The third element, the commission of an overt act is not required for the conspiracies charged in Counts Two, Four and Six.

Now let us separately consider these three elements in the Count One conspiracy.

### Element One - Existence of the Conspiracy

What is a conspiracy? A conspiracy is a combination, agreement, or an understanding of two or more persons to accomplish by concerted action a criminal or unlawful purpose. In the first conspiracy, the conspiracy to defraud the United States, the unlawful purpose alleged to have been the object of the conspiracy charged in Count One was to impair, impede, or obstruct the lawful and legitimate governmental functions and operations of the United States Department of Treasury by deceit, craft, or trickery, or means that are dishonest.

The gist or the essence of the crime of conspiracy is the

17

unlawful combination or agreement to violate the law. The conspiracies alleged here are the agreements to commit certain crimes, and they are entirely distinct and separate offenses from the actual commission of any of the alleged crimes. In order to show that a conspiracy existed, the evidence must show that two or more persons, in some way or manner, through any contrivance, explicitly or implicitly, came to an understanding to violate the law and to accomplish an unlawful plan.

To show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details. Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to the unexpressed understanding. It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

It is sufficient if two or more persons, in some way or manner, formally or informally, impliedly or tacitly come to a common understanding, a common plan that will violate the law.

In determining whether there has been an unlawful agreement, as alleged, you may consider the alleged acts and the conduct of the alleged co-conspirators that were done to carry out the criminal purpose. The adage, "Actions speak louder than words"

18

applies here. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators. When taken all together and considered as a whole, those acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof.

So, you must first determine whether or not the proof established beyond a reasonable doubt the existence of the conspiracies as charged in the Indictment. In considering this first element, you should consider all the evidence which has been admitted with respect to the conduct and statements of each alleged co-conspirator and such inferences as may be reasonably drawn from them. It is sufficient to establish the existence of the conspiracy, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of two alleged co-conspirators met in an understanding way to accomplish, by the means alleged, at least one of the unlawful objectives of the conspiracy.

**Objects Of The Conspiracy**

The objects of a conspiracy are the illegal goals the co-conspirators agree or hope to achieve. Count One charges that the goal or object of the conspiracy was to impair, impede, or obstruct the lawful and legitimate governmental functions and

operations of the United States Treasury in its enforcement of economic sanctions laws and regulations against Iran administered by that agency.

In order to find that the Defendant "impaired, impeded, or obstructed" a legitimate governmental function, you must find beyond a reasonable doubt that the object of the conspiracy was to interfere with or obstruct one of the United States' lawful governmental functions by deceit, craft or trickery, or by means that are dishonest. The specific intent to obstruct includes making it more difficult for the government to carry out its lawful functions and that the scheme depend on dishonest or deceitful means. Actual contact between the Defendant and an official of the United States Government is not an element of the crime, nor is it necessary for you to find that the Government was subjected to any loss of money or property as a result of the conspiracy. It also is not necessary for you to find that the impairment violated any separate law. All that is required is that it is shown that the object of the conspiracy was to interfere with or obstruct on of the United States lawful governmental functions by deceit, craft or trickery, or by means that are dishonest.

As I will explain to you in more detail when we come to Count Two, the United States has imposed economic sanctions or

20

legal restrictions, on trade and transactions involving the Islamic Republic of Iran.  The United States Department of Treasury administers and enforces these laws, including two offices called the Office of Foreign Assets Control, often referred to by its initials "OFAC", and the Office of Terrorism and Financial Intelligence.

I instruct you that the administration of the economic sanctions against the Islamic Republic of Iran constitutes a legitimate function of the Government of the United States.

### Element Two - Membership in the Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, you must next determine whether the Defendant has been shown beyond a reasonable doubt to have participated in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives.

To satisfy its burden, the Government must prove beyond a reasonable doubt that the defendant knowingly, willfully and unlawfully entered into the conspiracy, i.e. into the agreement; and that he did so with a criminal intent, that is, with a purpose to violate the law; and that he agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives.

21

An act is done "knowingly" if it is done deliberately and purposefully, that is, a defendant's act must have been the product of his conscious objective rather than the product of a mistake or accident or mere negligence, carelessness or recklessness, or some other innocent reason.

"Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.

"Unlawfully" means simply contrary to law.  A defendant need not have known that he or she was breaking any particular law or any particular rule.  A defendant need only have been aware of the generally unlawful nature of his or her acts or plans.

Before a defendant can be found to have been a conspirator, you must first find that he or she knowingly joined in the unlawful agreement or plan.  **The key question is whether the Defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.**

Knowledge is often a matter of inference from the proven facts.  We cannot look into a person's mind and know what that person is thinking.  It is not necessary that a defendant be fully informed as to all the details of the conspiracy in order to justify an inference of guilty knowledge on his or her part.

22

To have knowledge of a conspiracy, a defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants. Nor is it necessary that a defendant know every other member of the conspiracy. In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator. Nor is it necessary that a defendant receive any monetary benefit from participating in the conspiracy or have a financial stake in the outcome so long as he, in fact, participated in the conspiracy in the manner I have explained. If you find that the Defendant had a financial stake in the outcome of the alleged conspiracy, then you may consider that as a factor in deciding whether he was a member of the conspiracy.

For the co-conspirators to have acted with the specific intent to deceive or defraud means that they must have known of the fraudulent nature of the scheme and acted with the intent that it succeed. In other words, to act with an intent to defraud means to act knowingly and with a specific intent to deceive, ordinarily -- but not necessarily -- for the purpose of causing some loss to another, or to bring some gain to oneself.

It is not required that the Government show that the co-conspirators, in addition to knowing what they were doing and deliberately doing it, also knew that they were violating some particular federal statute. But the co-conspirators must have

23

acted with the intent to help carry out some essential step in the execution of the scheme to defraud that is alleged in the Indictment.

The question of a co-conspirator's intent is a question of fact that you are called upon to decide, just as you determine any other fact at issue. Intent to defraud involves the state of a person's mind and the purpose with which he acted at the time the acts in question occurred. Direct proof of knowledge and fraudulent intent is almost never available, and is not required to find that such proof existed. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his or her words, his or her conduct, his or her acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom. Circumstantial evidence, if believed, is as noted of no less value than direct evidence.

Relevant in this regard may be the conduct of the persons you find to be members of the conspiracies charged, which, in

24

light of the other evidence in the case, may tend to prove knowledge, intent or willfulness. Thus, for example, you may consider as relevant any conduct engaged in by the co-conspirators which has the effect of concealing their activities, including false statements made to others concerning material facts; or false notations in reports or other documents submitted to others concerning material facts; all are conduct from which willfulness may be inferred. On the other hand, you may consider any evidence that the co-conspirators engaged in certain activities openly and without an attempt to conceal, or voluntarily and honestly brought their full involvement to light, as evidence of a lack of willfulness.

The duration and extent of a defendant's participation in a conspiracy has no bearing on the issue of a defendant's guilt. A defendant need not have joined the conspiracy at the outset. A defendant may have joined it for any purpose at any time in its progress, and that defendant will still be held responsible for all that was done before that defendant joined and all that was done during the conspiracy's existence while the defendant was a member. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not what the law requires. In

fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

However, I want to caution you that the mere association by one person with one who is a conspirator does not make that person (i.e. the first person) a member of the conspiracy even when he or she knows that a conspiracy is taking place. Mere presence at the scene of a crime, even when coupled with knowledge that a crime is taking place, is not sufficient to support a conviction of that crime. In other words, knowledge without participation is not sufficient to convict a person of conspiracy. What is required or necessary is that the Defendant i.e. the alleged conspirator, participated in the conspiracy with knowledge of its unlawful purpose(s) and with an intent to aid in the accomplishment of its unlawful objective(s).

In sum, the Government has the burden to prove beyond a reasonable doubt that the Defendant, with an understanding of the unlawful character of the conspiracy in Count One, must have intentionally engaged, advised or assisted in them for the purpose of furthering an illegal undertaking. The Government has the burden to prove beyond a reasonable doubt that the Defendant, thereby, became a knowing and willing participant in the unlawful agreements — that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until

26

either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

### Element Three - Overt Acts

The Government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of the first conspiracy, i.e. the conspiracy to defraud the United States, by at least one of the co-conspirators and was committed in the Southern District of New York.  I instruct you as a matter of law that Manhattan falls within the geographic boundaries of the Southern District of New York.

As you will hear when we get to this, the Government is **not** required to prove an overt act was committed for purposes of establishing the Count Two IEEPA conspiracy or the Count Four bank fraud conspiracy or the Count Six money laundering conspiracy.[Counts Two, Four and Six respectively).

The purpose of the "overt act" requirement in Count One is that the law requires there to have been something more than mere agreement to reach a conviction of conspiracy.  There must also be some overt act or action that must have been taken by at least

27

one of the conspirators in furtherance of the conspiracy. The
overt acts alleged are set forth in the Indictment. You may also
find that overt acts were committed which were not alleged in the
Indictment. If you find that an overt act has been committed,
you must be unanimous as to which act it was. You must find that
the Government has proven beyond a reasonable doubt that one of
the members of the charged conspiracy — not necessarily the
Defendant in this case — took some step or action in furtherance
of the conspiracy in the Southern District of New York at some
point in time during the life of the conspiracy. In determining
whether an overt act occurred within the Southern District of New
York, you need not find that any co-conspirator was physically
present within this District, so long as you find that some overt
act in furtherance of the conspiracy occurred within the
District.

The overt act element is a requirement that the agreement
went beyond the mere talking stage, the mere agreement stage.
The requirement of an overt act is a requirement that some action
be taken during the life of the conspiracy by one of the co-
conspirators to further the conspiracy.

In order for the Government to satisfy the overt act
requirement, it is not necessary for the Government to prove all
of the overt acts alleged in the Indictment.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the Indictment. It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated, as long as it occurred while the conspiracy was still in existence.

You should bear in mind that the overt act, standing alone, may be an innocent, lawful act.  Frequently, however, an apparently innocent act loses its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.

### Conspiracy:  Time of Conspiracy

The Indictment charges that the conspiracy charged in Count One (and for that matter, in Counts Two, Four and Six) occurred from at least in or about 2010, up to and including in or about 2015. It is not essential that the Government prove that the conspiracies started and ended on those specific dates.  Indeed, it is sufficient if you find that, in fact, the charged conspiracy was formed and that they existed for some time within the period set forth in the Indictment, and with respect to Count One, that at least one overt act occurred in the conspiracy to defraud the United States, and that it was committed in furtherance of the charged conspiracy within that period.

### Count Two: Conspiracy to Violate a License, Order, Regulation, or

## **Prohibition Issued Pursuant to the International Emergency Economic Powers Act ("IEEPA")**

As previously described, a conspiracy is a combination, agreement, or an understanding of two or more persons to accomplish by concerted action a criminal or unlawful purpose. The gist or the essence of the crime of conspiracy is the unlawful combination or agreement to violate the law. Count Two charges, in summary, that from at least in or about 2010 up to and including in or about October, 2015, Defendant Atilla participated in a conspiracy to violate a license, order, regulation, or prohibition issued pursuant to IEEPA. Remember, a conspiracy is entirely a distinct and separate offense from the actual commission of an alleged crime.

The elements of this count are similar to the elements of the Count One conspiracy **except that** no overt act is required for this conspiracy. So, for this count, Count Two, the conspiracy to violate IEEPA, there are only two elements as follows:

First, the Government must prove that the conspiracy charged in Count Two existed. That is, that there was an agreement or understanding among at least two people to violate IEEPA.

Second, the Government must prove that Defendant Atilla knowingly and willfully became a member of that conspiracy, with knowledge of its unlawful objective.