*15cr867 Court Exhibit*
*12/15/17*
*H*

### Multiple Counts

As I noted at the beginning, the Defendant is charged in six counts of the Indictment. Each count charges the Defendant with a different crime. You must consider each count of the Indictment separately, and you must return a separate verdict on each count. The case on each count stands or falls upon the proof or lack of proof on that count. Your verdict on any count should not control your decision on any other count.

### Venue

In addition to all of the elements I have described, with respect to each count charged in the Indictment, you must consider the issue of venue, namely, whether any act in furtherance of the unlawful activity occurred within the Southern

District of New York.  The Southern District of New York includes Manhattan.

If the crime charged was committed in more than one district, venue is proper in any district in which the crime was begun, continued or completed.  Thus, venue will lie in the Southern District of New York if you find that any part of the crime took place here.

The Government's burden of proof with respect to establishing venue under each count of the Indictment is by a preponderance of the evidence.  To prove something by a preponderance of the evidence means to prove that something is more likely true than not true.  It is determined by considering all the evidence and deciding which evidence is more convincing.  If the evidence appears to be equally balanced, or if you cannot say on which side it weighs heavier, you resolve the question of venue against the Government.

If you find that venue has not been proven, then you must find the Defendant not guilty as to that count.

## Publicity

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions.  You must disregard completely any report that you may have read in the press, seen on television or the internet, or heard on the radio

(assuming there were any). Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity to contradict their accuracy or otherwise address them.

In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

### Particular Investigative Techniques Not Required

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement that the Government prove its case through any particular means.

Your concern is to determine whether, on the evidence or lack of evidence, the guilt of the Defendant has been proven beyond a reasonable doubt for each count.

### Preparation Of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, you should keep in mind that there is nothing either unusual or improper about a witness meeting with

lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without having such a consultation beforehand.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

### Stipulations Of Fact and Testimony

In this case you have heard evidence in the form of stipulations of testimony and fact. A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect to be given to that testimony.

You have also heard evidence in the form of stipulations that contained facts which were agreed to be true. You must accept the facts in those stipulations as true.

### Defendant's Testimony

63

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent. In this case, the defendant did testify and she was subject to cross-examination like any other witness. You should examine and evaluate the testimony of the defendant just as you would the testimony of any witness.

### Punishment Is Not To Be Considered By The Jury

In determining whether the Government has proven the charges beyond a reasonable doubt, you should not consider the question of possible punishment in the event you were to find the Defendant guilty on one or more counts. Under our system, sentencing or punishment is exclusively the function of the court. It is not your concern and you should not give any consideration to that issue in determining what your verdict will be.

### Charts, Summaries and Drawings

Some charts, summaries and drawings were shown to you to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no

greater consideration to these charts, summaries or drawings than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, summaries or drawings correctly present the information in the testimony or the documents on which they were based. You are entitled to consider the charts, summaries and drawings if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

### Evidence Obtained Pursuant To Search

You have heard testimony about evidence that was seized in various searches. Evidence obtained from these searches was properly admitted in this case and may be properly considered by you. Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

### Sympathy: Oath As Jurors

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in the case, and the crucial question that you must ask yourselves as you sift through this evidence is: Has the Government proven its case beyond a reasonable doubt? You are to determine this solely on the basis of the evidence and subject to the law as I have charged you.

### Law Enforcement Witnesses

You have heard the testimony of various members of law enforcement. The fact that a witness may be employed by the Government, as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

### Right To See Exhibits and Hear Testimony

Now, ladies and gentlemen, you are about to go into the jury room and begin your deliberations. All of the evidence and exhibits will be given to you at the start of deliberations. If you want any of the testimony read back or a recording exhibit played, you may also request that. Please remember that if you

do ask for testimony, the reporter must search through his or her notes and the lawyers must agree on what portions of testimony may be called for, and if they disagree I must resolve those disagreements. That can be a time-consuming process. So please try to be as specific as you possibly can in requesting portions of the testimony, if you do.

Your requests for testimony — in fact any communication with the Court — should be made to me in writing, signed by your foreperson, and given to one of the Marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a verdict is reached.

Some of you have taken notes during parts of the trial. Please recall my earlier instruction regarding note-taking. Notes can be useful to focus a note-taker's attention, and may aid the recollection of the note-taker but they are not evidence. Notes should be used solely to refresh the note-taker's recollection of the testimony, and are not a substitute for the transcript of the testimony, which has been taken down verbatim by the court reporter. And please remember that if notes were taken of the lawyers' arguments, the lawyers' arguments are not evidence.

### Duty to Consult and Need for Unanimity

The Government, to prevail, must prove the essential

elements of any crime charged beyond a reasonable doubt, as already explained in these instructions. If it succeeds, your verdict should be guilty; if it fails, your verdict should be not guilty.

A verdict must be unanimous. Your verdict must represent the considered judgment of each juror; whether your verdict is guilty or not guilty, it must be unanimous.

Your function is to weigh the evidence in the case and determine whether or not the Defendant is guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation — to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and entirely on the evidence — if you can do so without surrendering your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion that, after discussion with your fellow jurors, appears incorrect.

If, after carefully considering the evidence and the arguments of your fellow jurors, you hold a conscientious view that differs from the others, you are not required to change your position simply because you are outnumbered.

You final vote must reflect your conscientious belief as to how the issues should be decided.

### Selection of Foreperson

When you get into the jury room, before you begin your deliberations, you should select someone to be the foreperson. Your foreperson will preside over the deliberations and speak for you here in open court. The foreperson has no greater voice or authority than any other juror. The foreperson will send out any notes and, when the jury has reached a verdict, he or she will notify the Marshal that the jury has reached a verdict.

### Return of Verdict

I will give you a verdict sheet/form to be filled in by the jury. The purpose of the question(s) on the form is to help us -- the Court and counsel -- to understand what your findings are. I will hand this form to the Clerk who will give it to you so that you may record the decision of the jury with respect to each question.

No inference is to be drawn from the way the questions are worded as to what the answer should be. The questions are not to

be taken as any indication that I have any opinion as to how they should be answered. I have no such opinion, and even if I did, it would not be binding on you.

Before the jury attempts to answer any question, you should read all the questions and make sure that everybody understands each question. Before you answer the questions, you should deliberate in the jury room and discuss the evidence that relates to the questions you must answer. When you have considered the questions thoroughly, and the evidence that relates to those questions, record the answers to the questions on the form that I am giving you. Remember, all answers must be unanimous.

## Conclusion

I have nearly finished with these charges and my instructions to you and I thank you again for your patience and attentiveness.

Now, I say this not because I think it is necessary but because it is the tradition of this Court. I remind the jurors to be polite and respectful to each other as I am sure you will be in the course of your deliberations so that each juror may have his or her position made clear to all the others. I also remind you once again that your oath is to decide without fear or favor and to decide the issues based solely on the evidence and my instructions on the law.

Thank you.