## Count Two: IEEPA Conspiracy

Count Two reads as follows:

[*The Court is respectfully requested to read Count Two of the Indictment*]

The object of the conspiracy charged in Count Two was to violate Section 1705 of Title 50 of the United States Code, which makes it a crime to willfully violate, attempt to violate, conspire to violate, or cause a violation of a license, order, regulation, or prohibition issued pursuant to the IEEPA.

If you find that Mr. Atilla willfully did something that was inconsistent with the sanctions and that could have gotten him or Halkbank listed on a sanctions list, but did not willfully involve U.S. financial services, you must acquit. By the same token, if Mr. Atilla willfully did an evasive transaction to avoid him or Halkbank being sanctioned, but did not willfully do that transaction to avoid OFAC learning of some U.S. connection to that conduct, you must acquit. So for example, if you find that Mr. Atilla willfully conducted transactions in gold or food that could have been sanctioned, but did not know of any connection of that transaction to the U.S. financial system, you must acquit. If you find that Mr. Atilla, conducted a transaction that was aimed to disguise activity that could have been sanctioned, but not to willfully disguise some U.S. connection to that transaction, you must acquit. And, in this regard, even if you find that Mr. Atilla said something that was designed to disguise a U.S. connection, that would not be sufficient to convict under IEEPA.

The Iranian Sanctions have basically two parts: a part that allows the United States to sanction a foreign entity or individual for doing certain things that assist Iran in certain ways, and another part that allows the United States to prosecute Americans who assist Iran in certain ways or foreigners who assist those Americans or who make use of U.S. financial services to help Iran.

1

The U.S. Department of the Treasury's Office of Foreign Assets Control, known as OFAC, administers the sanctions framework. Let me explain to you what it means to be sanctioned. If a foreign bank, for example, does certain transactions with Iran or that help Iran and those transactions are not permitted (humanitarian aid is permitted), the U.S. can put that foreign bank on a list. That means that that foreign bank is then "sanctioned," which means that (1) no American bank can deal with that foreign bank and (2) that foreign bank cannot use any American banking service. But just being sanctioned is not a crime because it is not a violation of anything.

Now let me explain to you what it means to violate a prohibition. A prohibition is some action described in IEEPA with the word "prohibited" or some variation of that word – something the law says you cannot do. By contrast, a provision on which sanctions can be applied (resulting in an entity being listed on a sanctions list) does not say that a foreign person or foreign bank cannot do something; it says that if they do it, they can be added to a sanctions list and only after being put on that list would certain prohibitions apply in the future. If you go ahead and willfully do a prohibited act, you commit a crime. The only way Mr. Atilla can be prosecuted for a crime under IEEPA is if he either violated a prohibition or evaded or avoided a prohibition. If, for example, Mr. Atilla willfully involved a U.S. person or U.S. business in helping Iran in something besides food or other humanitarian aid, Mr. Atilla could be prosecuted. Similarly, if, for example, Mr. Atilla took action to prevent the Treasury from learning that a prohibition was violated, that too could be prosecuted as an evasion of a prohibition under IEEPA. So willfully doing something that is expressly prohibited by IEEPA is a crime. But if a foreign individual like Mr. Atilla simply helps Iran without involving the U.S., that person

cannot be guilty of any crime. Or if Mr. Atilla does something that is against U.S. foreign policy but does not violate one of IEEPA's prohibitions, there is no crime.

It is important for you to keep in mind that a foreign person or business (like a bank) that is simply sanctioned by the U.S. for that foreigner's activity with Iran is *not* guilty under IEEPA. The only basis for prosecuting that already-sanctioned foreign person under IEEPA is if (1) he helps a U.S. person trade with Iran (with certain exceptions); (2) he makes use of American financial services when helping Iran; (3) if, in certain cases, he deals with a U.S. person or in the U.S.; or (4) he evades or avoids one of these prohibitions. In the context of this Indictment, this means that if you find that Mr. Atilla only assisted Iran through foreign individuals or businesses without causing transactions by U.S. persons or from the U.S., that is not a crime and you must acquit. On the other hand, if you find that Mr. Atilla helped Iran through the use of American financial services, that can be a basis for a finding of guilt, assuming you also find the other elements of the crime on which I will instruct you. Each of those elements must be proven beyond a reasonable doubt by the government."]

Like Count One, Count Two charges a conspiracy. Therefore, the elements of Count Two are the same as the elements of Count One except that an overt act is not required.

The object of the conspiracy charged in Count Two is the violation of the IEEPA. A violation of the IEEPA has the following elements, all of which you must find in order to convict:

First, that the defendant violated any prohibition issued pursuant to the IEEPA;

Second, that the defendant committed that violation willfully, that is knowing that what he is doing is unlawful;

Third, that the defendant did not have a license issued by OFAC to engage in the charged transactions; and

Fourth, that the activity for which the defendant is charged had some connection to the United States, either by involving a U.S. person in the conduct or by causing goods, services or technology to be exported or re-exported from the United States as part of the defendant's scheme.[1]

I remind you that the crime of conspiracy is distinct from the underlying substantive crime that the co-conspirators agreed to commit. It is the agreement itself that is the crime. Accordingly, you need not find that a substantive violation of the IEEPA actually occurred, only that the defendant knowingly and willfully participated in a conspiracy to engage in conduct that would have violated the IEEPA.

In order to prove that the defendant you are considering conspired to commit an IEEPA offense, the Government must prove that the defendant agreed with others to violate a prohibition issued pursuant to the IEEPA

I will next instruct you on what you must find beyond a reasonable doubt before you may convict Mr. Atilla for having evaded or avoided an IEEPA prohibition. First, you must find that the activity that Mr. Atilla allegedly concealed or disguised would have violated an existing prohibition had it not been concealed or disguised. Second, you must find that Mr. Atilla took action that caused the activity in question to be concealed or disguised – that he, in other words, took action that had the purpose or effect of evading or avoiding an existing prohibition. Third, you must find that Mr. Atilla took the allegedly evasive action willfully and knowingly. This means you must find that he took this action knowing that if he did not, the activity he was

---

[1] *See* Jury Charge, *In re: 650 Fifth Avenue and Related Properties,* 08 Civ. 10934 (KHF) (Dkt. # 1902, at 47).

4

allegedly concealing would have violated a prohibition authorized by IEEPA. And that he took the action for the purpose of concealing the activity for that reason. Each of these three elements must be proven by the prosecution beyond a reasonable doubt.

The second element of an IEEPA violation is that the defendant you are considering acted willfully. A defendant acted willfully if he acted intentionally and purposefully with the intent to do something the law forbids, that is, with bad purpose to disobey or to disregard the law -- here to violate the embargo on certain transactions with Iran. However, the Government does not need to prove that defendant was aware of the specific law or rule that his conduct would violate. In other words, the defendant does not have to know that his conduct would violate a particular law, executive order or federal regulation, but he must act with the intent to do something the law forbids. The third element that the Government must prove to show a substantive violation of the IEEPA is that at the time of the transactions at issue, the defendant had not obtained a license to conduct such transactions from the Department of the Treasury's Office of Foreign Assets Control, otherwise known as OFAC. However, I instruct you that, during all times relevant to the Indictment, a general license issued by OFAC was in effect that expressly authorized exportation or reexportation of food and other humanitarian goods. to the Government of Iran, to anyone in Iran, and to anyone outside of Iran who was purchasing for resale to the Government of Iran or anyone in Iran. This meant that such transactions were exempt from sanctions and prohibitions including any financing and payment to anyone, including by or to U.S. persons or from the U.S., as long as those payments were in cash and made in advance.[2] Therefore, if you find that if the defendant believed in good faith that any transaction involved the sale of food or other humanitarian goods for Iran, including any

---

[2] *See* 31 C.F.R. §§560.530 & 560.532.

payment made for such a transaction, you must acquit, regardless of whether the transaction involved the United States or a U.S. person. There already was a license for any transaction involving food or other humanitarian aid.]

A criminal violation of IEEPA requires that the Government prove beyond a reasonable doubt that the activity in question involved a U.S. person or U.S. institution providing assistance. The forbidden assistance includes the provision of financial services from a U.S. institution. But if, for example, a foreign individual, like Mr. Atilla, engaged in conduct that helped Iran engage in conduct that could be sanctioned or that evaded sanctions, but engaged in that conduct outside the United States, without involving a U.S. person or services from the U.S., there is no crime under the IEEPA. No matter how much you or the U.S. government may disapprove of such conduct that occurs entirely overseas, a criminal conviction can only occur where that overseas conduct involved a U.S. person or U.S. institution.