*Exhibit M*
*12/19/17*

## ATILLA'S REQUEST NO. 71.

### Consciousness of Innocence

Evidence that the defendant voluntarily came to the United States, rather than stay outside the jurisdiction of United States law enforcement officials, may be considered as evidence that the defendant was conscious of his innocence which may in turn be considered as evidence that the defendant is not guilty. Regardless of whether or not you find that there is evidence of consciousness of innocence in this case, the burden is always on the government to prove the defendant's guilt beyond a reasonable doubt.[78]

### GOVERNMENT RESPONSE

The Government objects to this instruction, which improperly tells the jury what inferences it should draw from particular facts that may be offered in evidence. This is contrary to the accepted principle that "[i]n contemporary administration of justice, what conclusions should, or should not, be drawn from the evidence are generally left to counsel to argue" and the jury to decide. *United States v. Mundy*, 539 F.3d 154, 157 (2d Cir. 2008) (approving refusal to give consciousness of guilt instruction as to flight). Thus, not only has Atilla failed to identify any authority from this Circuit for his proposed instruction, but the Second Circuit has in fact recognized that the Court may properly "refus[e] to charge the jury regarding 'consciousness of innocence'" where the defendant has the "opportunity to elicit consciousness of innocence testimony and argue that theory to the jury." *United States v. Smith*, 198 F.3d 377, 386 (2d Cir. 1999).

---

[78] *See United States v. Rodriguez,* 667 F. Supp. 2d 223, 226 (2009).