UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    12/20/17
- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA                  :

          -v.-                            :

Mehmet Hakan Atilla,                      :

                                          :
          Defendant.
                                          :
- - - - - - - - - - - - - - - - - - - -X


Jury Instructions

## Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room. You will receive a copy of these instructions (along with a Verdict Sheet to be filled out) to take with you into the jury room. Your decision (verdict) must be unanimous.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be -- or ought to be -- it would violate your sworn duty to base a verdict upon any other view of the law than the one I give you.

2

## Role of the Jury

Your role, as I have earlier said, is to consider and decide the fact issues in this case. You, the members of the jury, are the sole and exclusive determiners of the facts. You pass upon the evidence; you determine the credibility or believability of the witnesses; you resolve whatever conflicts may exist in the testimony; you draw whatever reasonable inferences and conclusions you decide to draw from the facts as you have determined them; and you determine the weight of the evidence.

In determining the facts, you must rely upon your own independent recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is anything I may have said during the trial or may say during these instructions about a fact issue to be taken instead of your own independent recollection. What I say is not evidence. In this connection, remember that a question put to a witness is never evidence. Only the answer is evidence. But you may not consider any answer as to which I sustained an objection or that I directed you to disregard or that I directed be struck from the record.

If there is any difference or contradiction between what any lawyer has said in their arguments to you and what you decide the

3

evidence showed, or between anything I may have said and what you decide the evidence showed, it is your view of the evidence -- not the lawyers' and not mine - that controls.

I also ask you to draw no inference from the fact that upon occasion I may have asked questions of certain witnesses. These questions were intended only for clarification or to move things along, and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other of the witnesses. It is important that you understand that I wish to convey no opinion as to the verdict you should render in this case, and that if you nevertheless believe I did convey an opinion, you should not in any way follow it.

In determining the facts, you must weigh and consider the evidence without regard to sympathy, prejudice or passion for or against any party and without regard to what the reaction of the parties or the public to your verdict may be. I will later discuss with you how to pass upon the credibility of the witnesses.

## Indictment is Not Evidence

I remind you that the Indictment in this case is not evidence. It merely describes the charges made against the Defendant. It is a set of accusations. It may not be considered

4

by you as evidence of the guilt of the Defendant.  Only the
evidence or lack of evidence decides that issue.

A copy of the statutory allegations in the Indictment will
be furnished to you when you begin your deliberations.  In
summary, the counts allege as follows:

Count One charges that from at least in or about 2010, up to
and including in or about 2015, the Defendant participated in a
conspiracy to defraud the United States. It is alleged that the
Defendant agreed with others to impair, impede, and obstruct the
lawful and legitimate governmental functions and operations of
the United States Department of the Treasury, in violation of
Title 18, United States Code, Section 371.

Count Two charges that, from at least in or about 2010, up
to and including in or about 2015, the Defendant participated in
a conspiracy to violate a license, order, regulation or
prohibition issued pursuant to the International Emergency
Economic Powers Act ("IEEPA").

Count Three charges that, from at least in or about 2010, up
to and including in or about 2015, the Defendant engaged in the
substantive offense of bank fraud.

Count Four charges that, from at least in or about 2010, up
to and including in or about 2015, the Defendant participated in
a conspiracy to commit bank fraud.

Count Five charges that, from at least in or about 2010, up to and including in or about 2015, the Defendant engaged in the substantive count of money laundering.

Count Six charges that, from at least in or about 2010, up to and including 2015, the Defendant participated in a conspiracy to commit money laundering.

### Evidence

The evidence from which you are to decide what the facts are consists of:

1)   the sworn testimony of witnesses, on both direct and cross-examination; and

2)   the documents and exhibits that were received in evidence; and

3)   any stipulations of testimony.

Nothing else is evidence.

### Rulings on Evidence and Objections

You should draw no inference or conclusion for or against any party by reason of lawyers making objections or my rulings on such objections.  Counsel have not only the right but the duty to make legal objections when they think that such objections are appropriate.  You should not be swayed for or against either side simply because counsel for any party has chosen to make an objection.  Nor should you be swayed by any ruling I made on an

objection.  Whether or not I may have sustained more objections for one side or the other has no bearing on your function to consider all of the evidence that was admitted.

Further, do not concern yourself with what was said at side bar conferences or during my discussions with counsel.  Nor does it make any difference whether any lawyer or I asked for a sidebar conference.  Those discussions related to rulings of law and not to matters of fact.

At times I may have admonished a lawyer or witness, or directed a witness to be responsive to questions or to keep his or her voice up.  At times I may have questioned a witness myself or made comments to a lawyer.  Any questions that I asked, or instructions or comments that I gave, were intended only to move things along or to clarify the presentation of evidence and to bring out something which I thought was unclear.  You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question or instruction of mine.  Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you.  This is entirely your role.

### Presumption of Innocence

The Defendant has pleaded not guilty to the charges in the

7

Indictment.  As a result of his plea of not guilty, the burden is on the prosecution (i.e., the Government) to prove the Defendant's guilt beyond a reasonable doubt.  This burden never shifts to the Defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of testifying himself or calling any witness or of locating or producing any evidence.

The law presumes the Defendant to be innocent of the charges against him.  I, therefore, instruct you that the Defendant is to be presumed by you to be innocent when the trial began and throughout your deliberations and until such time, if it comes, that you as a jury are unanimously satisfied that the Government has proved him guilty beyond a reasonable doubt.

The presumption of innocence alone is sufficient to acquit the Defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence in this case.  If the Government fails to sustain its burden as to the Defendant, you must find him not guilty.

### Reasonable Doubt

I have said that the Government must prove the Defendant guilty beyond a reasonable doubt.  The question naturally is what is reasonable doubt?  The words almost define themselves.  It is

8

a doubt based upon reason and common sense.  It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her own life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.  A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  And it is not sympathy.

In a criminal case, the burden is at all times upon the Government to prove guilt beyond a reasonable doubt.  The law does not require the Government to prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  The burden never shifts to the defendant, which means that it is always the Government's burden to prove each of the elements of the crime(s)charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence you have a reasonable doubt, it is your duty to acquit the Defendant.  On the other hand, if after fair and impartial consideration of all the evidence you are satisfied of the Defendant's guilt beyond a reasonable doubt, you should vote to convict.

9

## Credibility of Witnesses

You have had the opportunity to observe all the witnesses, including the expert witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole determiners of the credibility of each witness and of the importance of witness testimony.

How do you determine where the truth lies?  You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility that a witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.

You should consider the opportunity the witness had to see, hear, and know the things about which they testified, the accuracy of their memory, their candor or lack of candor, their intelligence, the reasonableness and probability of their testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other believable testimony.  You watched the witnesses testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness appear?  What was the

10

witness' demeanor while testifying?  Often it is not what people say but how they say it that moves us.

In deciding whether to believe a witness, keep in mind that people sometimes forget things.  You need to consider, therefore, whether in such a situation the witness' testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.  It is not the number of witnesses called in a case but rather their credibility when called to the witness stand that is directly at issue.

In addition, the fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

If you find that any witness has wilfully testified falsely as to any material fact (that is, as to an important matter) the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything.  You are not required, however, to consider such a witness as totally unworthy of belief.  You may accept so much of the witness' testimony as you deem true and disregard what you feel is false.  As the sole judges of the facts, you must decide

11

which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to it.

### Cooperating Witnesses Testimony

You have heard from Government witness Reza Zarrab, who testified that he actually committed crimes in the past, including the crimes charged in the Indictment in this case.

The Government argues, as it is permitted to do, that it must take its witnesses as it finds them.  It argues that frequently only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those very reasons, the law allows the use of testimony by people who have committed crimes.  Indeed, it is the law in federal courts that such testimony may be enough in itself for conviction, if the jury finds that the testimony establishes guilt of the defendant beyond a reasonable doubt.

However, it is also the case that such testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of the testimony to believe.

I have given you some general instructions on credibility and I will not repeat them all here.  However, let me say a few things to consider during your deliberations on the subject of

12

testimony from a cooperating witness.

You should ask yourself whether the witness would benefit more by lying, or by telling the truth.  Was the witness's testimony made up in any way because the witness believed or hoped that he would somehow receive favorable treatment by testifying falsely?  Or did the witness believe his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?  Did these motivations color the witness's testimony?

You should look at all of the evidence in deciding what credence and what weight, if any, you want to give to the witness's testimony.

Also, you heard testimony about an agreement between the Government and the cooperating witness.  I must caution you that it is no concern of yours why the Government made an agreement with a witness.  Your sole concern is whether a witness has given truthful testimony in part or in whole here in this courtroom before you.

### Testimony of Confidential Source

There has been evidence introduced at trial that the Government used (Huseyin Korkmaz)a confidential source in this

13

case. I instruct you that there is nothing improper in the Government's use of confidential sources and, indeed, certain criminal conduct never would be detected without the use of such confidential sources. You, therefore, should not concern yourselves with how you personally feel about the use of confidential sources, because that is really beside the point. Put another way, your concern is to decide whether the Government has proved the guilt of the Defendant beyond a reasonable doubt, regardless of whether evidence was obtained by the use of confidential sources.

On the other hand, where confidential sources testify, as they did here, their testimony must be examined with greater scrutiny than the testimony of an ordinary witness. You should consider whether the confidential sources received any benefits or promises from the Government which would motivate them to testify falsely against the Defendant. For example, they may believe that they will only continue to receive these benefits if they produce evidence of criminal conduct.

If you decide to accept their testimony, after considering it in the light of all the evidence in the case, then you may give it whatever weight, if any, you find it deserves.

## Expert Testimony

You have heard testimony from what we call expert witnesses,

14

Lisa Palluconi (Iran sanctions program expert), Mark Dubowitz (Iran and Iranian sanctions expert), Anush Djahanbani (foreign language expert - Farsi), and Bulent Bulut (foreign language expert - Turkish). An expert is allowed to express his or her opinion on matters about which he or she has specialized knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his or her opinions, his or her reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether to believe a witness' testimony. You may give expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept this witness' testimony merely because he or she is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

## Direct and Circumstantial Evidence

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony by a

15

witness about what that witness personally experienced through his or her own senses -- i.e., something seen, felt, touched, heard or tasted.  Direct evidence may also be in the form of an exhibit where the fact to be proven is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.  There is a simple example of circumstantial evidence as follows:

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella that was dripping wet.  Then a few minutes later another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But on the combination of facts which I have asked you to assume, it would be reasonable for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact. The matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a

16

logical, factual conclusion which you might reasonably draw from other facts that have been proved.

Circumstantial evidence is of no less value than direct evidence; the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on all the evidence presented.

### Foreign Evidence Admitted

You have heard testimony about evidence that was recovered as a result of a foreign (Turkish) investigation. This evidence was properly admitted in this case and may be properly considered by you. Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the use of this evidence is entirely lawful.

However, it is up to you to decide the weight, if any, to be provided by any foreign evidence.

### Redaction of Evidentiary Items

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or recording was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reasons why the other part of it has been deleted.

### Substantive Counts

17

The Defendant is, as reflected in the summary of counts on pp 5-6 above, charged in what are referred to as two "substantive counts", i.e. as contrasted with the "conspiracy counts" as follows: Count Three charges the Defendant with the substantive offense of bank fraud and Count Five charges the Defendant with the substantive offense of money laundering.

For purposes of ease of your understanding (as should become clear)these instructions, I am starting with the substantive counts and then following with the conspiracy counts. Although, as you have heard, this is not the order in which the Counts are presented in the Indictment. The ordering of the Counts is of no legal significance in these instructions.

## Substantive Counts
## Bank Fraud: (Count Three of the Indictment)

Count Three charges that from at least in or about 2010, up to and including in or about 2015, the Defendant executed and attempted to execute a scheme to defraud one or more United States financial institutions, in particular HSBC Bank USA, Deutsche Bank Trust Company Americas, UBS Bank USA, BNY Mellon, Citibank, JP Morgan Chase Bank, Bank of America, and Wells Fargo Bank.

The Defendant, as noted, is also charged with the separate count of a conspiracy to commit bank fraud and you should bear in

18

mind that the law relating to bank fraud discussed here will also apply with regard to the conspiracy to commit bank fraud charged against Defendant, as will be explained when I discuss that alleged conspiracy.

**Elements of Bank Fraud**

To meet its burden of proof with respect to bank fraud, the Government prove beyond a reasonable doubt **three** essential elements which I will explain in detail.

**First Element of Bank Fraud**

The first element that the Government must prove beyond a reasonable doubt is that, the Defendant **(1)** executed or attempted to execute a scheme or artifice to defraud a bank,(i.e., HSBC Bank USA, Deutsche Bank Trust Company Americas, UBS Bank USA, BNY Mellon, Citibank, JP Morgan Chase Bank, Bank of America, and Wells Fargo Bank) or **(2)** executed or attempted to execute a scheme or artifice to obtain money owned by or under the custody and control of one or more of such banks by means of false or fraudulent pretenses, representations, or promises that were material to the scheme. Before I define these terms for you, let me explain that the Government needs to prove **either** that there existed a scheme or artifice to defraud a bank or that there was a scheme or artifice to obtain money, funds, credits or assets under the custody or control of that bank by means of fraudulent

19

pretenses, representations, or promises.  These two concepts are
not necessarily mutually exclusive.  If you find that either one
of these schemes or artifices or both existed, then the first
element of bank fraud is satisfied.  However, you must be
unanimous in your view as to the type of scheme or artifice that
existed.

I will now explain to you what these terms mean.

A "scheme or artifice" is simply a plan, device, or course
of conduct to accomplish an objective.

A "scheme to defraud" a bank is a pattern or course of
conduct designed to deceive a bank into releasing money or
property. It is a term that embraces all possible means --
however ingenious, clever, or crafty -- by which a person seeks
to gain some improper advantage.  For example, a scheme to
defraud can be accomplished through trickery, deceit, deception,
or swindle.  It includes intentional misrepresentation and false
suggestion, suppression, or concealment of the truth.

The second of the two types of scheme(s) mentioned above
includes one to obtain a bank's money by means of false or
fraudulent pretenses, representations, or promises.  The
Government must show that these false or fraudulent pretenses,
representations, or promises were directed at the bank with the
intention of deceiving it.  The misrepresentations may be

20

written, oral, or arise from a course of conduct intended to communicate false facts to the bank. The deceptive means that are prohibited are not limited to active misrepresentations or lies told to the bank. Just as affirmatively stating facts as true when the facts are not true may constitute a false representation, the law recognizes that false representation need not be based on spoken or written words alone. The deception may arise from the intentional omission or concealment of facts that make what was written, said, or done deliberately misleading.

False representations and pretenses must be "material." We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance. A "material" fact is one which reasonably would be expected to be capable of influencing a reasonable and prudent person relying on the statement in making a decision. That means if you find a particular statement of fact to have been untruthful, before you can find that statement or omission to be material, you must also find that the statement or omission was one that would have been capable of influencing a reasonable person in making such a decision. Actual reliance by the bank on the representation(s)is not required; it is sufficient if the misrepresentation is one that is capable of influencing the bank's decision and is intended to do so.

21

In order to establish the existence of a scheme, the
Government is not required to establish that the scheme actually
succeeded -- that is, that a schemer realized any gain from the
scheme or that the intended victim suffered any loss.  The issue
is whether there was such a scheme. Thus, it is not necessary for
the Government to prove that the scheme succeeded, just that the
scheme was devised and employed.

If you find that the Government has sustained its burden of
proof that a scheme to defraud a bank or to obtain money by false
pretenses did exist, as charged, you next should consider the
second element.

## Second Element of Bank Fraud

To meet its burden of proof with respect to the bank fraud,
the second element that the Government must prove beyond a
reasonable doubt is that the Defendant executed, attempted to
execute, or participated in the scheme knowingly, willfully and
with specific intent to defraud the bank or to obtain money owned
or possessed by the bank, or under the bank's custody or control.

To act with "intent to defraud" means to act willfully and
with intent to deceive.

The Government is not required to prove that the Defendant
intended permanently to deprive the banks of their property, or
that the banks suffered a loss, or that the Defendant personally

22

profited by his acts. It is sufficient if the Defendant intended through the scheme to defraud to obtain the use of the victims' money or property for a period of time, even if he ultimately intended to return it, or if the Defendant intended to obtain the use of the victims' money or property by deliberately depriving them of information that was material to their decision on how to use or invest their money or property.

If you find that the Defendant did not intend to deprive the banks of their property, or that the banks suffered no loss, or that the Defendant did not profit by his acts, you may consider this evidence in determining whether Defendant had the intent to defraud the banks.

To "participate" in a scheme to defraud means to associate oneself with it with a view and intent to make it succeed.

An act is done "knowingly" if it is done deliberately and purposefully, that is, a defendant's act must have been the product of his conscious objective rather than the product of a mistake or accident or mere negligence, carelessness or recklessness, or some other innocent reason.

"Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.

23

"Unlawfully" means simply contrary to law. A defendant need not have known that he or she was breaking any particular law or any particular rule. A defendant need only have been aware of the generally unlawful nature of his or her acts or plans.

**Third Element of Bank Fraud**

To meet its burden of proof with respect to bank fraud, the third and final element that the Government must also prove beyond a reasonable doubt is that the banks in question, i.e., HSBC Bank USA, Deutsche Bank Trust Company Americas, UBS Bank USA, BNY Mellon, Citibank, JP Morgan Chase Bank, Bank of America, and Wells Fargo Bank -- that is, the banks that were the subject of the scheme or artifice to defraud -- were, at the time of the execution or attempted execution of the fraudulent scheme, federally insured financial institutions. This simply means that the banks' deposits had to be insured by the U.S. Federal Deposit Insurance Corporation.

The Government need not show that the Defendant knew that the banks in question were federally insured to satisfy this third element.

**Money Laundering: (Count Five of the Indictment)**

The second substantive count is money laundering. Count Five of the Indictment charges the Defendant with unlawfully transporting (or attempting to transport) funds or monetary

24

instruments to or from the United States with an intent to promote certain criminal offenses, in violation of 18 U.S.C. § 1956(a)(2)(A). This crime is commonly called money laundering.

Title 18, United States Code, Section 1956(a)(2)(A) provides in pertinent part:

Whoever, transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place outside the United States or to a place in the United States from or through a place outside the United States with the intent to promote the carrying on of specified unlawful activity . . .[is guilty of an offense against the United States].

Apart from his alleged participation in substantive count of money laundering, the Defendant is also charged with the separate offense of a conspiracy to commit money laundering which will be discussed later on. You should bear in mind that the law relating to money laundering, i.e. the elements of money laundering discussed here, also apply with regard to the conspiracy to commit money laundering charged against Defendant.

In order to prove the Defendant guilty of money laundering, the Government must prove beyond a reasonable doubt the following **two elements** which I will describe in detail:

The **first** element that the Government must prove beyond a reasonable doubt is that the Defendant transported, transmitted or transferred or attempted to transport, transmit or transfer a

25

monetary instrument **or** funds from a place in the United States to
or through a place outside the United States or to a place in the
United States from or through a place outside the United States.

Second, that the Government must prove that the Defendant
did so with the intent to promote the carrying out of specified
unlawful activity.

**First Element of Money Laundering**

The first element which the Government must prove beyond a
reasonable doubt is that the Defendant transported, transmitted
or transferred or attempted to transport, transmit or transfer a
monetary instrument or funds from a place in the United States to
or through a place outside the United States or to a place in the
United States from or through a place outside the United States.

A "monetary instrument" includes, among other things,
currency or coin of the United States (e.g., U.S. dollars)or any
other country, travelers checks, cashier's checks, bank checks,
personal checks, investment securities, and other negotiable
instruments.

"Funds" refers to money or negotiable paper which can be
converted into currency.

"Transport" "transmit" and "transfer" are not words that
require definition; they are words that have an ordinary,
everyday meaning.  The Government need not prove that the

26

Defendant physically carried the funds or monetary instrument in order to prove that the Defendant is responsible for transporting or transmitting it. All that is required is proof that the Defendant caused the funds or monetary instrument to be transported, transmitted or transferred.

## Second Element of Money Laundering

The second element that the Government must prove beyond a reasonable doubt is that the Defendant acted with intent to promote the carrying out of "specified unlawful activity".

I instruct you, as a matter of law, that the term "specified unlawful activity" includes (i) bank fraud and conspiracy to commit bank fraud, as charged in Counts Three and Four respectively; and (ii) a conspiracy to violate the IEEPA as charged in Count Two.

To act knowingly and intentionally means to act deliberately and purposefully, not by mistake or accident, with the deliberate purpose of promoting, facilitating or assisting the carrying on of the specified unlawful activity, namely here, (i) bank fraud and/or bank fraud conspiracy; and (ii)a conspiracy to violate the IEEPA.

## Aiding and Abetting the Substantive Offenses of Bank Fraud (Count Three) and Money Laundering (Count Five)

With respect to the substantive bank fraud charge (Count

27

Three)and the substantive money laundering charge (Count Five), I also need to instruct you about what is called "aiding and abetting" the commission of those crimes.

Aiding and abetting is an alternative theory on which somebody can be convicted of a substantive crime.  In other words, you may also find Defendant guilty of the bank fraud and/or money laundering if you find that he aided and abetted the commission of those crimes.

The aiding and abetting statute, section 2(a) of Title 18 of the United States Code, provides that:

> "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

Under the aiding and abetting statute, it is not necessary for the Government to show that Defendant himself personally committed the bank fraud or money laundering with which he is charged in order for you to find him guilty.

A person who aids, abets, counsels, commands, induces or procures another to commit an offense is just as guilty of that offense as if he committed it himself.  Accordingly, you may find Defendant guilty of the substantive crime of bank fraud or money laundering if you find beyond a reasonable doubt that the Government has proved that another person actually committed the

28

crime, and that Defendant knowingly aided and abetted that person in the commission of either of those offenses.

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal act of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether Defendant aided or abetted the commission of that crime. In order to aid or abet another to commit a crime, it is necessary that Defendant wilfully and knowingly associated himself in some way with the crime, and that he wilfully and knowingly and with the specific intent required for commission of the substantive crime seeks by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally and with the specific intention to do something that the law forbids, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of the Defendant where a crime is being committed, even coupled with knowledge by the Defendant that a crime is being committed, or the mere acquiescence by the

Defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture.  You may not infer that the Defendant was guilty of participating in criminal conduct merely from the fact that he associated with another person who was guilty of wrongdoing.

To determine whether Defendant aided or abetted the commission of bank fraud or money laundering, ask yourself these questions:

-- Did he participate in the crime charged as something he wished to bring about?

-- Did he associate himself with the criminal venture knowingly and wilfully and with the specific intent to commit the crime?

-- Did he seek by his actions to make the criminal venture succeed?

If the Defendant did, then he is an aider and abettor and therefore guilty of the offense.  If he did not, then he is not an aider and abettor, and is not guilty of that offense.

### Conspiracy Counts (charged in Counts One, Two, Four and Six)

Defendant is also charged with or in four conspiracy counts. The Defendant is charged with participating in conspiracies to (i) violate federal statutes that make it unlawful to defraud the

30

United States; (ii) violate the International Emergency Economic Powers Act; (iii) commit bank fraud; and (iv) commit money laundering. Each of four the conspiracy counts will be discussed in some detail below. It may be helpful to you to read through the Indictment when considering these counts.

A conspiracy to commit a crime is an entirely separate and different offense from the substantive crime or crimes that may be the objective of the conspiracy. The essence of the crime of conspiracy is an agreement or understanding to violate the law. Thus, a conspiracy may exist, even if it should fail in its purposes.

Consequently, in a conspiracy, there is no need to prove that the crime or crimes that were the objective(s) of the conspiracy were actually committed. The point is that the crime or crimes that were the objective(s) of the conspiracy need not have been actually committed for a conspiracy to exist. So, for example, even if you do not find that the Defendant committed the substantive count of bank fraud, you may still find him guilty of committing the alleged conspiracy to commit bank fraud.

### Conspiracy to Defraud the United States: (Count One of the Indictment)

The first conspiracy count charges that from at least in or about 2010, up to and including in or about 2015, the defendant

31

agreed with others to impair, impede, and obstruct the lawful and legitimate governmental functions and operations of the U.S. Department of the Treasury.

With regard to Count One, Title 18, United States Code, Section 371 provides as follows:

> If two or more persons conspire ...to defraud the United States ... and one or more of such persons do any act to effect the object of the conspiracy, each [is guilty of an offense against the United States].

### Conspiracy:  Elements of Conspiracy

To sustain its burden of proof with respect to the crime of conspiracy to defraud the United States, the Government must separately prove beyond a reasonable doubt the following two elements as to each conspiracy:

First, the existence of the conspiracy charged -- that is, with respect to Count One of the Indictment, the existence of an agreement or understanding to impair, impede, obstruct, or defeat the lawful and legitimate governmental functions and operations of the United States Department of the Treasury.

Second, that the Defendant knowingly and willfully became a member of that conspiracy; and

In addition, with respect to the conspiracy charged in Count One of the Indictment, the conspiracy to defraud the United States, the Government must also prove beyond a reasonable doubt

32

a third element as follows,

Third, that some member of the conspiracy -- not necessarily
the Defendant -- knowingly committed at least one overt act in
furtherance of the conspiracy during the life of the conspiracy.

Now let us separately consider these three elements in the
Count One conspiracy.

### Element One - Existence of the Conspiracy

What is a conspiracy?  A conspiracy is a combination,
agreement, or an understanding of two or more persons to
accomplish by concerted action a criminal or unlawful purpose.
In the first conspiracy, the conspiracy to defraud the United
States, the unlawful purpose alleged to have been the object of
the conspiracy charged in Count One was to impair, impede, or
obstruct the lawful and legitimate governmental functions and
operations of the United States Department of Treasury by deceit,
craft, or trickery, or means that are dishonest.

The gist or the essence of the crime of conspiracy is the
unlawful combination or agreement to violate the law.  The
conspiracies alleged here are the agreements to commit certain
crimes, and they are entirely distinct and separate offenses from
the actual commission of any of the alleged crimes.  In order to
show that a conspiracy existed, the evidence must show that two
or more persons, in some way or manner, through any contrivance,

33

explicitly or implicitly, came to an understanding to violate the law and to accomplish an unlawful plan.

To show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details. Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to the unexpressed understanding. It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

It is sufficient if two or more persons, in some way or manner, formally or informally, impliedly or tacitly come to a common understanding, a common plan that will violate the law.

In determining whether there has been an unlawful agreement, as alleged, you may consider the alleged acts and the conduct of the alleged co-conspirators that were done to carry out the criminal purpose.  The adage, "Actions speak louder than words" applies here.  Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators.  When taken all together and considered as a whole, those acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof.

34

So, you must first determine whether or not the proof
established beyond a reasonable doubt the existence of the
conspiracies as charged in the Indictment. In considering this
first element, you should consider all the evidence which has
been admitted with respect to the conduct and statements of each
alleged co-conspirator and such inferences as may be reasonably
drawn from them. It is sufficient to establish the existence of
the conspiracy, if, from the proof of all the relevant facts and
circumstances, you find beyond a reasonable doubt that the minds
of  two alleged co-conspirators met in an understanding way to
accomplish, by the means alleged, at least one of the unlawful
objectives of the conspiracy.

## Objects Of The Conspiracy

The objects of a conspiracy are the illegal goals the co-
conspirators agree or hope to achieve. Count One charges that
the goal or object of the conspiracy was to impair, impede, or
obstruct the lawful and legitimate governmental functions and
operations of the United States Treasury in its enforcement of
economic sanctions laws and regulations against Iran administered
by that agency.

In order to find that the Defendant "impaired, impeded, or
obstructed" a legitimate governmental function, you must find
beyond a reasonable doubt that the object of the conspiracy was

35

to interfere with or obstruct one of the United States' lawful

governmental functions by deceit, craft or trickery, or by means

that are dishonest. The specific intent to obstruct includes

making it more difficult for the government to carry out its

lawful functions and that the scheme depend on dishonest or

deceitful means. Actual contact between the Defendant and an

official of the United States Government is not an element of the

crime, nor is it necessary for you to find that the Government

was subjected to any loss of money or property as a result of the

conspiracy. It also is not necessary for you to find that the

impairment violated any separate law. What is required is that

the object of the conspiracy was to interfere with or obstruct

one of the United States lawful governmental functions by deceit,

craft or trickery, or by means that are dishonest.

As I will explain to you in more detail when we come to

Count Two, the United States has imposed economic sanctions or

legal restrictions, on trade and transactions involving the

Islamic Republic of Iran. The United States Department of

Treasury administers and enforces these laws, including two

offices called the Office of Foreign Assets Control, often

referred to by its initials "OFAC", and the Office of Terrorism

and Financial Intelligence.

I instruct you, as a matter of law, that the administration

of the economic sanctions against the Islamic Republic of Iran constitutes a legitimate function of the Government of the United States.

## Element Two - Membership in the Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, you must next determine whether the Defendant has been shown beyond a reasonable doubt to have participated in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives.

To satisfy its burden, the Government must prove beyond a reasonable doubt that the defendant knowingly, willfully and unlawfully entered into the conspiracy, i.e. into the agreement; and that he did so with a criminal intent, that is, with a purpose to violate the law; and that he agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives.

I have previously defined the terms "knowingly," "willfully" and "unlawfully". Those definitions apply here.

Before a defendant can be found to have been a conspirator, you must first find that he or she knowingly joined in the unlawful agreement or plan. The key question is whether the Defendant joined the conspiracy with an awareness of at least

37

some of the basic aims and purposes of the unlawful agreement.

Knowledge is often a matter of inference from the proven facts.  We cannot look into a person's mind and know what that person is thinking.  It is not necessary that a defendant be fully informed as to all the details of the conspiracy in order to justify an inference of guilty knowledge on his or her part. To have knowledge of a conspiracy, a defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants.  Nor is it necessary that a defendant know every other member of the conspiracy.  In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator.  Nor is it necessary that a defendant receive any monetary benefit from participating in the conspiracy or have a financial stake in the outcome so long as he, in fact, participated in the conspiracy in the manner I have explained. If you find that the Defendant had a financial stake in the outcome of the alleged conspiracy, then you may consider that as a factor in deciding whether he was a member of the conspiracy.

For the co-conspirators to have acted with the specific intent to deceive or defraud means that they must have known of the fraudulent nature of the scheme and acted with the intent that it succeed.  In other words, to act with an intent to defraud means to act knowingly and with a specific intent to

38

deceive, ordinarily -- but not necessarily -- for the purpose of causing some loss to another, or to bring some gain to oneself.

It is not required that the Government show that the co-conspirators, in addition to knowing what they were doing and deliberately doing it, also knew that they were violating some particular federal statute.  But the co-conspirators must have acted with the intent to help carry out some essential step in the execution of the scheme to defraud that is alleged in the Indictment.

The question of a co-conspirator's intent is a question of fact that you are called upon to decide, just as you determine any other fact at issue.  Intent to defraud involves the state of a person's mind and the purpose with which he acted at the time the acts in question occurred.  Direct proof of knowledge and fraudulent intent is almost never available, and is not required to find that such proof existed.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.  Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his or her words, his or her conduct, his or her acts, and all the surrounding

39

circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.  Circumstantial evidence, if believed, is as noted of no less value than direct evidence.

Relevant in this regard may be the conduct of the persons you find to be members of the conspiracies charged, which, in light of the other evidence in the case, may tend to prove knowledge, intent or willfulness.  Thus, for example, you may consider as relevant any conduct engaged in by the co-conspirators which has the effect of concealing their activities, including false statements made to others concerning material facts; or false notations in reports or other documents submitted to others concerning material facts; all are conduct from which willfulness may be inferred.  On the other hand, you may consider any evidence that the co-conspirators engaged in certain activities openly and without an attempt to conceal, or voluntarily and honestly brought their full involvement to light, as evidence of a lack of willfulness.

The duration and extent of a defendant's participation in a conspiracy has no bearing on the issue of a defendant's guilt.  A defendant need not have joined the conspiracy at the outset.  A defendant may have joined it for any purpose at any time in its progress, and that defendant will still be held responsible for

40

all that was done before that defendant joined and all that was done during the conspiracy's existence while the defendant was a member. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

However, I want to caution you that the mere association by one person with one who is a conspirator does not make that person (i.e. the first person) a member of the conspiracy even when he or she knows that a conspiracy is taking place. Mere presence at the scene of a crime, even when coupled with knowledge that a crime is taking place, is not sufficient to support a conviction of that crime. In other words, knowledge without participation is not sufficient to convict a person of conspiracy. What is required or necessary is that the Defendant i.e. the alleged conspirator, participated in the conspiracy with knowledge of its unlawful purpose(s) and with an intent to aid in the accomplishment of its unlawful objective(s).

In sum, the Government has the burden to prove beyond a reasonable doubt that the Defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally

41

engaged, advised or assisted in them for the purpose of furthering an illegal undertaking.  The Government has the burden to prove beyond a reasonable doubt that the Defendant, thereby, became a knowing and willing participant in the unlawful agreements — that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

### Element Three – Overt Acts as to Conspiracy to Defraud the United States

With respect to (only) the Conspiracy to Defraud the United States as set forth in Count One of the Indictment, the Government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of the conspiracy to defraud the United States, as set forth in Count One of the Indictment by at least one of the co-conspirators and was committed in the Southern District of New York.  I instruct you as a matter of law that Manhattan falls within the geographic boundaries of the Southern District of New York.

42

The purpose of the "overt act" requirement in Count One of
the Indictment is that the law requires there to have been
something more than mere agreement to reach a conviction of
conspiracy. There must also be some overt act or action that
must have been taken by at least one of the conspirators in
furtherance of the conspiracy. If you find that an overt act has
been committed, you must be unanimous as to which act it was.
You must find that the Government has proven beyond a reasonable
doubt that one of the members of the charged conspiracy — not
necessarily the Defendant in this case — took some step or action
in furtherance of the conspiracy in the Southern District of New
York at some point in time during the life of the conspiracy.   In
determining whether an overt act occurred within the Southern
District of New York, you need not find that any co-conspirator
was physically present within this District, so long as you find
that some overt act in furtherance of the conspiracy occurred
within the District.

The overt act element is a requirement that the agreement
went beyond the mere talking stage, the mere agreement stage.
The requirement of an overt act is a requirement that some action
be taken during the life of the conspiracy by one of the co-
conspirators to further the conspiracy.

You are further instructed that the overt act need not have

43

been committed at precisely the time alleged in the Indictment. It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated, as long as it occurred while the conspiracy was still in existence.

You should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act loses its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.

### Conspiracy:  Time of Conspiracy

The Indictment charges that the conspiracy charged in Count One (and for that matter, in Counts Two, Four and Six) occurred from at least in or about 2010, up to and including in or about 2015. It is not essential that the Government prove that the conspiracies started and ended on those specific dates.  Indeed, it is sufficient if you find that, in fact, the charged conspiracy was formed and that they existed for some time within the period set forth in the Indictment, and with respect to Count One, that at least one overt act occurred in the conspiracy to defraud the United States, and that it was committed in furtherance of the charged conspiracy within that period.

### Conspiracy to Violate a License, Order, Regulation, or Prohibition Issued Pursuant to the International Emergency Economic Powers Act ("IEEPA"): (Count Two of the Indictment)

44

Count Two of the Indictment charges the Defendant with participating in a conspiracy from at least in or about 2010 up to and including in or about 2015, to violate a license, order, regulation, or prohibition issued pursuant to the International Emergency Economic Powers Act, otherwise known as IEEPA.  Under the authority of the IEEPA, among other things, the United States has adopted certain restrictions called economic sanctions on transaction with or involving the Islamic Republic of Iran. Among other things, these sanctions prohibit causing the export of a service directly or indirectly to Iran or the Government of Iran from the United States or by the United States person. In addition, during the relevant time period, the sanctions allowed penalties against foreign financial institutions with bank accounts in the United States if those foreign financial institutions violated certain rules on assisting transactions with or for the benefit of Iran.

I have already instructed you as to what a conspiracy is and how you should go about determining whether one existed and whether the Defendant knowingly joined and participated in it. Those same principles apply to Count Two as they did to Count One.  No overt act is required for this conspiracy count.

As I have stated, the object of the conspiracy charged in

Count Two is the violation of IEEPA.  A violation of IEEPA has itself the following elements:

First, the violation of any license, order, regulation, or prohibition issued pursuant to IEEPA;

Second, that the violation was committed willfully; and

Third, that the Office of Foreign Assets Control (OFAC) had not issued a license to engage in the charged transactions.

As I have mentioned, you need not find that a substantive violation of the IEEPA actually occurred, only that the Defendant knowingly and willfully participated in a conspiracy to engage in conduct that would have violated the IEEPA.

### License, Order, Regulation, or Prohibition

In order to prove that the Defendant conspired to commit an IEEPA offense, the Government must prove that the Defendant agreed with others to violate a license, order, regulation, or prohibition issued pursuant to IEEPA.  I instruct you that the following orders, regulations, and prohibitions were in effect at all times relevant to Count Two:

**First**, orders, regulations, or prohibitions issued pursuant to the IEEPA provided that the exportation, reexportation, sale, or supply, directly or indirectly, from the United States, or by a United States person, wherever located, of any goods, technology, or services to Iran, or the Government of Iran is

46

prohibited, unless the transaction was for the export of agricultural commodities, medicine, and medical devices, or was authorized by a license from OFAC. In this regard, I instruct you that the execution of dollar denominated money transfers from the United States on behalf of another, whether or not performed for a fee, constitutes the exportation of a service. Services may be provided indirectly, for example, if funds are transferred to Iran or on behalf of an Iranian person or business through an intermediary, or if they are transferred to a third party for the benefit of or on behalf of the Government of Iran, or if they are transferred to a third party acting as an agent of the Government of Iran.

The "Government of Iran" means the state and the Government of the Islamic Republic of Iran, as well as any political subdivision, agency or instrumentality of the government of the Islamic Republic of Iran, including the Central Bank of Iran and the National Iranian Oil Company (NIOC). The Government of Iran also includes any entity or business owned or controlled, directly or indirectly, by the Government Of Iran and any person acting or purporting to act, directly or indirectly, for or on behalf of the Government of Iran.

**Second**, orders, regulations, or prohibitions issued pursuant to IEEPA prohibited any transaction that evades or avoids, has

47

the purpose of evading or avoiding, causes a violation of, or attempts to violate any of the prohibitions I have just described as well as any conspiracy formed to violate any of those prohibitions.

**Third**, orders, regulations, or prohibitions issued pursuant to the IEEPA required the U.S. Secretary of the Treasury to prohibit a foreign financial institution's use of correspondent banking accounts or so-called payable-through bank accounts in the United States, or to impose strict conditions on the use of correspondent banking accounts or payable-through accounts in the United States, if the foreign financial institution knowingly conducted or facilitated certain types of financial transactions with Iran or for the benefit of the Government of Iran.

Beginning on July 31, 2012, the U.S. Secretary of the Treasury was required to impose sanctions against any person if there was a determination that the person materially assisted, sponsored, or provided financial, material, or technological support for, or goods or services in support of NIOC (National Iranian Oil Company), NICO (Naftiran Intertrade Company), or the Central Bank of Iran, or the purchase or acquisition of United States bank notes or precious metals by the Government of Iran.

Beginning on February 6, 2013, the U.S. Secretary of the Treasury was required to impose sanctions against foreign

financial institutions if the foreign financial institutions knowingly conducted or facilitated any financial transaction with respect to the sale or purchase of petroleum or petroleum products to or from Iran unless the funds were used only for bilateral trade between the foreign country and Iran, with any funds owed to Iran deposited in an account within that foreign country, and unless the transaction was for the export of agricultural commodities, medicine, and medical devices.

Beginning on July 1, 2013, the U.S. Secretary of the Treasury was required to impose sanctions against any person if there was a determination that the person who sold, supplied, or transferred, directly or indirectly, precious metals directly or indirectly to or from Iran.

**Fourth**, any transaction which avoided, had the purpose of avoiding, caused a violation of, or attempted to violate any of the prohibitions I have described above, or any conspiracy formed to violate any of the prohibitions, was prohibited.

Under this last (fourth) provision, the Government must establish that the conspirators agreed to engage in transaction for the purpose of avoiding the prohibition.  It is not necessary for the Government to prove that the conspirators' only reason for agreeing to engage in the transaction was to avoid the prohibition.  It is sufficient if it was a dominant reason for

49

the conspirators to have agreed to engage in the transaction.  By
the same token, it is not necessary for the foreign financial
institution to have been sanctioned before the conspirators
agreed to engage in the transaction for the purpose of evading or
avoiding the prohibitions that could result in the imposition of
sanctions.  It is sufficient if the conspirators believed that
the sanctions could be imposed and acted in that belief in
agreeing to engage in a transaction or transactions designed to
avoid the imposition of those sanctions.  In other words,
avoiding the imposition of sanctions by unlawfully concealing the
true nature of a transaction would violate the prohibition on
evading or avoiding the prohibition.

The second element of an IEEPA violation is that the
Defendant acted willfully.  A Defendant acted willfully if he
acted intentionally and purposefully with the intent to do
something the law forbids, that is, with bad purpose to disobey
or to disregard the law - - here to violate the U.S. "embargo" on
certain transactions with Iran.  However, the Government does not
need to prove that the Defendant was aware of the specific law or
rule that his conduct would violate.  The Defendant does not have
to know that his conduct would violate a particular law,
executive order or federal regulation, but he must act with the
bad purpose to disobey or to disregard the law.

The third element that the Government must prove to
establish an IEEPA violation is that at the time of the
transactions at issue, the Defendant had not obtained a license
to conduct such transactions from the Department of the
Treasury's Office of Foreign Assets Control or OFAC.

## No Overt Act Requirement

Unlike in the case of the Count One conspiracy, where, as I
have said, an overt act must be proven, it is not necessary for
the Government to prove the commission of any overt act in
furtherance of the conspiracy to violate IEEPA in Count Two, as
long as the Government proves that the conspiracy charged in
Count Two existed and that the Defendant was a knowing and
intentional member of that conspiracy.

## Good Faith Exception with respect to IEEPA Conspiracy

A defendant's conduct is not willful if it was the result of
a good faith understanding that he was acting within the
requirements of the law. A defendant may not be held liable for a
violation of IEEPA if the defendant acted (or chose not to act)
in a good faith belief that he was complying with the licenses,
orders, regulations, or prohibitions issued pursuant to IEEPA.

In other words, if you find that the Defendant acted in good
faith, then he may not be convicted of a conspiracy to violate
IEEPA.

51

**Bank Fraud Conspiracy: (Count Four of the Indictment)**

Count Four of the Indictment charges the Defendant with participating in a conspiracy to commit bank fraud.  In summary, Count Four charges that, from at least in or about 2010, up to and including in or about 2015, the Defendant agreed with others to execute a scheme to defraud a United States financial institution, namely HSBC Bank USA, Deutsche Bank Trust Company Americas, UBS Bank USA, BNY Mellon, Citibank, JP Morgan Chase Bank, Bank of America, and Wells Fargo Bank.

I have already instructed you as to what a conspiracy is and how you should go about determining whether one existed and whether the Defendant knowingly joined and participated in it. Those same principles apply to Count Four as they did to Counts One and Two.  It is not necessary, in a bank fraud conspiracy, for the Government to prove an overt act was committed.

The object of the conspiracy charged in Count Four is bank fraud, in violation of Title 18, United States Code, Section 1344.  I have already explained the elements of bank fraud when discussing Count Three.  You should rely on those instructions in connection with Count Four as well.

**Money Laundering Conspiracy: (Count Six of the Indictment)**

I turn now to the money laundering conspiracy charged in Count Six. I have already instructed you as to what a conspiracy

52

is and how you should go about determining whether one existed
and whether the Defendant knowingly joined and participated in
it. Those same principles apply to Count Six. It is not
necessary, in a money laundering conspiracy, for the Government
to prove an overt act was committed.

The object of the conspiracy charged in Count Six is money
laundering, in violation of Title 18, United States Code, Section
1956(a)(2)(A). I have already explained the elements of money
laundering when discussing Count Five. You should rely on those
instructions in connection with Count Six as well.

I remind you that the crime of conspiracy to violate a
federal law is an independent offense. It is separate from the
actual violation of any specific federal laws. You may find the
Defendant guilty of the crime of conspiracy to commit money
laundering even if you find that the money laundering itself -
that was an object of the conspiracy - was not actually
committed.

## Conscious Avoidance

With respect to the conspiracy counts, I have talked to you
about the concept of knowledge. I need to say one more thing
about that concept.

In determining whether the Defendant acted with the
necessary knowledge, you may consider whether the Defendant

deliberately closed his eyes to what otherwise would have been
clear.  I have told you before that acts done knowingly must be a
product of a defendant's conscious intention, not the product of
carelessness or negligence.  A person, however, cannot willfully
blind himself to what is obvious and disregard what is plainly
before him.  A person may not intentionally remain ignorant of
facts that are material and important to his conduct in order to
escape the consequences of criminal law.

If you find beyond a reasonable doubt that the Defendant
intentionally participated in a conspiracy, but that the
Defendant deliberately and consciously avoided learning or
confirming certain facts about the specific objectives of the
conspiracy, then you may infer from his willful and deliberate
avoidance of knowledge that the Defendant understood the
objectives or goals of the conspiracy.

We refer to this notion of blinding yourself to what is
staring you in the face as "conscious avoidance".  An argument of
conscious avoidance however, is not a substitute for proof.  It
is simply another fact you may consider in deciding what the
Defendant knew.

There is a difference between knowingly participating in a
conspiracy, on the one hand, and knowing the object or objects,
or the purpose or purposes, of the conspiracy on the other.

54

Conscious avoidance cannot be used as a substitute for finding that the Defendant knowingly joined the conspiracy, that is, that the Defendant knew that he was becoming a party to an agreement to accomplish an alleged illegal purpose. It is, in fact, logically impossible for a defendant to join a conspiracy unless he knows the conspiracy exists. The Defendant must know that the conspiracy is there.

However, in deciding whether the Defendant knew the objectives of the conspiracy, you may consider whether the Defendant was aware of a high probability that an objective of the conspiracy was to commit the crime or crimes charged as the object of the conspiracy and nevertheless participated in the conspiracy. You must judge from all the circumstances and all the proof whether the Government did or did not satisfy its burden of proof beyond a reasonable doubt.

So, in other words, if you find that the Defendant was aware of a high probability that a fact was so, and that the Defendant acted with deliberate disregard of the facts, you may find that the Defendant acted knowingly. However, if you find that the Defendant actually believed the fact was not so, then he may not have acted knowingly with respect to whatever charge you are considering.

## Multiple Counts

As I noted at the beginning, the Defendant is charged in six counts of the Indictment.  Each count charges the Defendant with a different crime.  You must consider each count of the Indictment separately, and you must return a separate verdict on each count.  The case on each count stands or falls upon the proof or lack of proof on that count.  Your verdict on any count should not control your decision on any other count.

### Venue

In addition to all of the elements I have described, with respect to each count charged in the Indictment, you must consider the issue of venue, namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York.  The Southern District of New York includes Manhattan.

If the crime charged was committed in more than one district, venue is proper in any district in which the crime was begun, continued or completed.  Thus, venue will lie in the Southern District of New York if you find that any part of the crime took place here.

The Government's burden of proof with respect to establishing venue under each count of the Indictment is by a preponderance of the evidence.  To prove something by a preponderance of the evidence means to prove that something is

more likely true than not true. It is determined by considering all the evidence and deciding which evidence is more convincing. If the evidence appears to be equally balanced, or if you cannot say on which side it weighs heavier, you resolve the question of venue against the Government.

If you find that venue has not been proven, then you must find the Defendant not guilty as to that count.

## Publicity

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions. You must disregard completely any report that you may have read in the press, seen on television or the internet, or heard on the radio, assuming there were any. Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity to contradict their accuracy or otherwise address them.

In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

## Preparation Of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, you should keep in mind that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without having such a consultation beforehand.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

### Stipulations Of Testimony

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given to that testimony.

### Use of Recordings and Transcripts

58

Recordings of conversations and transcripts of those
recordings have been admitted into evidence.  In connection with
these recordings, you heard testimony that parts, if not all, of
the conversations were in Turkish.  For that reason, it was
necessary to obtain translations of those conversations into
English.  These transcripts were admitted into evidence.
Remember that the jury is the ultimate fact-finder and, as with
all of the evidence, you may give the transcripts such weight, if
any, as you believe they deserve.

### Defendant's Testimony

The defendant in a criminal case never has any duty to
testify or come forward with any evidence.  This is because, as I
have told you, the burden of proof beyond a reasonable doubt
remains on the Government at all times, and the defendant is
presumed innocent.  In this case, the Defendant did testify and
he was subject to cross-examination like any other witness.  You
should examine and evaluate the testimony of the Defendant just
as you would the testimony of any witness.

### Punishment Is Not To Be Considered By The Jury

In determining whether the Government has proven the charges
beyond a reasonable doubt, you should not consider the question
of possible punishment in the event you were to find the
Defendant guilty on one or more counts.  Under our system,

sentencing or punishment is exclusively the function of the
court. It is not your concern and you should not give any
consideration to that issue in determining what your verdict will
be.

## Charts, Summaries and Drawings

Some charts, summaries and drawings were shown to you to
make the other evidence more meaningful and to aid you in
considering the evidence. They are no better than the testimony
or the documents upon which they are based, and are not
themselves independent evidence. Therefore, you are to give no
greater consideration to these charts, summaries or drawings than
you would give to the evidence upon which they are based.

It is for you to decide whether the charts, summaries or
drawings correctly present the information in the testimony or
the documents on which they were based. You are entitled to
consider the charts, summaries and drawings if you find that they
are of assistance to you in analyzing the evidence and
understanding the evidence.

## Evidence Obtained Pursuant To Search

You have heard testimony about evidence that was seized in
various searches. Evidence obtained from these searches was
properly admitted in this case and may be properly considered by
you. Whether you approve or disapprove of how it was obtained

60

should not enter into your deliberations because I now instruct
you that the Government's and the Defense's use of this evidence
is entirely lawful.

## Sympathy: Oath As Jurors

Under your oath as jurors you are not to be swayed by
sympathy. You are to be guided solely by the evidence in the
case, and the crucial question that you must ask yourselves as
you sift through this evidence is: Has the Government proven its
case beyond a reasonable doubt? You are to determine this solely
on the basis of the evidence and subject to the law as I have
charged you.

## Law Enforcement Witnesses

You have heard the testimony of various members or past
members of law enforcement. The fact that a witness may be
employed by the Government, as a law enforcement official or
employee does not mean that his or her testimony is necessarily
deserving of more or less consideration or greater or lesser
weight than that of an ordinary witness.

At the same time, it is quite legitimate for counsel to try
to attack the credibility of a law enforcement witness on the
grounds that his or her testimony may be colored by a personal or
professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence,

whether to accept the testimony of the law enforcement or Government employee witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

### Right To See Exhibits and Hear Testimony

Now, ladies and gentlemen, you are about to go into the jury room and begin your deliberations. All of the evidence and exhibits will be given to you at the start of deliberations. If you want any of the testimony read back or a recording exhibit played, you may also request that. Please remember that if you do ask for testimony, the reporter must search through his or her notes and the lawyers must agree on what portions of testimony may be called for, and if they disagree I must resolve those disagreements. That can be a time-consuming process. So please try to be as specific as you possibly can in requesting portions of the testimony, if you do.

Your requests for testimony — in fact any communication with the Court — should be made to me in writing, signed by your **foreperson**, and given to one of the Marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a verdict is reached.

Many of you have taken notes during parts of the trial. Please recall my earlier instruction regarding note-taking.

62

Notes can be useful to focus a note-taker's attention, and may
aid the recollection of the note-taker but they are not evidence.
Notes should be used solely to refresh the note-taker's
recollection of the testimony, and are not a substitute for the
transcript of the testimony, which has been taken down verbatim
by the court reporter. And please remember that if notes were
taken of the lawyers' arguments, the lawyers' arguments are not
evidence.

### Duty to Consult and Need for Unanimity

The Government, to prevail, must prove the essential
elements of any crime charged beyond a reasonable doubt, as
already explained in these instructions. If it succeeds, your
verdict should be guilty; if it fails, your verdict should be not
guilty.

A verdict must be unanimous. Your verdict must represent
the considered judgment of each juror; whether your verdict is
guilty or not guilty, it must be unanimous.

Your function is to weigh the evidence in the case and
determine whether the Defendant is guilty or not guilty, solely
upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should,
however, exchange views with his or her fellow jurors. That is
the very purpose of jury deliberation — to discuss and consider

the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and entirely on the evidence — if you can do so without surrendering your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion that, after discussion with your fellow jurors, appears incorrect.

If, after carefully considering the evidence and the arguments of your fellow jurors, you hold a conscientious view that differs from the others, you are not required to change your position simply because you are outnumbered.

You final vote must reflect your conscientious belief as to how the issues should be decided.

### Selection of Foreperson

When you get into the jury room, before you begin your deliberations, you should select someone to be the foreperson. Your foreperson will preside over the deliberations and speak for you here in open court.  The foreperson has no greater voice or authority than any other juror.  The foreperson will send out any notes and, when the jury has reached a verdict, he or she will

notify the Marshal that the jury has reached a verdict.

## Return of Verdict

I will give you a verdict sheet form to be filled in by the jury.  The purpose of the question(s) on the form is to help us - - the Court and counsel -- to understand what your findings are. I will hand this form to the Clerk who will give it to you so that you may record the decision of the jury with respect to each question. The order of the questions corresponds to the order that the six counts were described in these instructions.

No inference is to be drawn from the way the questions are worded as to what the answer should be.  The questions are not to be taken as any indication that I have any opinion as to how they should be answered.  I have no such opinion, and even if I did, it would not be binding on you.

Before the jury attempts to answer any question, you should read all the questions and make sure that everybody understands each question.  Before you answer the questions, you should deliberate in the jury room and discuss the evidence that relates to the questions you must answer.  When you have considered the questions thoroughly, and the evidence that relates to those questions, record the answers to the questions on the form that I am giving you.  Remember, all answers must be unanimous.

## Conclusion

I have nearly finished with these charges and my instructions to you and I thank you again for your patience and attentiveness, over these past 3 plus weeks.

Now, I say this not because I think it is necessary but because it is the tradition of this Court. I remind the jurors to be polite and respectful to each other as I am sure you will be in the course of your deliberations so that each juror may have his or her position made clear to all the others. I also remind you once again that your oath is to decide without fear or favor and to decide the issues based solely on the evidence and my instructions on the law.

Thank you.

Richard M. Berman
U.S.D.J.

66