

**Victor J. Rocco**
**Partner**
Phone: 212.592.1422
Fax: 212.545.2333
vrocco@herrick.com

April 13, 2018

**BY ECF**

Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 17B
New York, NY 10007-1312

**Re:** United States v. Mehmet Hakan Atilla, S4 15 Cr. 867 (RMB)

Dear Judge Berman:

We write in response to the Court's Order dated April 10, 2018, by which the Court directed counsel for Mr. Atilla to provide answers to several questions in connection with Mr. Atilla's sentencing. *See* Order dated April 10, 2018 (Dkt. # 508).

*Question 1*

"How many times did Mehmet Hakan Atilla visit the United States on business during his career? And, how many times did he meet with U.S. officials at the U.S. Department of the Treasury in Washington, D.C.? Who, if anyone, from Turkey accompanied Mr. Atilla on these visits?"

**Response to Question 1**

Based on our review of Mr. Atilla's passports that were seized by the government (and produced to us during discovery) and of the trial record, we have identified 11 occasions on which Mr. Atilla has visited the United States on business during his career.

Mr. Atilla met with U.S. officials at the U.S. Department of the Treasury in Washington, D.C. on two of those 11 occasions, in March 2012 and in October 2014. In March 2012, Mr. Atilla accompanied Halkbank's then General Manager, Süleyman Aslan. (*See* 12/8/17 Tr. at 1108). In October 2014, Mr. Atilla accompanied Halkbank's then General Manager, Ali Fuat Taskesenlioglu, as well as the bank's Deputy General Manager for Treasury Management, Murat Uysal. (*See, e.g.,* 12/15/17 Tr. at 2125).

*Question 2*

"Who (name) is Mr. Atilla's Turkish Counsel? What is that person's firm affiliation? Did he or she ever represent Reza Zarrab?"



**Response to Question 2**

Mr. Atilla's Turkish counsel is Mr. Halil Uzun of the Istanbul-based firm Uzun Hukuk Bürosu, which in English is commonly referred to as Uzun Law. Neither Mr. Uzun nor his law firm have ever represented Reza Zarrab.

*Question 3*

"How long (dates) did Süleyman Aslan work at Halkbank? What position(s) did he hold at Halkbank?"

**Response to Question 3**

Based on Halkbank's Annual Report for 2013 (available at https://www.halkbank.com.tr/images/channels/English/investor_relations/financial_info/Annual_reports/Annual_reports_2013.pdf), Süleyman Aslan worked at Halkbank from approximately June 2005 until February 2014. The executive positions he held, according to this annual report, are provided in the chart below.

| Approximate Dates | Position at Halkbank |
|---|---|
| July 15, 2011 - February 7, 2014 | General Manager & Member of Board of Directors |
| June 17, 2005 - July 15, 2011 | Deputy General Manager for Treasury Management & International Banking |

The 2013 Annual Report states that Mr. Aslan also continued to serve as a member of its Board of Directors after February 7, 2014, but Mr. Aslan is not listed as a member of Halkbank's Board of Directors in its 2014 Annual Report (available at https://www.halkbank.com.tr/images/channels/English/investor_relations/financial_info/Annual_reports/Annual_reports_2014.pdf).

*Question 4*

"Please furnish a copy of the letter which the Turkish Consul sent to the U.S. Department of State on Mr. Atilla's behalf as described in the Defense letter, dated March 26, 2018 [#497] (pages 1-2)."

**Response to Question 4**

A copy of the requested letter, which is from the Turkish Embassy in Washington, D.C., is attached as Exhibit A.



*Question 5*

"What principles of "comity" is Defense Counsel referring to in its sentencing memorandum, dated March 26, 2018 [#498] (page 58)? Explain."

**Response to Question 5**

One of our arguments that a below-Guidelines sentence is appropriate is that despite the involvement of numerous large international banks in past large-scale sanctions violations no banker other than Mr. Atilla has ever been charged for such conduct, much less sent to prison. While the Court cannot change the charging decision of the U.S. Attorney's Office in this case, it can prevent further disparity in Mr. Atilla's treatment by ensuring that his sentence is fair, particularly in light of the leniency afforded the numerous large international banks and their employees, both foreign and U.S. citizens, who have violated sanctions.  We use the phrase "notions of comity" in connection with this argument only in the more general sense of the term "comity" as doing something that one is not obligated to do out of deference or good will, not as a term of art.

Respectfully submitted,

| HERRICK, FEINSTEIN LLP | FLEMING RUVOLDT PLLC |
|---|---|
| By:  /s/Victor J. Rocco | By:  /s/Cathy Fleming |
| Victor J. Rocco<br>Two Park Avenue<br>New York, New York  10016<br>(212) 592-1400 | Cathy Fleming<br>1700 Broadway, 28th Floor<br>New York, New York  10019<br>(212) 706-1850 |
| McDERMOTT WILL & EMERY LLP | LAW OFFICES OF JOSHUA L. DRATEL |
| By:   /s/ Todd Harrison | By:   /s/ Joshua L. Dratel |
| Todd Harrison<br>340 Madison Avenue<br>New York, New York  10173<br>(212) 547-5727 | Joshua Dratel<br>29 Broadway, Suite 1412<br>New York, New York  10006<br>(212) 571-3792 |

*Attorneys for Defendant Mehmet Hakan Atilla*



**TURKISH EMBASSY**
WASHINGTON, D.C.

2017/95505191-Vaşington BE/12976986 - URGENT

The Embassy of the Republic of Turkey presents its compliments to the U.S. Department of State and has the honor to communicate to the Latter the following:

Mr. Mehmet Hakan Atilla, Deputy Director General of the state-owned Halkbank was detained on March 27, 2017 at the JFK International Airport in New York, after attending investor meetings in Boston, Massachusetts.

Since then, both the Embassy and the Turkish Consulate General in New York tried to collect information on the possible reason for Mr. Atilla's detention. Regrettably however, the Embassy was not officially informed by the relevant U.S. authorities either of the reasons for his detention, or the indictment which was issued by the Office of the U.S. Attorney for the Southern District of New York.

The Embassy learned from the press reports that Mr. Atilla had been accused of being a member of a scheme and committing several crimes, allegedly while acting in his official capacity.

Foremost, the Embassy expresses its deep concern that neither it nor the Government in Ankara was provided advance notice of the alleged violations. To arrest Mr. Atilla, a government employee, while he was in the U.S. for business meetings unrelated to this matter, upends our longtime practice of prior consultation.

The Embassy notes with regret that the U.S. is prosecuting a government employee of an allied country for alleged acts occurring entirely outside of U.S. territory. The Embassy also recognizes that the indictment is inappropriate to the extent that it alleges that Mr. Atilla's conduct was undertaken in his official capacity.

Accordingly and without admitting or corroborating any of the conduct alleged in the above-mentioned indictment, the Embassy kindly requests the Esteemed Department's assistance for Mr. Atilla's urgent release.

The Embassy of the Republic of Turkey avails itself of this opportunity to renew to the U.S. Department of State the assurances of its highest consideration.

October 23, 2017

**U.S. Department of State**
Bureau of European and Eurasian Affairs
Office of Southern European Affairs (EUR/SE)